

4months, CLOSED

# U.S. District Court
## Northern District of Georgia (Atlanta)
## CIVIL DOCKET FOR CASE #: 1:06-cv-03130-JEC
### Internal Use Only

Anthem Leather, Inc. v. Kamino International Transport, Inc.
Assigned to: Judge Julie E. Carnes
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 12/27/2006
Date Terminated: 02/25/2008
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Anthem Leather, Inc.**          represented by **David M. Abercrombie**
Goodman McGuffey Lindsey & Johnson, LLP
2100 Tower Place
3340 Peachtree Road, N.E.
Atlanta, GA 30326-1084
404-926-4133
Fax: 404-264-1737
Email: dabercrombie@gmlj.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward H. Lindsey, Jr.**
Goodman McGuffey Lindsey & Johnson
3340 Peachtree Road, N.E.
2100 Tower Place
Atlanta, GA 30326-1084
404-264-1500
Email: elindsey@gmlj.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Kamino International Transport, Inc.**     represented by **Jeffrey L. Mapen**
Nelson Mullins Riley &
Scarborough-ATL
Suite 1700

ATTEST: A TRUE COPY
CERTIFIED THIS

APR 0 8 2008

James N. Hagen, Clerk
By: _____
Deputy Clerk

201 17th Street, N.W.
Atlanta, GA 30363
404-817-6157
Email: jeff.mapen@nelsonmullins.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel Wade Malone**
Nelson Mullins Riley &
Scarborough-ATL
Suite 1700
201 17th Street, N.W.
Atlanta, GA 30363
404-817-6257
Email:
wade.malone@nelsonmullins.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/27/2006 | ◑1 | COMPLAINT with Jury Demand filed by Anthem Leather, Inc.. Consent form to proceed before U.S. Magistrate and pretrial instructions provided. ( Filing fee $ 350.00 receipt number 559665.) (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Civil Cover Sheet)(epm) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 12/29/2006) |
| 01/16/2007 | ◑2 | Petition for Leave of Absence for the following date(s): January 8, 2007 through the end of the legislative session, by Edward H. Lindsey, Jr. (Attachments: # 1 Text of Proposed Order Leave of Absence)(Lindsey, Edward) (Entered: 01/16/2007) |
| 01/23/2007 | ◑3 | WAIVER OF SERVICE Returned Executed by Anthem Leather, Inc.. Kamino International Transport, Inc. waiver mailed on 1/12/2007, answer due 3/13/2007. (Abercrombie, David) (Entered: 01/23/2007) |
| 01/26/2007 | ◑4 | ORDER approving 2 Petition for Leave of Absence filed by Edward H. Lindsey, Jr. for the period of January 8, 2007 through the end of the Legislative Session. Signed by Judge Julie E. Carnes on 1/25/07. (ddm) (Entered: 01/26/2007) |
| 03/09/2007 | ◑5 | PROPOSED CONSENT ORDER EXTENDING TIME TO ANSWER COMPLAINT. (Mapen, Jeffrey) (Entered: 03/09/2007) |
| 03/12/2007 | ◑ | (Court only) ***Attorney Jeffrey L. Mapen for Kamino International Transport, Inc. added. (ddm) (Entered: 03/12/2007) |
| 03/15/2007 | ◑6 | ORDER TO EXTEND TIME TO ANSWER. Defendant Kamino International Transport, Inc. may have up to and including April 12, 2007 in which to respond, by answer, motion or otherwise, to the Complaint in this |

matter. Signed by Judge Julie E. Carnes on 3/14/07. (ddm) (Entered: 03/15/2007)

| 04/12/2007 | 7 | ANSWER to Complaint by Kamino International Transport, Inc..Discovery ends on 9/10/2007.(Mapen, Jeffrey) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 04/12/2007) |
|---|---|---|
| 04/12/2007 | 8 | Corporate Disclosures pursuant to Rule 7.1 by Kamino International Transport, Inc..(Mapen, Jeffrey) (Entered: 04/12/2007) |
| 04/12/2007 | 9 | DOCUMENT FILED IN ERROR MOTION to Dismiss *For Improper Venue or, in the Alternative, Motion to Transfer Venue* with Brief In Support by Kamino International Transport, Inc.. (Attachments: # 1 Exhibit 1# 2 Exhibit 2)(Mapen, Jeffrey) Modified on 4/13/2007 as attorney incorrectly e-filed multi-part motion. Motion has been terminated and redocketed at 10 . (ddm). (Entered: 04/12/2007) |
| 04/12/2007 |  | (Court only) ***Motions terminated: 9 MOTION to Dismiss *For Improper Venue or, in the Alternative, Motion to Transfer Venue* filed by Kamino International Transport, Inc., as attorney incorrectly e-filed multi-part motion. Motion has been refiled at 10 . (ddm) (Entered: 04/13/2007) |
| 04/12/2007 | 10 | REDOCKETED FROM #9 AS-- MOTION to Dismiss For Improper Venue, or in the alternative, MOTION to Transfer Venue by Kamino International Transport, Inc. (Attachments: # 1 Exhibit 1# 2 Exhibit 2)(ddm) (Entered: 04/13/2007) |
| 04/25/2007 | 11 | Corporate Disclosures pursuant to Rule 7.1 by Anthem Leather, Inc..(Abercrombie, David) (Entered: 04/25/2007) |
| 04/27/2007 | 12 | RESPONSE in Opposition re 10 MOTION to Dismiss for Improper Venue, or in the alternative, MOTION to Transfer Venue filed by Anthem Leather, Inc.. (Attachments: # 1 Exhibit 1 - Affidavit of Margaret Fontana)(Abercrombie, David) Modified on 4/30/2007 to correct docket text (ddm). (Entered: 04/27/2007) |
| 05/11/2007 |  | (Court only) ***Submission Deadline Terminated (ddm) (Entered: 05/11/2007) |
| 05/11/2007 | 13 | NOTICE of Appearance by Samuel Wade Malone on behalf of Kamino International Transport, Inc. (Malone, Samuel) (Entered: 05/11/2007) |
| 05/11/2007 | 14 | REPLY to Response to Motion re 10 MOTION to Dismiss for Improper Venue, or in the alternative, MOTION to Transfer Case filed by Kamino International Transport, Inc.. (Mapen, Jeffrey) Modified on 5/14/2007 to correct docket text (ddm). (Entered: 05/11/2007) |
| 05/25/2007 | 15 | NOTICE directing the parties to comply with LR 3.3, LR 26.1 and LR 16.2, by FRIDAY, 6/8/07. (kb) (Entered: 05/25/2007) |
| 06/01/2007 | 16 | Petition for Leave of Absence for the following date(s): 6/27/07 - 7/3/07, 7/12/07 - 7/22/07, 9/28/07 - 10/06/07, by Edward H. Lindsey, Jr. |

| 06/01/2007 | ➔17 | Initial Disclosures by Anthem Leather, Inc..(Abercrombie, David) (Entered: 06/01/2007) |
|---|---|---|
| 06/07/2007 | ➔18 | Joint Certificate of Interested Persons by Anthem Leather, Inc.. (Lindsey, Edward) (Entered: 06/07/2007) |
| 06/07/2007 | ➔19 | Joint PRELIMINARY REPORT AND DISCOVERY PLAN filed by Anthem Leather, Inc.. (Lindsey, Edward) (Entered: 06/07/2007) |
| 06/07/2007 | ➔ | Submission of 10 MOTION to Dismiss FOR Improper Venue, or in the alternative, MOTION to Transfer Case Venue, submitted to District Judge Julie E. Carnes. (ddm) (Entered: 06/07/2007) |
| 06/08/2007 | ➔20 | Initial Disclosures by Kamino International Transport, Inc..(Mapen, Jeffrey) (Entered: 06/08/2007) |
| 06/08/2007 | ➔21 | Request for Leave of Absence for the following date(s): 8/6/07 to 8/17/07, by Samuel Wade Malone. (kb) (Entered: 06/08/2007) |
| 06/18/2007 | ➔ | MINUTE ORDER (by docket entry only) APPROVING re 16 Leave of Absence of Edward H. Lindsey, Jr., for the period of 6/27/07 to 7/3/07;7/12-22/07 and 9/28/07 to 10/6/07, by direction of the Court on 06/18/07. Counsel is expected to comply timely with discovery obligations. Further, should any pleading become due during this period, counsel will be required to file a motion for extension of time as to that particular pleading, should counsel wish any extension.(kb) (Entered: 06/18/2007) |
| 06/18/2007 | ➔ | MINUTE ORDER (by docket entry only) APPROVING re 21 Leave of Absence of S. Wade Malone for the period of 8/6-17/07, by direction of the Court on 06/18/07. Counsel is expected to comply timely with discovery obligations. Further, should any pleading become due during this period, counsel will be required to file a motion for extension of time as to that particular pleading, should counsel wish any extension.(kb) (Entered: 06/18/2007) |
| 07/17/2007 | ➔22 | CERTIFICATE OF SERVICE *for Plaintiff's First Requests For Admission to Defendant* by Anthem Leather, Inc..(Abercrombie, David) (Entered: 07/17/2007) |
| 07/17/2007 | ➔23 | CERTIFICATE OF SERVICE *for Plaintiff's First Interrogatories to Defendant* by Anthem Leather, Inc..(Abercrombie, David) (Entered: 07/17/2007) |
| 07/17/2007 | ➔24 | CERTIFICATE OF SERVICE *for Plaintiff's First Request For Production Of Documents* by Anthem Leather, Inc..(Abercrombie, David) (Entered: 07/17/2007) |
| 07/31/2007 | ➔25 | DOCUMENT FILED IN ERROR-- Joint MOTION to Stay *Discovery Pending a Ruling on Defendant's Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue* with Brief In Support by |

| | | Kamino International Transport, Inc. (Attachments: # 1 Text of Proposed Order)(Mapen, Jeffrey) Modified on 8/1/2007 as attorney incorrectly e-filed multi-part motion. Motion has been terminated and redocketed at 26 . (ddm). (Entered: 07/31/2007) |
|---|---|---|
| 07/31/2007 | | (Court only) ***Motions terminated: 25 Joint MOTION to Stay *Discovery Pending a Ruling on Defendant's Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue* filed by Kamino International Transport, Inc., as attorney incorrectly e-filed multi-part motion. Motion has been redocketed at 26 . (ddm) (Entered: 08/01/2007) |
| 07/31/2007 | 26 | REDOCKETED FROM #25 AS - Joint MOTION to Stay Discovery Pending a Ruling on Defendant's Motion to Dismiss for Improper Venue, or in the alternative, MOTION to Transfer Venue by Kamino International Transport, Inc. (Attachments: # 1 Text of Proposed Order)(ddm) (Entered: 08/01/2007) |
| 08/07/2007 | 27 | CERTIFICATE OF SERVICE *of Defendant's First Interrogatories, Request for Production of Documents and Request to Admit to Plaintiff* by Kamino International Transport, Inc..(Mapen, Jeffrey) (Entered: 08/07/2007) |
| 08/24/2007 | 28 | ORDER granting 26 Motion to Stay Discovery pending ruling on defendant's Motion to Dismiss or in the alternative, Motion to Transfer Venue. If necessary, the parties shall be permitted 90 days to conduct discovery following ruling on the motion. Signed by Judge Julie E. Carnes on 8/22/07. (ryc) (Entered: 08/27/2007) |
| 08/27/2007 | 29 | SCHEDULING ORDER VACATED PURSUANT TO ORDER 31 - SCHEDULING ORDER: Discovery ends on 9/10/2007. Motions for Summary Judgment are due by 10/1/2007. If no Motions for Summary Judgment are filed, then the Proposed Pretrial Order is due by 10/11/2007. Signed by Judge Julie E. Carnes on 8/27/07. (Attachments: # 1 Civil Trial Information)(ddm) Modified on 10/11/2007 to add additional docket text (ryc). (Entered: 08/28/2007) |
| 08/27/2007 | 30 | ORDER approving 19 Joint Preliminary Report and Discovery Plan filed by Anthem Leather, Inc. Signed by Judge Julie E. Carnes on 8/27/07. (ddm) (Entered: 08/28/2007) |
| 10/10/2007 | 31 | ORDER Vacating 29 Scheduling Order. Discovery is stayed pending a final ruling on 26 Defendant's Motion to Dismiss or, in the alternative, Motion to Transfer Venue. Signed by Judge Julie E. Carnes on 10/10/07. (ryc) (Entered: 10/11/2007) |
| 10/10/2007 | | (Court only) ***Submission Deadline Terminated. (dfb) (Entered: 10/22/2007) |
| 11/07/2007 | 32 | NOTICE by Kamino International Transport, Inc. *of Change of Address for S. Wade Malone and Jeffrey L. Mapen* (Mapen, Jeffrey) (Entered: 11/07/2007) |

| 01/17/2008 | 33 | Petition for Leave of Absence for the following date(s) )Monday, January 14, 2008 through the end of the General Assembly Session, by Edward H. Lindsey, Jr. (Attachments: # 1 Text of Proposed Order Order re Edward H. Lindsey's Petition for Leave of Absence)(Lindsey, Edward) (Entered: 01/17/2008) |
|---|---|---|
| 01/30/2008 | | MINUTE ORDER (by docket entry only) APPROVING 33 Petition for Leave of Absence filed by Edward H. Lindsey, Jr. for the period of Monday, January 14, 2008 through the end of the General Assembly Session, by direction of the Court on January 30, 2008. Counsel is expected to comply timely with discovery obligations. Further, should any pleading become due during this period, counsel will be expected to file a motion for extension of time as to that particular pleading, should counsel wish any extension.(ddm) (Entered: 01/30/2008) |
| 02/25/2008 | 34 | ORDER and OPINION denying 10 Motion to Dismiss; granting 10 Motion to Transfer Case. This case shall be TRANSFERRED to the Southern District of New York. The Clerk is directed to close this case. Signed by Judge Julie E. Carnes on 02/25/08. (fap) (Entered: 02/26/2008) |
| 02/25/2008 | | Civil Case Terminated. (fap) (Entered: 02/26/2008) |
| 02/25/2008 | | Case transferred to District of USDC SD NY. Original file, certified copy of transfer order and docket sheet sent. (fap) (Entered: 02/27/2008) |

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 27 2006

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | CIVIL ACTION NO.: |
| v. | 1:06-CV-154-JEC |
| KAMINO INTERNATIONAL TRANSPORT, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT FOR DAMAGES

NOW COMES Plaintiff ANTHEM LEATHER, INC. ("Anthem"), by and through its counsel of record, and files this, its COMPLAINT FOR DAMAGES against Defendant KAMINO INTERNATIONAL TRANSPORT, INC. ("Kamino"), as follows:

### THE PARTIES

1.

Plaintiff ANTHEM LEATHER, INC. is a Delaware corporation, with its principal place of business located at 512 Townsend Ave., High Point, North Carolina 27263.

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

2.

Defendant KAMINO INTERNATIONAL TRANSPORT, INC. is a New Jersey corporation, with its principal place of business located at 145th Ave. at Hook Creek Boulevard, Valley Stream, New York 11581.

3.

Defendant Kamino is authorized by the Georgia Secretary of State to transact business in the State of Georgia at 640 Airport South Parkway, Suite 400, Atlanta, GA 30349 (Fulton County).

4.

Defendant Kamino may be served through its registered agent Domie Heger, located at 50 Chickasaw Circle, Sharpsburg, Georgia 30277.  Kamino is subject to this Court's personal jurisdiction pursuant to its purposeful contacts within the State of Georgia and O.C.G.A. § 9-10-91.

## VENUE AND JURISDICTION

5.

Venue in this forum and subject matter jurisdiction before this Court are proper.  Plaintiff Anthem seeks more than $75,000 in damages and there is complete diversity amongst the parties.

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 2 -

6.

The contract at issue between the parties was executed in Georgia.

7.

Defendant Kamino transacts business and is authorized to transact business in the State of Georgia by the Georgia Secretary of State at 640 Airport South Parkway, Suite 400, Atlanta, GA 30349 (Fulton County).

8.

Plaintiff Anthem transacts business throughout the entire Southeast United States, including Georgia.

## <u>FACTS</u>

9.

This action arises out of a contract between Anthem and Kamino with regard to Kamino acting as Anthem's customs broker for certain goods imported from Brazil by Anthem in or around 2001 and 2002.

10.

Kamino, as Anthem's customs broker, was responsible for handling all of the relevant customs documentation, matters and filings, including the filing of certain forms to be marked with the Special Program Indicator "A" to facilitate duty refunds

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 3 -

when the country of Brazil was redesignated as a beneficiary under the Generalized System of Preferences.

11.

Kamino was also responsible for obtaining refunds of duties paid by Anthem with regard to the applicable goods imported from Brazil.

12.

Kamino was contractually obligated to ensure that the documents accompanying such imported goods properly identified the goods, including their correct country of origin.

13.

If the imported goods were properly classified by Kamino, Anthem would then receive a refund on the import duties paid on those particular shipments of goods.

14.

In or about 2003, Anthem discovered that Kamino had NOT properly classified certain shipments of goods and that Anthem would have to apply for governmental refunds due to the misclassification.

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 4 -

15.

Towards that end, the parties' subsequent negotiation of new services for a new price formed a new contract in or about 2003 in which Anthem agreed to pay Kamino $75.00 per each refund request completed for applicable misclassified items. See Exhibit "A" attached (selected invoices showing the $75.00 contractual agreement).

16.

Under that new contract, Kamino agreed to submit protests to obtain refunds for duties overpaid by Anthem.

17.

Despite the fact that each of Kamino's prior invoices sent to Anthem contained a limitation of liability provision, under the terms of the new contract made between the parties, no limitation of liability provision was included with regard to the refund request procedure or the $75.00 fee payable to Kamino for properly completing each applicable refund request.

18.

Kamino failed to apply for over half of the refunds that were due to Anthem because of the misclassification of its goods and their corresponding country of origin.

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

19.

Anthem should have received refunds in the total amount of $247,059.64 for overpaid duties with respect to the customs matters handled by Kamino if Kamino had performed its duties properly and in conformance with its contractual duties.

20.

To date, Anthem has received refunds of only $139,846.73.

21.

As a direct and proximate result of Kamino's breach of its contractual duties and negligence, Anthem has not received the refund reimbursements it was due in an amount exceeding $106,758.

22.

As a direct and proximate result of Kamino's failure to file the appropriate paperwork to request duty refunds on a significant portion of the imported shipments from Brazil, Anthem has not received the remaining refunds due ($106,758.35 plus interest) from those certain duties already paid. The subject shipment list is attached hereto as Exhibit "B".

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 6 -

## COUNT I
## BREACH OF CONTRACT

23.

Plaintiff incorporates by reference all preceding paragraphs of its Complaint for Damages as if fully set forth herein verbatim.

24.

Plaintiff entered into a contract with Defendant Kamino specifying that Kamino would apply for governmental refunds due to misclassification on all of Anthem's applicable imported goods shipments.

25.

Plaintiff agreed to pay Defendant Kamino $75.00 per refund request for each applicable misclassified item and/or shipment.

26.

Defendant Kamino breached its agreement with Plaintiff by failing to prepare and file the appropriate refund requests for over half of Anthem's misclassified shipments from Brazil. See Exhibit "B" attached.

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

## COUNT II

## NEGLIGENCE

27.

Plaintiff incorporates by reference all preceding paragraphs of its Complaint for Damages as if fully set forth herein verbatim.

28.

Defendant Kamino owed a duty to Anthem to properly and timely prepare and file the appropriate refund requests for all of Anthem's misclassified shipments from Brazil.

29.

Defendant Kamino breached that duty when they failed to prepare and file the appropriate refund requests for over half of Anthem's misclassified shipments from Brazil.

30.

Defendant Kamino's failure to prepare and file the appropriate protests to recover refunds for Anthem's misclassified shipments was the direct and proximate cause of Anthem's loss.

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 8 -

31.

Anthem reasonably relied upon Defendant Kamino's representation that it had timely and properly applied for refunds on behalf of Anthem.

32.

As a direct and proximate result of Defendant Kamino's negligence, Anthem suffered a loss in the amount of $106,758.35 plus interest.

## COUNT III
## GROSS NEGLIGENCE

33.

Plaintiff incorporates by reference all preceding paragraphs of its Complaint for Damages as if fully set forth herein verbatim.

34.

Kamino's actions against Anthem constituted gross negligence.

35.

Kamino made blatant misrepresentations to Anthem that the refund process was commencing and continuing for each and every applicable misclassified shipment of goods.

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

36.

Kamino had properly and timely requested refunds for 77 prior shipments and all such protests resulted in a refund to Anthem.

37.

On information and belief, at some point thereafter, an untrained and unsupervised employee took over the refund process for Kamino, missed deadlines and, in many instances, failed to even apply for a refund, despite representations to the contrary to Anthem.

38.

Kamino simply failed to request refunds for the remaining misclassified shipments from Brazil and was grossly negligent in its disregard for obtaining these refunds per its customs contract with Anthem.

## COUNT IV
## ATTORNEYS' FEES AND COSTS

39.

Plaintiff incorporates by reference all preceding paragraphs of its Complaint for Damages as if fully set forth herein verbatim.

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 10 -

40.

Defendant Kamino has engaged in bad faith, stubborn litigiousness, and is responsible for causing Plaintiff unnecessary trouble and expense in having to bring this action. Accordingly, Defendant Kamino is liable to Plaintiff for reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff requests a trial by jury and prays for judgment against Defendant for all damages as follows:

a)      All general and/or special damages in an amount to be determined by the enlightened conscience of a jury;

b)      For all attorneys' fees and costs incurred;

c)      Costs of this action;

d)      Any and all such further, general and equitable relief as this Honorable Court deems just.

*[SIGNATURE ON FOLLOWING PAGE]*

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 11 -

This 26 day of December, 2006.

Respectfully submitted,

GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
Attorneys for Anthem Leather, Inc.

BY:

EDWARD H. LINDSEY, JR.
Georgia State Bar No.: 453075
DAVID M. ABERCROMBIE
Georgia State Bar No.: 000394

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 12 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | CIVIL ACTION NO.: |
| v. | |
| KAMINO INTERNATIONAL TRANSPORT, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## CERTIFICATE OF COMPLIANCE

The foregoing COMPLAINT FOR DAMAGES is double spaced in 14 point

Times New Roman font and complies with the type-volume limitation set forth in

Local Rule 7.1.

_____
EDWARD H. LINDSEY, JR.
Georgia State Bar No.: 453075
DAVID M. ABERCROMBIE
Georgia State Bar No.: 000394

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 13 -

# Exhibit "A"

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX



KAT Import Brokers, a division of Kamino International Transport, Inc.
640 Airport South Parkway
Suite 400
Atlanta, GA. 30349
Tel: (770) 994-6900  Fax: (770) 994-6700.
TID: 22-2121823

ANTHEM LEATHER, INC.
512 TOWNSEND AVENUE
HIGH POINT NC 27263

# INVOICE

| Reference No. |
| --- |
| 852915 |

| Account No. | Invoice No. | Invoice Date |
| --- | --- | --- |
| ANTHEMI | 30309457 | AUG 29 03 |

| Consignee/Shipper | | | Dest./Origin | |
| --- | --- | --- | --- | --- |
| Your Reference No. | | Pieces | Nature of Goods | Weight |
| PROTEST | | | | 0.0 Kgs. |
| Airline/Steamship Co. | | | M.A.W.B./A.W.B. No. | H.A.W.B. No. |

| Description | Amount |
| --- | --- |
| 19 PROTEST 75.00 EACH | 1425.00 |
| 24 520 PROTEST @75.00 EACH | 1800.00 |
| ENTERED SEP 2 4 2003 | |
| 850.10 | |
| RECEIVED SEP 1 8 2003 | |
| Total Charge US $ | 3225.00 |

Liability Limitations of Third Parties. The Company is authorized to select and engage carriers, truckmen, lightermen, forwarders, customs brokers, agents, warehousemen and others, as required, to transport, store, deal with and deliver the goods, all of whom shall be considered as the agents of the Customer, and the goods may be entrusted to such agencies subject to all conditions as to limitation of liability for loss, damage, expense or delay and to all risks, reputations, requirements and conditions, whether printed, written or stamped, appearing in bills of lading, receipts or terms issued by such carriers, truckmen, lightermen, forwarders, customs brokers, agents, warehousemen and others. The Company shall under no circumstances be liable for any loss, damage, expense or delay to the goods for any reason whatsoever when said goods are in custody, possession or control of third parties selected by the Company to forward, enter, and clear, transport or render other services with respect to such goods.

Limitation of Liability for Loss, etc. (a) The Customer agrees that the Company shall only be liable for any loss, damage, expense or delay to the goods resulting from the negligence or other fault of the Company; such liability, shall be limited to an amount equal to the lesser of fifty dollars ($50.00) per entry or shipment or the facts charged for services, provided that, in the case of partial loss, such amount will be reduced, pro rata; (b) where the Company agrees in one bill of lading and receives freight charges as its compensation, Customer has the option of paying a special compensation and increasing the limit of Company's liability up to the shipment's actual value; however such option must be exercised by written agreement, entered into prior to any covered transactions, setting forth the limit of the Company's liability and the compensation received; (c) in instances other than in (b) above, unless the Customer makes specific written arrangements with the Company to pay special compensation and declare a higher value and Company agrees in writing, liability is limited to the amount set forth in (a) above; (d) Customer agrees that the Company shall, in no event, be liable for consequential, punitive, statutory or special damages in excess of the monetary limit provided for above.

Presenting Claims. Company shall not be liable under the paragraph above for any claims not presented to it in writing within 90 days of either the date of loss or incident giving rise to the claim; no suit to recover for any claim or demand hereunder shall be maintained against the Company unless instituted within six (6) months after the presentation of the said claim unless superseded by specific order; Bill or Bill of Lading conditions or such longer period provided for under statue(s) of the State having jurisdiction of the matter.

THIS INVOICE REPRESENTS CASH ADVANCED FOR YOUR ACCOUNT. ALL INVOICES PAYABLE UPON PRESENTATION.

A SERVICE CHARGE OF 1 1/2% PER MONTH WILL BE ADDED TO INVOICES REMAINING UNPAID AFTER THEIR DUE DATE.
IN ANY REFERRAL FOR COLLECTION, CUSTOMER SHALL PAY EXPENSES OF COLLECTION AND/OR LITIGATION, INCLUDING A REASONABLE ATTORNEY FEE.

IATA AGENT  FM2 / OTI License 1947-NF   Customs Broker License 30037   TID: 22-2121823

If you are the importer of record, payment to the broker will not relieve you or liability for Customs charges (duties, taxes or other debts owed Customs) in the event the charges are not paid by the broker. Therefore, if you pay by check, Customs charges may be paid with a separate check payable to the "U.S. Customs Service" which shall be delivered to Customs by the broker.

KAMINO

KAT Import Brokers, a division of Kamino International Transport, Inc
640 Airport South Parkway
Suite 400
Atlanta, GA, 30349
Tel: (770) 994-5800 Fax: (770) 994-5790
TID: 22-2121823

RECEIVED APR 0 4 2003

ANTHEM LEATHER, INC.
512 TOWNSEND AVENUE
HIGH POINT NC 27263

# INVOICE

| Reference No. | | |
|---|---|---|
| I - 852201 | | |
| Account No. | Invoice No. | Invoice Date |
| ANTHEML | 30309314 | MAR 31 03 |

| Consignee/Shipper | | | Dest./Origin |
|---|---|---|---|
| Your Reference No. | Pieces | Nature of Goods | Weight |
| PROTEST | | | 0.0 Kgs |
| Airline/Steamship Co. | | M.A.W.B./A.W.B. No. | H.A.W.B. No. |

| Description | Amount |
|---|---|
| PROTEST FOR 21 FILES @75.00 EACH | 1575.00 |
| Total Charge US $ | 1575.00 |

✓ OK

ENTERED JUN 0 6 2003

850.10

Liability Limitations of Third Parties. The Company is authorized to select and engage carriers, truckmen, lightermen, forwarders, customs brokers, agents, warehousemen and others, as required, to transport, store, deal with and deliver the goods, all of whom shall be considered as the agents of the Customer, and the goods may be entrusted to such agencies subject to all conditions as to limitation of liability for loss, damage, expense or delay and to all rules, regulations, requirements and conditions, whether printed, written or stamped, appearing in bills of lading, receipts or tariffs issued by such carriers, truckmen, lightermen, forwarders, customs brokers, agents, warehousemen and others. The Company shall under no circumstances be liable for any loss, damage, expense or delay to the goods for any reason whatsoever when said goods are in custody, possession or control of third parties selected by the Company to forward, enter and clear, transport or render other services with respect to such goods.

Limitation of Liability for Loss, etc. (a) The Customer agrees that the Company shall only be liable for any loss, damage, expense or delay to the goods resulting from the negligence or other fault of the Company; such liability shall be limited to an amount equal to the lesser of fifty dollars ($50.00) per entry or shipment or the fee(s) charged for services, provided that, in the case of partial loss, such amount will be adjusted, pro rata; (b) Where the Company issues its own bill of lading and receives freight charges as its compensation, Customer has the option of paying a special compensation and increasing the limit of Company's liability up to the shipment's actual value; however such option must be exercised by written agreement, entered into prior to any covered transaction(s), setting forth the limit of the Company's liability and the compensation received; (c) In instances other than in (b) above, unless the Customer makes specific written arrangements with the Company to pay special compensation and declare a higher value and Company agrees in writing, liability is limited to the amount set forth in (a) above. (d) Customer agrees that the Company shall, in no event, be liable for consequential, punitive, statutory or special damages in excess of the monetary limit provided for above.

Presenting Claims. Company shall not be liable under the paragraph above for any claims not presented to it in writing within 90 days of either the date of loss or incident giving rise to the claim; no suit to recover for any claim or demand hereunder shall be maintained against the Company unless instituted within six (6) months after the presentation of the said claim unless superseded by specific Airway Bill or Bill of Lading conditions or such longer period provided for under statute(s) of the State having jurisdiction of the matter.

THIS INVOICE REPRESENTS CASH ADVANCED FOR YOUR ACCOUNT. ALL INVOICES PAYABLE UPON PRESENTATION.
A SERVICE CHARGE OF 1½% PER MONTH WILL BE ADDED TO INVOICES REMAINING UNPAID AFTER THEIR DUE DATE.
IN ANY REFERRAL FOR COLLECTION, CUSTOMER SHALL PAY EXPENSES OF COLLECTION AND/OR LITIGATION, INCLUDING A REASONABLE ATTORNEY FEE.

IATA AGENT FMC / OTI License 1947 NF Customs Broker License 20037 TID: 22-2121823
If you are the importer of record, payment to the broker will not relieve you of liability for Customs charges (duties, taxes or other debts owed Customs) in the event the charges are not paid by the broker. Therefore, if you pay by check, Customs charges may be paid with a separate check payable to the "U.S. Customs Service" which shall be delivered to Customs by the broker.

All paid by Customs

# Exhibit "B"

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

ANTHEM LEATHER, INC.
EXPECTED DUTY REFUNDS

| Kamino File nb. | | Explanation | DATE | FREIGHT INVOICE NUMBER | SHIPMENT ID | AIRWAY BILL NUMBER | AMOUNT OF DUTY | EXPECTED REFUND | DATE US PD | PMT AMT | REMAINING OWED | | DATE 520 C FILED | DATE 19CFR FILED | REMARKS | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 851517 | | Entry liquidated one year (1) | 10/23/01 | 11008224 | 4177/012 | 006-3886-1042 | $757.28 | $704.45 | | | $704.45 | | | | Per Customs' memo should have reliquidated and been | Kamino did not file original entry with an A before HTC |
| 851527 | | from the dates of entry | 10/24/01 | 11009230 | 4178/012 | 006-3886-1031 | $5,073.02 | $4,719.09 | | | $4,719.09 | | | | refunded | Kamino did not file original entry with an A before HTC |
| 851504 | | therefore, we are unable to file | 10/24/01 | 11009248 | 4179/012 | 006-3886-1031 | $190.73 | $185.73 | | | $185.73 | | | | | Kamino did not file original entry with an A before HTC |
| 851528 | | protest on these shipment | 10/24/01 | 11009258 | 4201/012 | 006-3886-1053 | $3,408.04 | $3,171.11 | | | $3,171.11 | | | | | Kamino did not file original entry with an A before HTC |
| | | | | | | | | | | | $8,780.38 | | | | | |
| 852072 | MA708520725 | DENIED PER KIRBY JERNIGAN @ KAMINO | 02/01/02 | 20109364 | 4436/022A | 006-7028-7210 | $459.75 | $422.75 | | | $422.75 | Refiled | 7/29/2003 | 4/12/2005 | Per Customs' memo should have reliquidated and been | Kamino did not file original entry with an A before HTC |
| 852515 | MA708525153 | DENIED PER KIRBY JERNIGAN @ KAMINO | 05/01/02 | 20409365 | 4836/022 | 006-7046-2901 | $1,317.71 | $1,211.89 | | | $1,211.89 | Refiled | 7/29/2003 | 4/12/2005 | refunded | Kamino did not file original entry with an A before HTC |
| 852816 | MA708526189 | DENIED PER KIRBY JERNIGAN @ KAMINO | 05/23/02 | 20509241 | 4665/022 | 006-7046-3116 | $1,294.58 | $1,190.42 | | | $1,190.42 | Refiled | 7/29/2003 | 4/12/2005 | | Kamino did not file original entry with an A before HTC |
| 852817 | MA708528177 | DENIED PER KIRBY JERNIGAN @ KAMINO | 05/23/02 | 20509240 | 4670/022 | 006-7046-3116 | $450.02 | $413.81 | | | $413.81 | Refiled | 7/30/2003 | 4/12/2005 | | Kamino did not file original entry with an A before HTC |
| 852818 | MA708525187 | DENIED PER KIRBY JERNIGAN @ KAMINO | 05/23/02 | 20509227 | 4573/022A | ZIM BUENOS AIRES | $6,052.33 | $5,882.02 | | | $5,882.02 | Refiled | 7/28/2003 | 4/12/2005 | | Kamino did not file original entry with an A before HTC |
| 852600 | MA708526003 | DENIED PER KIRBY JERNIGAN @ KAMINO | 05/23/02 | 20509225 | 4659/022 | 006-7046-3094 | $295.39 | $271.39 | | | $271.39 | Refiled | 7/29/2003 | 4/12/2005 | | Kamino did not file original entry with an A before HTC |
| 852666 | MA708526607 | DENIED PER KIRBY JERNIGAN @ KAMINO | 05/30/02 | 20509288 | 4642/022 | 006-7048-3142 | $233.15 | $208.15 | | | $208.15 | Refiled | 7/29/2003 | 4/12/2005 | | Kamino did not file original entry with an A before HTC |
| 852658 | MA708526581 | DENIED PER KIRBY JERNIGAN @ KAMINO | 05/31/02 | 20609018 | 4678/022A | 006-7048-3142 | $1,901.23 | $1,748.26 | | | $1,748.26 | Refiled | 7/29/2003 | 4/12/2005 | | Kamino did not file original entry with an A before HTC |
| 852602 | MA708526029 | DENIED PER KIRBY JERNIGAN @ KAMINO | 05/23/02 | 20509224 | 4677/022 | 006-7046-3094 | $2,471.83 | $2,273.04 | | | $2,273.04 | Refiled | 7/29/2003 | 4/12/2005 | | Kamino did not file original entry with an A before HTC |
| 852879 | MA708528797 | DENIED PER KIRBY JERNIGAN @ KAMINO | 06/13/02 | 20609083 | 4656/022A | 006-7046-3164 | $198.04 | $173.04 | | | $173.04 | Refiled | 7/29/2003 | 4/12/2005 | | Kamino did not file original entry with an A before HTC |
| 852578 | MA708525781 | DENIED PER KIRBY JERNIGAN @ KAMINO | 06/20/02 | 20609171 | 4827/022 | HANSA COMMODORE | $6,093.45 | $5,515.22 | | | $5,515.22 | Refiled | 7/29/2003 | 4/12/2005 | | Kamino did not file original entry with an A before HTC |
| 852578 | MA708525781 | DENIED PER KIRBY JERNIGAN @ KAMINO | 06/20/02 | 20609171 | 4675/022 | HANSA COMMODORE | $3,734.70 | $3,365.40 | | | $3,365.40 | Refiled | 7/29/2003 | 4/12/2005 | | Kamino did not file original entry with an A before HTC |
| | | | | | | | | | | | $22,655.20 | | | | | |
| | | | | | | | | | | | | $35,040.53 | | | | |
| 852054 | MA708520543 | DENIED PER KIRBY JERNIGAN @ KAMINO | 02/01/02 | 20109371 | 4445/022 | 006-7028-7221 | $634.00 | $583.82 | | | $583.82 | | 7/29/2003 | | | Kamino did not file original entry with an A before HTC |
| 852191 | MA708521913 | DENIED PER KIRBY JERNIGAN @ KAMINO | 02/27/02 | 20209430 | 3401/022 | 006-7028-7420 | $3,307.73 | $3,041.13 | | | $3,041.13 | | 7/29/2003 | | FILED UNTIMELY PER CUSTOMS | Kamino did not file original entry with an A before HTC |
| 852293 | MA708065886 | MIA file | 03/21/02 | 20309302 | 4493/022B | 042-0725-8858 | $379.68 | $349.13 | | | $349.13 | Dornie will check with Kamino Miami | | | | Kamino did not file original entry with an A before HTC |
| 852236 | MA708522366 | Customs has 2 year from date | 03/21/02 | 20309306 | 4493/022 | 006-7040-9570 | $5,254.60 | $2,120.63 | | | $2,120.63 | Dornie will check with Customs | | | Customs only refunded 2711.19 on split shipment/Need 218.14 more | Kamino did not file original entry with an A before HTC |
| 852284 | | Customs has 2 year from date | 03/21/02 | 20309306 | 4493/022 | 006-7040-9570 | $5,254.60 | $2,711.19 | 07/17/02 | $2,711.19 | $0.00 | Dornie will check with Customs | | | | Kamino did not file original entry with an A before HTC |
| 852312 | MA708067025 | Customs has 2 year from date | 03/31/02 | 20409083 | 4512/022 | 957-0051-8593 | $2,122.40 | $1,951.63 | | | $1,951.63 | Dornie will check with Customs | | | | Kamino did not file original entry with an A before HTC |
| 852342 | MA708067422 | Customs has 2 year from date | 04/09/02 | 20409084 | 4611/022 | 549-5080-8671 | $2,160.06 | $1,986.26 | | | $1,986.26 | Dornie will check with Customs | | | | Kamino did not file original entry with an A before HTC |
| 852460 | MA708071440 | Customs has 2 year from date | 04/18/02 | 20409219 | 4605/022 | 957-0051-8852 | $941.27 | $865.54 | | | $865.54 | Dornie will check with Customs | | | | Kamino did not file original entry with an A before HTC |
| 852468 | MA708524669 | No record of protest | 04/26/02 | 20409318 | 4582/022 | 006-7046-2910 | $1,576.40 | $1,451.40 | | | $1,451.40 | Dornie looking into | | | | Kamino did not file original entry with an A before HTC |
| 852408 | MA70852406 | Customs has 2 year from date | 04/26/02 | 20409335 | 4573/022 | ZIM SAO PAULO | $5,722.77 | $5,021.81 | | | $5,021.81 | Dornie will check with Customs | | | | Kamino did not file original entry with an A before HTC |
| 852455 | MA708524552 | Customs has 2 year from date | 05/09/02 | 20509079 | 4541/022 | ELQUI | $3,451.75 | $3,028.97 | | | $3,028.97 | Dornie will check with Customs | | | | Kamino did not file original entry with an A before HTC |
| 852559 | MA708074006 | denied by customs 502c | 05/30/02 | 20509259 | 4581/022 | 018-5099-8334 | $5,383.15 | $4,950.02 | | | $4,950.02 | Dornie will check with Customs | | | | Kamino did not file original entry with an A before HTC |
| 852559 | MA70807600 | | | | | | | | | | | | | | | Kamino did not file original entry with an A before HTC |
| 852708 | MA708076670 | MIA file | 06/21/02 | 20609183 | 4758/022 | 016-5099-8415 | $3,221.60 | $2,962.39 | | | $2,962.39 | Dornie will check with Kamino Miami | | | | Kamino did not file original entry with an A before HTC |
| 852708 | MA708076670 | MIA file | 06/21/02 | 20609183 | 4817/022 | 016-5099-8415 | $47.26 | $43.46 | | | $43.46 | Dornie will check with Kamino Miami | | | | Kamino did not file original entry with an A before HTC |
| 607984 | MA708079840 | MIA file | 07/12/02 | 20727249 | 4886/022 | 016-5099-8463 | $2,415.19 | $2,220.86 | | | $2,220.86 | Dornie will check with Kamino Miami | | | | Kamino did not file original entry with an A before HTC |
| 852745 | | MIA file | 07/16/02 | 20709093 | 4854/022 | ZIM BUENOS AIRES | $4,189.80 | $3,676.61 | | | $3,676.61 | Dornie will check with Kamino Miami | | | | Kamino did not file original entry with an A before HTC |
| 608065 | MA70808656 | MIA file | 07/31/02 | 20727903 | 4942/022 | 016-5099-8485 | $4,884.48 | $4,491.48 | | | $4,491.48 | Dornie will check with Kamino Miami | | | | Kamino did not file original entry with an A before HTC |
| 607972 | MA708079724 | MIA file | 07/16/02 | 20727243 | 4861/022 | 016-5099-8441 | $2,289.46 | $2,105.25 | 10/08/02 | $186.38 | $1,918.87 | Dornie will check with Kamino Miami | | | Customs refunded C&S portion but not leather | Kamino did not file original entry with an A before HTC |
| 608035 | MA708080359 | MIA file | 07/12/02 | 20727245 | 4920/022A | 016-5099-8474 | $166.76 | $153.34 | | | $153.34 | Dornie will check with Kamino Miami | | | | Kamino did not file original entry with an A before HTC |
| 608035 | MA708080359 | MIA file | 07/12/02 | 20727245 | 4871/022 | 016-5099-8474 | $3,547.64 | $3,262.20 | | | $3,262.20 | Dornie will check with Kamino Miami | | | | Kamino did not file original entry with an A before HTC |
| 608035 | MA708080358 | MIA file | 07/12/02 | 20727245 | 4920/022C | 016-5099-8474 | $166.75 | $153.34 | | | $153.34 | Dornie will check with Kamino Miami | | | | Kamino did not file original entry with an A before HTC |
| 608035 | MA708080358 | MIA file | 07/12/02 | 20727245 | 4920/022B | 016-5099-8474 | $83.39 | $76.68 | | | $76.68 | Dornie will check with Kamino Miami | | | | Kamino did not file original entry with an A before HTC |
| 852818 | 01502068347 | Protest filed by WM Stone | 08/01/02 | 20709209 | 4754/022 | HANSA COMMODORE | $4,139.50 | $3,670.91 | | | $3,670.91 | Dornie will check with WM Stone | | | | Kamino did not file original entry with an A before HTC |
| 852818 | 01502068347 | Customs has 2 year from date | 08/01/02 | 20709209 | 4817/022 | HANSA COMMODORE | $3,122.78 | $2,770.86 | | | $2,770.86 | Dornie will check with Customs | | | | Kamino did not file original entry with an A before HTC |
| 852825 | 01502068825 | Protest filed by WM Stone | 08/22/02 | 20609218 | 4811/022 | ZIM SAO PAULO | $6,208.23 | $5,447.61 | | | $5,447.61 | Dornie will check with WM Stone | | | | Kamino did not file original entry with an A before HTC |
| 852894 | 01502069776 | Protest filed by WM Stone | 08/01/02 | 20709370 | 4811/022A | PANATLANTIC | $2,630.74 | $2,308.51 | | | $2,308.51 | Dornie will check with WM Stone | | | | Kamino did not file original entry with an A before HTC |
| 852970 | 01502071556 | Protest filed by WM Stone | 08/28/02 | 20809315 | 5047/022 | ZIM BUENOS AIRES | $3,149.06 | $2,763.34 | | | $2,763.34 | Dornie will check with WM Stone | | | | Kamino did not file original entry with an A before HTC |
| 852980 | 01502070976 | Protest filed by WM Stone | 08/20/02 | 20809145 | 4223/022C | ELQUI | $5,945.97 | $5,217.67 | | | $5,217.67 | Dornie will check with WM Stone | | | | Kamino did not file original entry with an A before HTC |
| 853008 | 01502071796 | Protest filed by WM Stone | 09/01/02 | 20809367 | 5052/022 | HANSA CALEDONIA | $3,723.67 | $3,304.22 | | | $3,304.22 | Dornie will check with WM Stone | | | | Kamino did not file original entry with an A before HTC |
| 853008 | 01502071796 | Protest filed by WM Stone | 09/01/02 | 20809367 | 4958/022 | HANSA CALEDONIA | $3,633.50 | $3,232.49 | | | $3,232.49 | Dornie will check with WM Stone | | | | Kamino did not file original entry with an A before HTC |
| | | | | | | | | | | $2,697.57 | $73,025.38 | | | | | |
| 851965 | | HMF S/N BE PAID TO US | 01/31/02 | 20109431 | 4336/012 | SAN AUGUSTIN | $4,952.60 | $4,620.85 | 09/25/02 | $4,423.38 | $197.47 | | | | HMF ACCRUED AND SHOULD NOT HAVE BEEN | |
| | | | | | | | | | | | $197.47 | | | | | |
| 852017 | | Voluntary tender portion not pd | 01/30/02 | 20109315 | 4413/022 | 006-7028-7138 | $3,212.45 | $2,953.98 | 07/02/03 | $834.06 | $2,119.94 | | | | Mr. Wyche @ Customs is processing remainder for refund as voluntary tender was not in their ACS system;Kamino says the amount will be $2305.43;$185.49 is MPF which s/n be paid | |
| | | | | | | | | | | | $2,119.94 | | | | | |
| | | | | | | | | $0.00 | | | $106,758.35 | | | | | |

ITEMS HAVE BEEN DISCUSSED

**1:08-CV-3130**

JEC

JS44 (Rev. 5/05 NDGA)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)

Anthem Leather, Inc.

## DEFENDANT(S)

Kamino International Transport, Inc.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Guilford, NC

(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Fulton, GA

(IN U.S. PLTF. CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)**

Edward H. Lindsey, Jr., Esq./David M. Abercrombie, Esq.; 2100 Tower Place, 3340 Peachtree Road, NE Atlanta, GA 30326-1084; 404-264-1500 elindsey@gmlj.com/dabercrombie@gmlj.com

**ATTORNEYS (IF KNOWN)**

Edward B. Ackerman, Esq.
399 Park Avenue, 25th Floor
New York, NY 10022-4877
212-973-7764; eackerman@gdlsk.com

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. GOVERNMENT PLAINTIFF
- [ ] 3 FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY)
- [ ] 2 U.S. GOVERNMENT DEFENDANT
- [X] 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| | PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|---|
| | [ ] 1 | [ ] 1 | CITIZEN OF THIS STATE | [ ] 4 | [ ] 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| | [ ] 2 | [ ] 2 | CITIZEN OF ANOTHER STATE | [ ] 5 | [X] 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| | [ ] 3 | [ ] 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 6 | [ ] 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- [X] 1 ORIGINAL PROCEEDING
- [ ] 2 REMOVED FROM STATE COURT
- [ ] 3 REMANDED FROM APPELLATE COURT
- [ ] 4 REINSTATED OR REOPENED
- [ ] 5 TRANSFERRED FROM ANOTHER DISTRICT (SPECIFY DISTRICT)
- [ ] 6 MULTIDISTRICT LITIGATION
- [ ] 7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

(IF COMPLEX, CHECK REASON BELOW)

- [ ] 1. Unusually large number of parties.
- [ ] 2. Unusually large number of claims or defenses.
- [ ] 3. Factual issues are exceptionally complex
- [ ] 4. Greater than normal volume of evidence.
- [ ] 5. Extended discovery period is needed.
- [ ] 6. Problems locating or preserving evidence
- [ ] 7. Pending parallel investigations or actions by government.
- [ ] 8. Multiple use of experts.
- [ ] 9. Need for discovery outside United States boundaries.
- [ ] 10. Existence of highly technical issues and proof.

## CONTINUED ON REVERSE

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT $ _____ APPLYING IFP _____ MAG. JUDGE (IFP) _____

JUDGE _____ MAG. JUDGE _____ NATURE OF SUIT _____ CAUSE OF ACTION _____
(Referral)

JEC

190
28.1332dc

# VI. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL. VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 151 MEDICARE ACT
- [ ] 160 STOCKHOLDERS' SUITS
- [x] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY
- [ ] 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- [ ] 365 PERSONAL INJURY - PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 440 OTHER CIVIL RIGHTS
- [ ] 445 AMERICANS with DISABILITIES - Employment
- [ ] 446 AMERICANS with DISABILITIES - Other

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- [ ] 510 MOTIONS TO VACATE SENTENCE
- [ ] 530 HABEAS CORPUS
- [ ] 535 HABEAS CORPUS DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS (Filed Pro se)
- [ ] 555 PRISON CONDITION(S) (Filed Pro se)

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- [ ] 550 CIVIL RIGHTS (Filed by Counsel)
- [ ] 555 PRISON CONDITION(S) (Filed by Counsel)

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 R.R. & TRUCK
- [ ] 650 AIRLINE REGS.
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT. RELATIONS
- [ ] 730 LABOR/MGMT. REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- [ ] 820 COPYRIGHTS
- [ ] 840 TRADEMARK

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- [ ] 830 PATENT

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- [ ] 870 TAXES (U.S. PLAINTIFF OR DEFENDANT)
- [ ] 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 430 BANKS AND BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC.
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURAL ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- [ ] 410 ANTITRUST
- [ ] 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- [ ] ARBITRATION (CONFIRM/VACATE/ORDER/MODIFY)

(Note: Please mark underlying Nature of Suit as well)

**\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

# VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23  DEMAND $_____

JURY DEMAND [x] YES [ ] NO  (CHECK YES **ONLY** IF DEMANDED IN COMPLAINT)

# VIII. RELATED/REFILED CASE(S) IF ANY

JUDGE_____    DOCKET NO._____

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES:  (CHECK APPROPRIATE BOX)

- [ ] 1.  PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 2.  SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 3.  VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 4.  APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
- [ ] 5.  REPETITIVE CASES FILED BY PRO SE LITIGANTS.
- [ ] 6.  COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):
- [ ] 7.  EITHER SOME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO. _____, WHICH WAS DISMISSED.  THIS CASE [ ] IS [ ] IS NOT  (check one box)  SUBSTANTIALLY THE SAME CASE.

_____    12/26/06
SIGNATURE OF ATTORNEY OF RECORD            DATE

# Goodman McGuffey Lindsey & Johnson, LLP

ATTORNEYS AT LAW

Atlanta Office:
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084

TELEPHONE (404) 264-1500
FACSIMILE  (404) 264-1737

**EDWARD H. LINDSEY, JR.**
Direct Dial: (404) 926-4108
Email: elindsey@gmlj.com

Orlando Office:
Suite 200
1245 West Fairbanks Avenue
Winter Park, Florida 32789
Telephone (407) 478-1247
Facsimile (407) 478-1527

January 16, 2007

The Honorable J. Owen Forrester
U.S.D.C., N. District, Atlanta Division
1921 Richard B. Russell Federal Building
and United States Courthouse
75 Spring Street
Atlanta, GA 30303-3361

The Honorable Richard W. Story
U.S.D.C., N. District, Atlanta Division
2121 Richard B. Russell Federal Building
and United States Courthouse
75 Spring Street
Atlanta, GA 30303

The Honorable Julie E. Carnes
U.S.D.C., N. District, Atlanta Division
2167 Richard B. Russell Federal Building
and United States Courthouse
75 Spring Street
Atlanta, GA 30303-3309

Re:    Petition for Leave of Absence for January Through The End of
The Session Pursuant to O.C.G.A. § 9-10-150 (2004)

Dear Honorable Judges Carnes, Forrester and Story:

Attached please find a copy of my Petition for Leave of Absence during my tenure in the Georgia State House of Representatives. As you are aware, O.C.G.A. § 9-10-150 provides that I have the right to request a complete stay of all proceedings and lawsuits in which I am lead counsel. However, if I can have your consent to the attached Petition for Leave of Absence I do not object with the regular course of discovery continuing with other attorneys in my office while the General Assembly is in session provided that no hearing or trial date be set during this period of time. If this Petition meets with your approval, please sign the attached Order and return a stamped filed copy to me in the enclosed stamped self-addressed envelope.

I trust that this arrangement is agreeable with you but if it is not, please let me know and I will request a stay of the case pursuant to O.C.G.A. § 9-10-150.

The Honorable G. Ernest Tidwell
The Honorable Horace T. Ward
The Honorable Julie E. Carnes
January 16, 2007
Page 2

With kindest regards, I remain

Sincerely,

Edward H. Lindsey, Jr.

EHL:pj
Enclosure
cc:    All Counsel of Record

**To:**         **All Judges, Clerk of Court, and Counsel of Record**

**From:**       **Edward H. Lindsey, Jr.**

**RE:**         **Petition for Leave of Absence**

**Date:**       **January 16, 2007**

COMES NOW Edward H. Lindsey, Jr. and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Fed. R. Civ. P. 83.

1.

The period of leave during which time Applicant will be away from the practice of law, is **Monday, January 8, 2007 through the end of the session,** inclusively.  The purpose of the leave is that he will be serving as a Georgia State Representative pursuant to O.C.G.A. § 9-1-0-150 (2004).

2.

All affected judges and opposing counsel shall have ten (10) days from the date of this Petition for Leave of Absence to object to it.  If no objections are filed, the leave shall be granted.

Respectfully Submitted,

GOODMAN McGUFFEY LINDSEY & JOHNSON, LLP

By:   _____
EDWARD H. LINDSEY, JR.
GA State Bar No. 453075

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing **PETITION FOR LEAVE OF ABSENCE** upon all judges, clerks and opposing counsel listed on the attached Exhibit A, by Electronic Filing and First Class Mail.

This 16th day of January, 2007.

EDWARD H. LINDSEY, JR.
GA State Bar No. 453075

## **CERTIFICATE OF COMPLIANCE**

The foregoing COMPLAINT FOR DAMAGES is double spaced in 14 point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

EDWARD H. LINDSEY, JR.
Georgia State Bar No.: 453075

## EXHIBIT A

| Name of Case<br>Case Number | Name of Judge<br>Court/County | Opposing Counsel |
|---|---|---|
| St. Paul Travelers Insurance Company, as Subrogee of DACA, LLP v. Jim Myrick d/ba/ Professional Services, Cincinnati Insurance Co., and KTA-Tator, Inc.<br>1:05-CV-1370-HTW | Horace T. Ward USDC, N.D., Atlanta Division | Roger S. Sumrall, Esq. Robert W. Stannard, Esq. Hall, Booth, Smith & Slover, P.C. Atlantic Center Plaza Suite 900 1180 W. Peachtree Street Atlanta, GA 30309<br><br>Stephen T. Snow, Esq. Hall, Booth, Smith & Slover, P.C. Suite B, 220 E. Second St. Tifton, GA 31794<br><br>Hall F. McKinley, III, Esq David M. Thomas, Esq. James Clayton Parks, Jr. Drew Eckl & Farnham, LLP P.O. Box 7600 Atlanta, GA 30357-0600<br><br>Michael J. Rust, Esq. Gray, Rust, St. Amand, Moffett & Brieske, LLP Suite 1700, Atlanta Plaza 950 East Paces Ferry Road Atlanta, GA 30326 |

| United States Ex Rel Ilene Farley v. PROVIDENCE LEARNING CENTER AND DEVELOPMENT CORP., CHARLES WALKER, GERALD L. DURLEY, DALE E. JONES, LYNN WHATLEY, JAN SWANSON, STEPHANIE JOHNSON, FRANK McCLOSKEY, MYRA BURNETT-YOUNG, JANNIE B. REDMON, DEREK W. MOSES, GREGORY D. BIGG, MOSES & COMPANY, LLC, and PROVIDENCE MISSIONARY BAPTIST CHURCH, 1:05-CV-02981-RWS | Richard W. Story USDC, N.D., Atlanta Division | Mike Bothwell, Esq. Julie K. Bracker, Esq. William T. Preston, Esq. Bothwell & Simpson, P.C. 304 Macy Drive Roswell, GA 30076 <br><br> Lynn H. Whatley, Esq. Whatley & Associates P.C. Suite C 1580 Connally Drive East Point, GA 30344 <br><br> Jaime L. Theriot, Esq. Frederick C. Dawkins, Esq. Troutman Sanders, LLP Suite 5200 Bank of America Plaza 600 Peachtree St., NE Atlanta, GA 30308 <br><br> William D. Gifford, Esq. U.S. District Court for the Middle District of Georgia P. O. Box 1702 Macon, GA 31202-1702 <br><br> Wm. Parker Sanders, Esq. Matthew W. Clarke, Esq. Smith, Gambrell & Russell, LLP Suite 3100 - Promenade II 1230 Peachtree St., NE Atlanta, GA 30309 <br><br> Tamika B. Hrobowski, Esq. Hrobowski Law Office, PC One Crown Center, Ste. 110 1895 Phoenix Boulevard College Park, GA 30349 |

| Anthem Leather, Inc. v. Kamino International Transport, Inc. 1:06-CV-03130-JEC | Julie E. Carnes USDC, N.D. Atlanta Division | Edward B. Ackerman, Esq. Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt, LLP 25th Floor 399 Park Avenue NY, NY 10022-4877 |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHEM LEATHER, INC.,

    Plaintiff,

v.

KAMINO INTERNATIONAL
TRANSPORT, INC.,

    Defendant

Civil Action
File No.:    1:06-cv-03130-JEC

## ORDER

Attorney Edward H. Lindsey, Jr. of the firm of Goodman McGuffey Lindsey & Johnson, LLP's Petition for Leave of Absence from the practice of law from **Monday, January 8, 2007 through the end of the session,** inclusively wherein he will be serving as a Georgia State Representative having been read and considered, and pursuant to law,

IT IS HEREBY ORDERED that Edward H. Lindsey, Jr. of the firm of Goodman McGuffey Lindsey & Johnson, LLP be allowed to take leave from the practice of law from **Monday, January 8, 2007 through the end of the session,** inclusively pursuant to O.C.G.A. § 9-10-150 (2004).

**GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

This _____ day of _____, 2007.

_____
Judge Julie E. Carnes
United States District Court for the
Northern District of Georgia
Atlanta Division

cc:    Edward B. Ackerman, Esq.

**Goodman McGuffey**
**Lindsey & Johnson, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | CIVIL ACTION NO.: 1:06-cv-3130 |
| v. | |
| KAMINO INTERNATIONAL TRANSPORT, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## WAIVER OF SERVICE OF SUMMONS

To:  Edward H. Lindsey, Jr., Esq.
David M. Abercrombie, Esq.
Goodman, McGuffey, Lindsey & Johnson, LLP
2100 Tower Place
3340 Peachtree Road, N.E.
Atlanta, Georgia 30326-1084
Counsel for Plaintiff Anthem Leather, Inc.

I acknowledge receipt of your request that I waive service of a summons in the action against Kamino International Transport, Inc., filed in the United States District Court for the Northern District of Georgia, Atlanta Division.

I have also received a copy of the Complaint for Damages in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the Complaint for Damages filed in this action by not requiring that Kamino International Transport, Inc. be served with judicial process in the manner provided by the Federal Rules of Civil Procedure.

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

-3-

Kamino International Transport, Inc. will retain all defenses or objections to the action or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Kamino International Transport, Inc. if an answer is not served upon you within 60 days after the date this waiver was sent, or within 90 days after that date if the request for the waiver was sent outside the United States.

This 12th day of January, 2007.

> Edward B. Ackerman, Esq.
> Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt, LLP
> 399 Park Avenue, 25th Floor
> New York, NY 10022-4877

BY:

EDWARD B. ACKERMAN
Counsel for Defendant Kamino
International Transport, Inc.

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

-4-

## NOTICE OF DUTY TO AVOID UNNECESSARY
## COSTS OF SERVICE OF SUMMONS

The Federal Rules of Civil Procedure require certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for such defendant's failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

IN THE UNITED STATES DISTRICT COURT    JAN 2 6 2007
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION    JAMES N. HATTEN

By: _____

ANTHEM LEATHER, INC.,

    Plaintiff,

v.

KAMINO INTERNATIONAL
TRANSPORT, INC.,

    Defendant

Civil Action
File No.:    1:06-cv-03130-JEC

## ORDER

Attorney Edward H. Lindsey, Jr. of the firm of Goodman McGuffey Lindsey & Johnson, LLP's Petition for Leave of Absence from the practice of law from **Monday, January 8, 2007 through the end of the session,** inclusively wherein he will be serving as a Georgia State Representative having been read and considered, and pursuant to law,

IT IS HEREBY ORDERED that Edward H. Lindsey, Jr. of the firm of Goodman McGuffey Lindsey & Johnson, LLP be allowed to take leave from the practice of law from **Monday, January 8, 2007 through the end of the session,** inclusively pursuant to O.C.G.A. § 9-10-150 (2004).

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX


This 25 day of January, 2007.

Judge Julie E. Carnes
United States District Court for the
Northern District of Georgia
Atlanta Division

cc:    Edward B. Ackerman, Esq.

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHEM LEATHER, INC.,          )
                               )
                Plaintiff,     )
                               )
v.                             )   CIVIL ACTION FILE
                               )
KAMINO INTERNATIONAL           )   NO. 06-03130-JEC
TRANSPORT, INC.,               )
                               )
                Defendant.     )
                               )
_____)

## CONSENT ORDER EXTENDING TIME TO ANSWER COMPLAINT

With the consent of the Plaintiff, through their counsel,
it is hereby ordered that the Defendant Kamino International
Transport, Inc., may have up to and including April 12, 2007, in
which to respond, by answer, motion or otherwise, to the
Complaint in this matter.

SO ORDERED 9th day of March, 2007.


_____
The Honorable Julie E. Carnes
United States District Court
Northern District Of Georgia,
Atlanta Division


~Doc# 746172.1~

CONSENTED TO BY:

> /s/ Edward H. Lindsey, Jr.
> Edward H. Lindsey, Jr. (by Jeffrey L.
> Mapen, with express permission)
> Georgia Bar No. 453075
> David M. Abercrombie
> Georgia Bar No. 000394
> Attorneys for PLAINTIFF
> ANTHEM LEATHER, INC.,

GOODMAN, MCGUFFEY, LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, N.E.
Atlanta, GA 30326-1084

> /s/ Jeffrey L. Mapen
> S. Wade Malone
> Georgia Bar No. 468015
> wade.malone@nelsonmullins.com
> Jeffrey L. Mapen
> Georgia Bar No. 469936
> jeff.mapen@nelsonmullins.com
> Attorneys for DEFENDANT KAMINO
> INTERNATIONAL TRANSPORT, INC.

NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, NE / 14th Floor
Atlanta, GA  30309-3964
(404) 817-6000 (phone)
(404) 817-6050 (fax)

~Doc# 746172.1~

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR ░ ░ 2007
MAR 1 5 2007

JAMES ░ ░
By. JAMES N. HATTEN, Clerk
By. ░░░░░░░ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHEM LEATHER, INC.,            )
                                 )
                    Plaintiff,   )
                                 )
v.                               )    CIVIL ACTION FILE
                                 )
KAMINO INTERNATIONAL             )    NO. 06-03130-JEC
TRANSPORT, INC.,                 )
                                 )
                    Defendant.   )
                                 )

## CONSENT ORDER EXTENDING TIME TO ANSWER COMPLAINT

With the consent of the Plaintiff, through their counsel,
it is hereby ordered that the Defendant Kamino International
Transport, Inc., may have up to and including April 12, 2007, in
which to respond, by answer, motion or otherwise, to the
Complaint in this matter.

SO ORDERED 9th day of March, 2007.

The Honorable Julie E. Carnes
United States District Court
Northern District Of Georgia,
Atlanta Division

~Doc# 746172.1~

CONSENTED TO BY:

/s/ Edward H. Lindsey, Jr.
Edward H. Lindsey, Jr. (by Jeffrey L.
Mapen, with express permission)
Georgia Bar No. 453075
David M. Abercrombie
Georgia Bar No. 000394
Attorneys for PLAINTIFF
ANTHEM LEATHER, INC.,

GOODMAN, MCGUFFEY, LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, N.E.
Atlanta, GA 30326-1084

/s/ Jeffrey L. Mapen
S. Wade Malone
Georgia Bar No. 468015
wade.malone@nelsonmullins.com
Jeffrey L. Mapen
Georgia Bar No. 469936
jeff.mapen@nelsonmullins.com
Attorneys for DEFENDANT KAMINO
INTERNATIONAL TRANSPORT, INC.

NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, NE / 14th Floor
Atlanta, GA  30309-3964
(404) 817-6000 (phone)
(404) 817-6050 (fax)

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHEM LEATHER, INC.,          )
                               )
                   Plaintiff,  )
                               )
v.                             )  CIVIL ACTION FILE
                               )
KAMINO INTERNATIONAL           )  NO. 06-03130-JEC
TRANSPORT, INC.,               )
                               )
                   Defendant.  )
_____)

## ANSWER OF DEFENDANT KAMINO INTERNATIONAL TRANSPORT, INC.

Defendant Kamino International Transport, Inc. ("Kamino"),

through its undersigned attorneys, answers the Plaintiff's

Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

Kamino pleads the affirmative defense of contributory

negligence.

### SECOND AFFIRMATIVE DEFENSE

Kamino denies that venue is proper in this forum.  The

parties' written agreement is governed by a binding forum

selection clause which provides that any disputes between the

parties are to be resolved in the courts of the State of New

York.  Therefore, this case should be removed to the United

States District Court for the Eastern District of New York.

<u>THIRD AFFIRMATIVE DEFENSE</u>

This action is barred by the operation of a binding forum selection clause.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred in whole or in part by the limitation of liability clauses contained in the Terms and Conditions of Service applicable to the Customs Power of Attorney and in the invoices for services provided by Kamino to Plaintiff.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims for gross negligence stand to be denied based on an intervening change in applicable law.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Kamino reserves its right to plead any other affirmative defense pursuant to FED. R. CIV. P. 8(c), as discovery of Plaintiff's claims is in its initial stages.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

In response to the individually numbered paragraphs of Plaintiff's Complaint, Kamino responds as follows:

<u>THE PARTIES</u>

1.    Kamino lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies said allegations.

2.    Kamino admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.    Kamino admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.    Kamino admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

<u>VENUE AND JURISDICTION</u>

5.    In response to Paragraph 5 of Plaintiff's Complaint, Kamino denies that venue is proper in this forum.  By way of further response, Kamino admits that Plaintiff seeks more than $75,000 in damages, but denies any inference of the validity thereof.  Except as expressly stated herein, Kamino admits the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.    Kamino denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.    Kamino admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.    Kamino lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, denies said allegations.

<u>FACTS</u>

9.   Kamino states that the agreement between the parties speaks for itself.  By way of further response, Kamino denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.  Kamino states that the agreement between the parties speaks for itself.  By way of further response, Kamino denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.  Kamino states that the agreement between the parties speaks for itself.  By way of further response, Kamino denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.  Kamino states that the agreement between the parties speaks for itself.  By way of further response, Kamino denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.  Kamino denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.  Kamino denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15   Kamino denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.   In response to Paragraph 16 of Plaintiff's Complaint, Kamino admits that it agreed to file protests on Anthem's behalf and avers that Kamino filed protests pursuant to the Power of Attorney executed by Anthem.  Except as expressly admitted herein, Kamino denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.   In response to Paragraph 17 of Plaintiff's Complaint, Kamino admits that Kamino's invoices to Anthem contain a limitation of liability provision, including those invoices issued to Anthem for filing protests and provided by Plaintiff as Exhibit A to its Complaint.  Except as expressly admitted herein, Kamino denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.   Kamino denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.   Kamino denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.   In response to Paragraph 20 of Plaintiff's Complaint, Kamino states that Anthem has provided information to Kamino indicating that Anthem has received refunds as described in Paragraph 20, however, Kamino otherwise lacks sufficient knowledge to admit or deny the allegations contained in

Paragraph 20 of Plaintiff's Complaint and, therefore, denies said allegations.

21.   Kamino denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.   Kamino denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

<u>COUNT I – BREACH OF CONTRACT</u>

23.   In response to Paragraph 23 of Plaintiff's Complaint, Kamino repeats and incorporates by reference the answers set forth in Paragraphs 1 through 22 of this Answer as though fully set forth herein.

24.   Kamino denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.   Kamino admits the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.   Kamino denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

<u>COUNT II - NEGLIGENCE</u>

27.   In response to Paragraph 27 of Plaintiff's Complaint, Kamino repeats and incorporates by reference the answers set forth in Paragraphs 1 through 26 of this Answer as though fully set forth herein.

28.   In response to Paragraph 28 of Plaintiff's Complaint, Kamino admits that it, as customs broker for Anthem, owed certain duties to Anthem.  Except as expressly admitted herein, Kamino denies the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.   Kamino denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.   Kamino denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.   Kamino denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.   Kamino denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

<u>COUNT III – GROSS NEGLIGENCE</u>

33.   In response to Paragraph 33 of Plaintiff's Complaint, Kamino repeats and incorporates by reference the answers set forth in Paragraphs 1 through 32 of this Answer as though fully set forth herein.

34.   Kamino denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.   Kamino denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. In response to the allegations of Paragraph 36 of Plaintiff's Complaint, Kamino states that it timely requested certain refunds, but states that material differences existed in those refunds from the claims brought herein. Except as expressly admitted herein, Kamino denies the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Kamino denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Kamino denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

### COUNT IV – ATTORNEYS' FEES AND COSTS

39   In response to Paragraph 39 of Plaintiff's Complaint, Kamino repeats and incorporates by reference the answers set forth in Paragraphs 1 through 38 of this Answer as though fully set forth herein.

40. Kamino denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

Any remaining allegations of Plaintiff's Complaint not otherwise addressed specifically above are also denied and the prayers of Plaintiff's Complaint are denied.

WHEREFORE, Kamino respectfully requests this Court to dismiss Plaintiff's action with prejudice, award costs and

attorneys fees to defendant, and grant such other relief as the Court deems just and proper.

This 12th day of April, 2007.

/s/ Jeffrey L. Mapen

S. Wade Malone
Georgia Bar No. 468015
Jeffrey L. Mapen.
Georgia Bar No. 469936
ATTORNEYS FOR DEFENDANT
KAMINO INTERNATIONAL
TRANSPORT, INC.

NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

<u>**CERTIFICATION OF FONT SIZE**</u>

The undersigned hereby certifies that the foregoing **ANSWER OF DEFENDANT KAMINO INTERNATIONAL TRANSPORT, INC.** was prepared, double-spaced, in the following font:  Courier New 12 point.

This 12th day of April, 2007.

NELSON MULLINS RILEY &
SCARBOROUGH LLP


By: /s/ Jeffrey L. Mapen
     Jeffrey L. Mapen
     Georgia Bar No.  469936
     ATTORNEY FOR DEFENDANT
     KAMINO INTERNATIONAL
     TRANSPORT, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHEM LEATHER, INC.,            )
                                 )
                   Plaintiff,    )
                                 )
v.                               )   CIVIL ACTION FILE
                                 )
KAMINO INTERNATIONAL             )   NO. 06-03130-JEC
TRANSPORT, INC.,                 )
                                 )
                   Defendant.    )
_____  )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foreground **ANSWER OF DEFENDANT KAMINO INTERNATIONAL TRANSPORT, INC.** by electronically filing this pleading via the Court's CMF system, ensuring delivery to the following:

Edward H. Lindsey, Jr.
David M. Abercrombie
Goodman McGuffey Lindsey &
Johnson, LLP
2100 Tower Place
3340 Peachtree Raod, NE
Atlanta, GA 30326

This 12th day of April, 2007.

/s/ Jeffrey L. Mapen
Jeffrey L. Mapen.
Georgia Bar No. 469936
ATTORNEY FOR DEFENDANT
KAMINO INTERNATIONAL
TRANSPORT, INC.

```
NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) |
| KAMINO INTERNATIONAL | ) NO. 06-03130-JEC |
| TRANSPORT, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**RULE 7.1 CORPORATE DISCLOSURE STATEMENT OF
DEFENDANT KAMINO INTERNATIONAL TRANSPORT, INC.**

COMES NOW Kamino International Transport, Inc., by and through its attorneys of record, and pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, hereby submits this, its Corporate Disclosure Statement, and shows the Court as follows:

1. Whether the named Defendant has a parent company, and if so, what company.

   **Yes – Kamino Limited.**

2. Whether the named Defendant has publicly traded stock.

   **No.**

3. Whether a publicly traded entity owns 10% or more of the named Defendant's company stock and if so, what entity.

   **No.**

This 12th day of April, 2007.

/s/ Jeffrey L. Mapen
S. Wade Malone
Georgia Bar No. 468015
Jeffrey L. Mapen.
Georgia Bar No. 469936
ATTORNEYS FOR DEFENDANT
KAMINO INTERNATIONAL
TRANSPORT, INC.

NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

## <u>CERTIFICATION OF FONT SIZE</u>

The undersigned hereby certifies that the foregoing **CORPORATE DISCLOSURE OF DEFENDANT KAMINO INTERNATIONAL TRANSPORT, INC.** was prepared, double-spaced, in the following font: Courier New 12 point.

This 12th day of April, 2007.

NELSON MULLINS RILEY &
SCARBOROUGH LLP


By: <u>/s/ Jeffrey L. Mapen</u>
      Jeffrey L. Mapen
      Georgia Bar No. 469936
      ATTORNEY FOR DEFENDANT
      KAMINO INTERNATIONAL
      TRANSPORT, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) |
| KAMINO INTERNATIONAL | ) NO. 06-03130-JEC |
| TRANSPORT, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the within and foregoing **CORPORATE DISCLOSURE OF DEFENDANT KAMINO INTERNATIONAL TRANSPORT, INC.** by electronically filing this pleading via the Court's CMF system, ensuring delivery to the following:

Edward H. Lindsey, Jr.
David M. Abercrombie
Goodman McGuffey Lindsey &
Johnson, LLP
2100 Tower Place
3340 Peachtree Raod, NE
Atlanta, GA 30326

This 12th day of April, 2007.

/s/ Jeffrey L. Mapen
Jeffrey L. Mapen.
Georgia Bar No. 469936
ATTORNEY FOR DEFENDANT
KAMINO INTERNATIONAL
TRANSPORT, INC.

```
NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) |
| KAMINO INTERNATIONAL | ) NO. 06-03130-JEC |
| TRANSPORT, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, OR,
IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

NOW COMES the Defendant Kamino International Transport, Inc. ("Kamino"), and, pursuant to FED R. CIV. P. 12(b)(3) and LR 7.1(A)(1), files its Motion to Dismiss for Improper Venue, or, in the alternative, Motion to Transfer Venue. In support of this Motion, Kamino relies on its Memorandum in Support of its Motion to Dismiss for Improper Venue, or, in the alternative, Motion to Transfer Venue, filed contemporaneously herewith, along with all pleadings filed in this matter to date.

WHEREFORE, Kamino prays that this Court dismiss Plaintiff's Complaint for improper venue, or in the alternative, transfers this case to its proper venue in the United States District Court for the Southern District of New York.

This 12th day of April, 2007.

/s/ Jeffrey L. Mapen
S. Wade Malone
Georgia Bar No. 468015
Jeffrey L. Mapen.
Georgia Bar No. 469936
ATTORNEY FOR DEFENDANT
KAMINO INTERNATIONAL
TRANSPORT, INC.

NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
ANTHEM LEATHER, INC.,          )
                               )
                Plaintiff,     )
                               )
v.                             )   CIVIL ACTION FILE
                               )
KAMINO INTERNATIONAL           )   NO. 06-03130-JEC
TRANSPORT, INC.,               )
                               )
                Defendant.     )
                               )
```

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO DISMISS FOR IMPROPER VENUE, OR,**
**IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

NOW COMES the Defendant Kamino International Transport, Inc. ("Kamino"), and, pursuant to FED R. CIV. P. 12(b)(3) and LR 7.1(A)(1), files its Memorandum in Support of its Motion to Dismiss for Improper Venue, or, in the alternative, Motion to Transfer Venue, and shows the Court as follows:

I.    <u>INTRODUCTION</u>

Plaintiff's Complaint stands to be dismissed for improper venue because venue for Plaintiff's claims belongs in the courts of New York, pursuant to a forum selection provision contained in the relevant agreement entered into by the parties which forms the basis of Plaintiff's claims.

Anthem Leather Inc. ("Anthem") imports, among other things, certain leather goods from foreign countries. Among other things, Kamino is engaged in the business of acting as a customs broker for various entities. This case centers around an agreement entered into between Anthem and Kamino, whereby Kamino agreed to act as Anthem's customs broker regarding certain transactions. (A true and correct copy of the Customs Power of Attorney/Designation as Export Forwarding Agent (the "Agreement") is attached as Exhibit 1).

Pursuant to the Agreement, Anthem acknowledged, among other things, receipt of Kamino's "Terms and Conditions of Service" of the Agreement, which "<u>govern[s] all transactions between the parties</u>." (Exhibit 1) (emphasis added). These terms and conditions of the Agreement, which are based on the model authored by the National Customs Brokers and Freight Forwarders Association, "constitute a legally binding contract between [Kamino] and [Anthem]." (A true and correct copy of the terms and conditions of Service is attached as Exhibit 2). Pursuant to the terms and conditions of the Agreement, Kamino "irrevocably consent[ed] to the jurisdiction of the United States District Court and the State courts of New York" and agreed that "any action relating to the services performed by

[Kamino], shall only be brought in said courts." (Exhibit 2 at
¶ 21).

Nonetheless, Anthem has ignored this plain language,
choosing instead to sue Kamino in this Court for claims relating
to the services performed by Kamino. Kamino asks this Court to
dismiss Anthem's claims based on improper venue. Alternatively,
Kamino requests that the Court transfer the case to the United
States District Court for the Southern District of New York,
pursuant to the clear terms of the controlling agreement.

## II. STATEMENT OF MATERIAL FACTS

This action arises out of a contract between Anthem and
Kamino with regard to Kamino acting as Anthem's customs broker
for certain goods imported by Anthem from Brazil in or around
2001 and 2002. (Complaint at ¶ 9.)

Pursuant to the Agreement, Kamino was empowered to initiate
the transactions of customs business on behalf of Anthem and
"generally to transact Customs business including the filing of
claims and protests under section 1514 of the Tariff Act of
1930." (Exhibit 1). Further, pursuant to the Agreement, Anthem
acknowledged, among other things, receipt of Kamino's "Terms and
Conditions of Service" of the Agreement which "govern[s] all
transactions between the parties." (Exhibit 1) (emphasis
added).

On December 26, 2006, Anthem filed suit against Kamino in the United States District Court for the Northern District of Georgia seeking damages arising under the Agreement. (Complaint). In particular, Anthem alleges that Kamino failed to apply for certain refunds for duties that were allegedly overpaid and due to Anthem because of the misclassification of its goods and their corresponding country of origin, pursuant to the Agreement. (Complaint at ¶ 18).

Pursuant to the terms and conditions of the Agreement, Kamino "irrevocably consent[ed] to the jurisdiction of the United States District Court and the State courts of New York" and agreed that "any action relating to the services performed by [Kamino], shall only be brought in said courts." (Exhibit 2 at ¶ 21).

## III. ARGUMENT AND CITATION OF AUTHORITY

A motion to dismiss upon choice-of-forum and choice-of-law grounds should be brought pursuant to Federal Rule of Civil Procedure 12(b)(3) as a motion to dismiss for improper venue. Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir. 1998). "Since Rule 12 plainly permits a party to make by motion certain enumerated defenses 'in law or fact,' the court may consider matters outside the pleadings, particularly when the motion is predicated upon key issues of fact." Webster

4

v. Royal Caribbean Cruises, Ltd., 124 F. Supp. 2d 1317, 1320

(S.D. Fla. 2000).

A.    Eleventh Circuit Courts Favor The Enforcement Of Forum
      Selection Clauses.

      Parties opposing the enforcement of a forum selection

provision bear a heavy burden:

> The question of whether a contract containing a valid
> and reasonable choice of forum provision changes the
> burden of persuasion has been painfully and arduously
> answered in this circuit.... Because the plaintiff
> has already chosen the contractual venue in the
> contract, the theory is that the concern for
> preserving the plaintiffs' right to choose their forum
> by filing suit is no longer present. The opposing
> party, therefore, bears the burden 'of persuading the
> court that the contractual forum is sufficiently
> inconvenient to justify retention of the dispute.' ...
> This burden is extremely difficult to overcome.

Picken v. Minuteman Press Int'l, Inc., 854 F. Supp. 909, 910-11

(N.D. Ga. 1993)(citations omitted)(Forrester, J.). See also In

re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989)("In

attempting to enforce the contractual venue, the movant is no

longer attempting to limit the plaintiff's right to choose its

forum; rather, the movant is trying to enforce the forum that

the plaintiff had already chosen: the contractual venue. In

such cases, we see no reason why a court should accord deference

to the forum in which the plaintiff filed its action. Such

deference to the filing forum would only encourage parties to

violate their contractual obligations, the integrity of which are vital to our judicial system.").

The United States Supreme Court has concurred, stating that: "A valid forum selection clause [should be] given controlling weight in all but the most exceptional cases." <u>See Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 33, 108 S.Ct. 2239, 101 L. Ed. 2d 22 (1988).

This strong presumption in enforcing forum selection clauses is especially applicable when, as here, all the parties are sophisticated business people with substantial means. <u>See Picken</u>, 854 F. Supp. at 911; <u>Rinks v. Courier Dispatch</u>, No. 01-0678, 2001 U.S. Dist. LEXIS 4728, at *10-11 (N.D. Ga. April 11, 2001) (Forrester, J.).

Anthem is a sophisticated company and signed the Agreement with full knowledge of its contents. The Agreement provides that the courts in New York shall have exclusive jurisdiction and venue over any dispute arising thereunder. (Exhibits 1 and 2). Therefore, Plaintiff's Complaint stands to be dismissed for improper venue.

B.  <u>As An Alternative To Dismissing The Complaint, This Court</u>
    <u>May Transfer This Case To The United States District Court</u>
    <u>For The Southern District Of New York.</u>

Under 28 U.S.C. § 1404, this Court may transfer this action to the United States District Court for the Southern District of New York.    (Exhibits 1 and 2).    Pursuant to the terms and conditions of the Agreement, Kamino "irrevocably consent[ed] to the jurisdiction of the United States District Court and the State courts of New York" and agreed that "any action relating to the services performed by [Kamino], shall only be brought in said courts."    (Exhibit 2 at ¶ 21).    As an alternative to granting Kamino's Motion to Dismiss for Improper Venue, Kamino asks that the Court transfer this case to the United States District Court for the Southern District of New York to effectuate the parties' intent that their disputes be litigated in New York.    <u>See</u> <u>Picken</u>, 854 F. Supp. at 910-11 (transferring case under § 1404 based on forum selection clause).

<div align="center">IV.  <u>CONCLUSION</u></div>

For all the foregoing reasons, Kamino's Motion to Dismiss for Improper Venue, or in the alternative, Motion to Transfer Venue, should be granted.

<div align="center">7</div>

This 12th day of April, 2007.

/s/ Jeffrey L. Mapen
S. Wade Malone
Georgia Bar No. 468015
Jeffrey L. Mapen.
Georgia Bar No. 469936
ATTORNEYS FOR DEFENDANT
KAMINO INTERNATIONAL
TRANSPORT, INC.

NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

<u>**CERTIFICATION OF FONT SIZE**</u>

The undersigned hereby certifies that the foregoing

**DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE**

**ALTERNATIVE, MOTION TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT**

**OF MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE,**

**MOTION TO TRANSFER VENUE** was prepared, double-spaced, in the

following font:  Courier New 12 point.

This 12th day of April, 2007.


NELSON MULLINS RILEY &
SCARBOROUGH LLP


By:<u>/s/ Jeffrey L. Mapen</u>
    Jeffrey L. Mapen
    Georgia Bar No.  469936
    ATTORNEY FOR DEFENDANT
    KAMINO INTERNATIONAL
    TRANSPORT, INC.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
ANTHEM LEATHER, INC.,          )
                               )
                   Plaintiff,  )
                               )
v.                             )   CIVIL ACTION FILE
                               )
KAMINO INTERNATIONAL           )   NO. 06-03130-JEC
TRANSPORT, INC.,               )
                               )
                   Defendant.  )
                               )
```

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing **DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE** by electronically filing this pleading via the Court's CMF system, ensuring delivery to the following:

Edward H. Lindsey, Jr.
David M. Abercrombie
Goodman McGuffey Lindsey &
Johnson, LLP
2100 Tower Place
3340 Peachtree Raod, NE
Atlanta, GA 30326

10

This 12th day of April, 2007.

                                        /s/ Jeffrey L. Mapen
                                        Jeffrey L. Mapen.
                                        Georgia Bar No. 469936
                                        ATTORNEY FOR DEFENDANT
                                        KAMINO INTERNATIONAL
                                        TRANSPORT, INC.

NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

## CUSTOMS POWER OF ATTORNEY/
### DESIGNATION AS EXPORT FORWARDING AGENT
and
Acknowledgement of Terms and Conditions

Copyright 1995, National Customs Brokers and Forwarders Association of America, Inc.
(Revised 01/00)

✓ appropriate box:

☐ Individual
☐ Partnership
☒ Corporation
☐ Sole Proprietorship
☐ Limited Liability Company

### 56-2038315

KNOW ALL MEN BY THESE PRESENTS: That  Anthem Leather Inc. (DEL) _____ doing

business as a ✓  Corporation  _____ under the laws of the State of ✓  DEL
(individual, partnership, corporation, sole proprietorship, or limited liability company) (identify)

residing or having a principal place of business at ✓  Townsend Ave., High Point, NC 27263  hereby constitutes and

appoints ✓  Kamino International transport  the officers, employees, and/or specifically authorized agents, to act for and
(Grantee's Name)

on its behalf as a true and lawful agent and attorney of the grantor for and in the name, place and stead of said grantor, from this date,

in the United States (the "territory") either in writing, electronically, or by other authorized means, to:

Make, endorse, sign, declare, or swear to any customs entry, withdrawal, declaration, certificate, bill of lading, carnet or any other documents required by law or regulation in connection with the importation, exportation, transportation, of any merchandise in or through the customs territory, shipped or consigned by or to said grantor;

Perform any act or condition which may be required by law or regulation in connection with such merchandise deliverable to said grantor; to receive any merchandise;

Make endorsements on bills of lading conferring authority to transfer title; make entry or collect drawback; and to make, sign, declare, or swear to any statement or certificate required by law or regulation for drawback purposes, regardless of whether such document is intended for filing with Customs;

Sign, seal, and deliver for and as the act of said grantor any bond required by law or regulation in connection with the entry or withdrawal of imported merchandise or merchandise exported with or without benefit of drawback, or in connection with the entry, clearance, lading, unlading or navigation of any vessel or other means of conveyance owned or operated by said grantor, and any and all bonds which may be voluntarily given and accepted under applicable laws and regulations, consignee's and owner's declarations provided for in section 485, Tariff Act of 1930, as amended, or affidavits or statements in connection with the entry of merchandise;

Sign and swear to any document and to perform any act that may be necessary or required by law or regulation in connection with the entering, clearing, lading, unlading, or operation of any vessel or other means of conveyance owned or operated by said grantor;

Authorize other Customs Brokers duly licensed within the territory to act as grantor's agent; to receive, endorse and collect checks issued for Customs duty refunds in grantor's name drawn on the Treasurer of the United States; if the grantor is a nonresident of the United States, to accept service of process on behalf of the grantor;

And generally to transact Customs business, including filing of claims or protests under section 514 of the Tariff Act of 1930, or pursuant to other laws of the territories, in which said grantor is or may be concerned or interested and which may properly be transacted or performed by an agent and attorney;

Giving to said agent and attorney full power and authority to do anything whatever requisite and necessary to be done in the premises as fully as said grantor could do if present and acting, hereby ratifying and confirming all that the said agent and attorney shall lawfully do by virtue of these presents;

This power of attorney to remain full force and effect until revocation in writing is duly given to and received by grantee (if the donor of this power of attorney is a partnership, the said power shall in no case have any force or effect in the United States after the expiration 2 years from the dates of its execution);

Appointment as Forwarding Agent: Grantor authorizes the above Grantee to act within the territory as lawful agent and sign or endorse export documents (i.e., commercial invoices, bill of lading, insurance certificates, drafts and any other document) necessary for the completion of an export on grantor's behalf as may be required under law and regulation in the territory and to appoint forwarding agents on grantor's behalf;

Grantor acknowledges receipt of  KAMINO INTERNATIONAL TRANPORT INC.  Terms and Conditions of Service governing all transactions between the Parties.
(Grantee's Name)

If the Grantor is a Limited Liability Company, the signatory certifies that he/she has full authority to execute this power on behalf of the Grantor.

IN WITNESS WHEREOF, the said ✓  Anthem Leather, Inc. (DEL)
(Full name of company)

caused these presents to be sealed and signed: (Signature) ✓  Stacey L. Caraway

(Capacity) ✓  Secretary (Corporate Officer)  Date: 01/03/01

Witness: (if required) _____

If you are the importer of record, payment to the broker will not relieve you of liability for U.S. Customs charges (duties, taxes or other debts owed Customs). In the event the charges are not paid by the broker. Therefore, if you pay by check, Customs charges may be paid with a separate check payable to the "U.S. Customs Service" which shall be delivered to Customs by the broker. Importers who wish to utilize this procedure must contact our office in advance to arrange timely receipt of duty checks.

APPERSON PRINT MANAGEMENT SERVICES - NCBFAA-2 • WHSE. NO. 07048

kamino

## TERMS AND CONDITIONS OF SERVICE (01/2006)

These terms and conditions of service constitute a legally binding contract between the KAT Import Brokers (the "Company") and the "Customer." In the event the Company renders services and issues a document containing Terms and Conditions governing such services, the Terms and Conditions set forth in such other document(s) shall govern those services.

**1. Definitions**

(a) "Company" shall mean Kamino International Inc. dba KAT import Brokers, its subsidiaries, related companies, agents and/or representatives.

(b) "Customer" shall mean the person for which the Company is rendering service, as well as its agents and/or representatives, including, but not limited to, shippers, importers, exporters, carriers, secured parties, warehousemen, buyers and/or sellers, shipper's agents, insurers and underwriters, break-bulk agents, consignees, etc. It is the responsibility of the Customer to provide notice and copy(s) of these terms and conditions of service to all such agents or representatives.

(c) "Documentation" shall mean all information received directly or indirectly from Customer, whether in paper or electronic form.

(d) "Ocean Transportation Intermediaries" ("OTI") shall include an "ocean freight forwarder" and a "non-vessel operating common carrier.

(e) "Third parties" shall include, but not be limited to, the following: carriers, truckmen, cartmen, lightermen, forwarders, OTI's, customs brokers, agents, warehousemen and others to which the goods are entrusted for transportation, cartage, handling and/or delivery and/or storage or otherwise.

**2. Company As Agent.** The Company acts as the "agent" of the Customer for the purpose of performing duties in connection with the entry and release of goods, post-entry services, the securing of export licenses, the filing of export documentation on behalf of the Customer and other dealings with Government Agencies; as to all other services, Company acts as an independent contractor.

**3. Limitation of Actions.**

(a) Unless subject to a specific statute or international convention, all claims against the Company for a potential or actual loss, must be made in writing and received by the Company, within ninety (90) days of the event giving rise to claim. The failure to give the Company timely notice shall be a complete defense to any suit or action commenced by Customer.

(b) Unless otherwise required by statute, all suits against Company must be filed and properly served on Company as follows:

(i) For claims arising out of ocean transportation, within one (1) year from the date of the loss;

(ii) For those claims arising from air transportation, within two (2) years from the date of the loss;

(iii) For claims arising out of the preparation and/or submission of an import entry(s), other transactions of Customs business or on export shipments, within sixty (60) days after the date of presentation of the claim or from the date of liquidation of the entry(s) which ever occurs first.

(iv) For any and all other claims of any other type, within two (2) years from the date of the loss or damage.

6

**4. No Liability For The Selection or Services of Third Parties and/or Routes.** Unless services are performed by persons or firms engaged pursuant to express written instructions from the Customer, Company is authorized to select and engage carriers, truckmen, lightermen, OTI's, forwarders, customs brokers, warehousemen and others as required. These companies may limit their liability based upon the bill of lading, invoices, receipts, or other documents issued by the third party. The Company shall use reasonable care in its selection of third parties, or in selecting the means, route and procedure to be followed in the handling, transportation, clearance and delivery of the shipment. Advice by the Company that a particular person or firm has been selected to render services with respect to the goods, shall not be construed to mean that the Company warrants or represents that such person or firm will render such services nor does Company assume responsibility or liability for any action(s) and/or inaction(s) of such third parties and/or its agents, and shall not be liable for any delay or loss of any kind, which occurs while a shipment is in the custody or control of a third party or the agent of a third party. All claims in connection with the Act of a third party shall be brought solely against such party and/or its agents; in connection with any such claim, the Company shall reasonably cooperate with the Customer, which shall be liable for any charges or costs incurred by the Company. Whenever Company engages the services of a customs broker for the Customer, Company will be billed by the customs broker and Customer waives the requirement that Company furnish a copy of that customs broker's statement of fees and charges.

**5. Quotations Not Binding.** Quotations as to fees, rates of duty, freight charges, insurance premiums or other charges given by the Company to the Customer are for informational purposes only and are subject to change without notice. No quotation shall be binding upon the Company unless the Company in writing agrees to undertake the handling or transportation of the shipment at a specific rate or amount set forth in the quotation and payment arrangements are agreed to between the Company and the Customer.

**6. Reliance On Information Furnished.**

(a) Customer acknowledges that it is required to review all documents and declarations prepared and/or filed with the Bureau of Customs and Border Protection, other Government Agency and/or third parties, and will immediately advise the Company of any errors, discrepancies, incorrect statements, or omissions on any declaration filed on Customers behalf.

(b) In preparing and submitting Customs entries, export declarations, applications, documentation, and/or export data to the United States and/or a third party, the Company relies on the correctness of all documentation, whether in written or electronic format, and all information furnished by Customer. Customer shall use reasonable care to insure the correctness of all such information and shall indemnify and hold the Company harmless from any and all claims asserted and/or liability or losses suffered by reason of the Customer's failure to disclose information or any incorrect or false statement by the Customer upon which the Company reasonably relied. The Customer agrees that the Customer has an affirmative, non-delegable duty to disclose any and all information required to import, export, or enter the goods.

**7. Declaring Higher Value To Third Parties.** Third parties to whom the goods are entrusted may limit liability for loss or damage. The Company will request excess valuation coverage only upon specific written instructions from the Customer, which must agree to pay any charges therefore. In the absence of written instructions or the refusal of the third party to agree to a higher declared value, at Company's discretion, the goods may be tendered to the third party, subject to the terms of the third party's limitations of liability and/or terms and conditions of service.

**8. Insurance.** Unless requested to do so in writing and confirmed to Customer in writing, Company is under no obligation to procure insurance on Customer's behalf. In all cases, customer shall pay all premiums and costs in connection with procuring requested insurance.

**9. Disclaimers; Limitation of Liability.**

(a) Except as specifically set forth herein, Company makes no express or implied warranties in connection with its services.

(b) Subject to (d) below, Customer agrees that in connection with any and all services performed by the Company, the Company shall only be liable for its negligent acts, which are the direct and proximate cause of any injury to Customer, including loss or damage to Customer's goods, and the Company shall in no event be liable for the acts of third parties.

1

    (c) In connection with all services performed by the Company, Customer may obtain additional liability coverage, up to the actual or declared value of the shipment or transaction, by requesting such coverage and agreeing to make payment therefore, which request must be confirmed in writing by the Company prior to rendering services for the covered transaction(s).

    (d) In the absence of additional coverage under (c) above, the Company's liability shall be limited to the following:

        (i) where the claim arises from activities other than those relating to customs brokerage, $50.00 per shipment or transaction, or

        (ii) where the claim arises from activities relating to "Customs business," $50.00 per entry or the amount of brokerage fees paid to Company for the entry, whichever is less.

    (e) In no event shall Company be liable or responsible for consequential, indirect, incidental, statutory or punitive damages even if it has been put on notice of the possibility of such damages.

**10. Advancing Money.** The Company has no obligation to prepay or advance any monies on behalf of the Customer. All charges must be paid by Customer in advance unless the Company agrees in writing to extend credit to customer. The granting of credit to a Customer in connection with a particular transaction shall not be considered a waiver of this provision by the Company. A service charge of interest up to 25% per annum or the highest rate allowed by law shall be added and due to all invoices remaining unpaid after their due date. Any referral for collection, Customer shall pay all expenses of collection and/or litigation including reasonable attorney's fees.

**11. Duty Payment Notice:** If you are an importer of record, payment to the broker will not relieve you of the liability for Customs charges in the event the charges are not paid by the broker. Therefore, if you pay by check, Customs charges may be paid with a separate check payable to the "U.S. Customs & Border Protection." This option, if elected, requires prior arrangement with the Company.

**12. Indemnification/Hold Harmless.** The Customer agrees to indemnify, defend, and hold the Company harmless from any claims and/or liability arising from the importation or exportation of Customer's merchandise and/or any conduct of the Customer, which violates any Federal, State and/or other laws, and further agrees to indemnify and hold the Company harmless against any and all liability, loss, damages, costs, claims and/or expenses, including but not limited to reasonable attorney's fees, which the Company may hereafter incur, suffer or be required to pay by reason of such claims. In the event that any claim, suit or proceeding is brought against the Company, it shall give notice in writing to the Customer by mail at its address on file with the Company.

**13. Costs of Collection.** In any dispute involving monies owed to Company, the Company shall be entitled to all costs of collection, including reasonable attorney's fees and interest at 25% per annum or the highest rate allowed by law, whichever is less, unless a lower amount is agreed to by Company.

**14. General Lien And Right To Sell Customer's Property.**

    (a) Company shall have a general and continuing lien on any and all property of Customer coming into Company's actual or constructive possession or control for monies owed to Company with regard to the shipment on which the lien is claimed, a prior shipment(s) and/or both.

    (b) Company shall provide written notice to Customer of its intent to exercise such lien, the exact amount of monies due and owing, as well as any ongoing storage or other charges; Customer shall notify all parties having an interest in its shipment(s) of Company's rights and/or the exercise of such lien.

    (c) Unless, within thirty (30) days of receiving notice of lien, Customer posts cash or letter of credit at sight, or, if the amount due is in dispute, an acceptable bond equal to 110% of the value of the total amount due, in favor of Company, guaranteeing payment of the monies owed, plus all storage charges accrued or to be accrued, Company shall have the right to sell such shipment(s) at public or private sale or auction and any net proceeds remaining thereafter shall be refunded to Customer.

**15. No Duty To Maintain Records For Customer.** Customer acknowledges that pursuant to Sections 508 and 509 of the Tariff Act, as amended, (19 U.S.C. §1508 and §1509) it has the duty and is solely liable for maintaining all records required under the Customs and/or other Laws and Regulations of the United States. Unless otherwise agreed to in writing, the Company shall only keep such records that it is required to maintain by Statute(s) and/or Regulation(s), but not act as a "recordkeeper" or "recordkeeping agent" for Customer. Customer must furnish missing documents within the period of time as required by Customs regulations to avoid Customs penalties.

**16. Obtaining Binding Rulings, Filing Protests, etc.** Unless requested by Customer in writing and agreed to by Company in writing, Company shall be under no obligation to undertake any pre or post Customs release action, including, but not limited to, obtaining binding rulings, advising of liquidations, filing of petition(s) and/or protests, etc.

**17. Preparation and Issuance of Bills of Lading.** Where Company prepares and/or issues a bill of lading, Company shall be under no obligation to specify thereon the number of pieces, packages and/or cartons, etc.; unless specifically requested to do so in writing by Customer or its agent and Customer agrees to pay for same, Company shall rely upon and use the cargo weight supplied by Customer.

**18. No Modification or Amendment Unless Written.** These terms and conditions of service may only be modified, altered or amended in writing signed by both Customer and Company. Any attempt to unilaterally modify, alter or amend same shall be null and void.

**19. Compensation of Company.** The compensation of the Company for its services shall be included with and is in addition to the rates and charges of all carriers and other agencies selected by the Company to transport and deal with the goods and such compensation shall be exclusive of any brokerage, commissions, dividends, or other revenue received by the Company from carriers, insurers and others in connection with the shipment. On ocean exports, upon request, the Company shall provide a detailed breakout of the components of all charges assessed and a true copy of each pertinent document relating to these charges. In any referral for collection or action against the Customer for monies due the Company, upon recovery by the Company, the Customer shall pay the expenses of collection and/or litigation, including a reasonable attorney fee.

**20. Severability.** In the event any Paragraph(s) and/or portion(s) hereof is found to be invalid and/or unenforceable, then in such event the remainder hereof shall remain in full force and effect.

**21. Governing Law; Consent to Jurisdiction and Venue.** These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of New York, without giving consideration to principles of conflict of law. Customer and Company

    (a) irrevocably consent to the jurisdiction of the United States District Court and the State courts of New York;

    (b) agree that any action relating to the services performed by Company, shall only be brought in said courts;

    (c) consent to the exercise of personal jurisdiction by said courts over it; and

    (d) further agree that any action to enforce a judgment may be instituted in any jurisdiction.

Kamino International Inc. has a policy against payment, solicitation, or receipt of any rebate, directly or indirectly, which would be unlawful under the United States Shipping Act, as amended.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHEM LEATHER, INC.,           )
                                )
                   Plaintiff,   )
                                )
v.                              )   CIVIL ACTION FILE
                                )
KAMINO INTERNATIONAL            )   NO. 06-03130-JEC
TRANSPORT, INC.,                )
                                )
                   Defendant.   )
_____ )

## **DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

NOW COMES the Defendant Kamino International Transport, Inc. ("Kamino"), and, pursuant to FED R. CIV. P. 12(b)(3) and LR 7.1(A)(1), files its Motion to Dismiss for Improper Venue, or, in the alternative, Motion to Transfer Venue.  In support of this Motion, Kamino relies on its Memorandum in Support of its Motion to Dismiss for Improper Venue, or, in the alternative, Motion to Transfer Venue, filed contemporaneously herewith, along with all pleadings filed in this matter to date.

WHEREFORE, Kamino prays that this Court dismiss Plaintiff's Complaint for improper venue, or in the alternative, transfers this case to its proper venue in the United States District Court for the Southern District of New York.

This 12th day of April, 2007.

/s/ Jeffrey L. Mapen
S. Wade Malone
Georgia Bar No. 468015
Jeffrey L. Mapen.
Georgia Bar No. 469936
ATTORNEY FOR DEFENDANT
KAMINO INTERNATIONAL
TRANSPORT, INC.

NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
ANTHEM LEATHER, INC.,          )
                               )
                Plaintiff,     )
                               )
v.                             )   CIVIL ACTION FILE
                               )
KAMINO INTERNATIONAL           )   NO. 06-03130-JEC
TRANSPORT, INC.,               )
                               )
                Defendant.     )
                               )
```

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO DISMISS FOR IMPROPER VENUE, OR,**
**IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

NOW COMES the Defendant Kamino International Transport, Inc. ("Kamino"), and, pursuant to FED R. CIV. P. 12(b)(3) and LR 7.1(A)(1), files its Memorandum in Support of its Motion to Dismiss for Improper Venue, or, in the alternative, Motion to Transfer Venue, and shows the Court as follows:

I.    INTRODUCTION

Plaintiff's Complaint stands to be dismissed for improper venue because venue for Plaintiff's claims belongs in the courts of New York, pursuant to a forum selection provision contained in the relevant agreement entered into by the parties which forms the basis of Plaintiff's claims.

Anthem Leather Inc. ("Anthem") imports, among other things, certain leather goods from foreign countries. Among other things, Kamino is engaged in the business of acting as a customs broker for various entities. This case centers around an agreement entered into between Anthem and Kamino, whereby Kamino agreed to act as Anthem's customs broker regarding certain transactions. (A true and correct copy of the Customs Power of Attorney/Designation as Export Forwarding Agent (the "Agreement") is attached as Exhibit 1).

Pursuant to the Agreement, Anthem acknowledged, among other things, receipt of Kamino's "Terms and Conditions of Service" of the Agreement, which "<u>govern[s] all transactions between the parties</u>." (Exhibit 1) (emphasis added). These terms and conditions of the Agreement, which are based on the model authored by the National Customs Brokers and Freight Forwarders Association, "constitute a legally binding contract between [Kamino] and [Anthem]." (A true and correct copy of the terms and conditions of Service is attached as Exhibit 2). Pursuant to the terms and conditions of the Agreement, Kamino "irrevocably consent[ed] to the jurisdiction of the United States District Court and the State courts of New York" and agreed that "any action relating to the services performed by

2

[Kamino], shall only be brought in said courts." (Exhibit 2 at ¶ 21).

Nonetheless, Anthem has ignored this plain language, choosing instead to sue Kamino in this Court for claims relating to the services performed by Kamino. Kamino asks this Court to dismiss Anthem's claims based on improper venue. Alternatively, Kamino requests that the Court transfer the case to the United States District Court for the Southern District of New York, pursuant to the clear terms of the controlling agreement.

## II. STATEMENT OF MATERIAL FACTS

This action arises out of a contract between Anthem and Kamino with regard to Kamino acting as Anthem's customs broker for certain goods imported by Anthem from Brazil in or around 2001 and 2002. (Complaint at ¶ 9.)

Pursuant to the Agreement, Kamino was empowered to initiate the transactions of customs business on behalf of Anthem and "generally to transact Customs business including the filing of claims and protests under section 1514 of the Tariff Act of 1930." (Exhibit 1). Further, pursuant to the Agreement, Anthem acknowledged, among other things, receipt of Kamino's "Terms and Conditions of Service" of the Agreement which "govern[s] all transactions between the parties." (Exhibit 1) (emphasis added).

3

On December 26, 2006, Anthem filed suit against Kamino in the United States District Court for the Northern District of Georgia seeking damages arising under the Agreement. (Complaint).  In particular, Anthem alleges that Kamino failed to apply for certain refunds for duties that were allegedly overpaid and due to Anthem because of the misclassification of its goods and their corresponding country of origin, pursuant to the Agreement. (Complaint at ¶ 18).

Pursuant to the terms and conditions of the Agreement, Kamino "irrevocably consent[ed] to the jurisdiction of the United States District Court and the State courts of New York" and agreed that "any action relating to the services performed by [Kamino], shall only be brought in said courts." (Exhibit 2 at ¶ 21).

III. ARGUMENT AND CITATION OF AUTHORITY

A motion to dismiss upon choice-of-forum and choice-of-law grounds should be brought pursuant to Federal Rule of Civil Procedure 12(b)(3) as a motion to dismiss for improper venue. Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir. 1998).  "Since Rule 12 plainly permits a party to make by motion certain enumerated defenses 'in law or fact,' the court may consider matters outside the pleadings, particularly when the motion is predicated upon key issues of fact." Webster

4

v. Royal Caribbean Cruises, Ltd., 124 F. Supp. 2d 1317, 1320

(S.D. Fla. 2000).

A.  Eleventh Circuit Courts Favor The Enforcement Of Forum
    Selection Clauses.

     Parties opposing the enforcement of a forum selection

provision bear a heavy burden:

> The question of whether a contract containing a valid
> and reasonable choice of forum provision changes the
> burden of persuasion has been painfully and arduously
> answered in this circuit....  Because the plaintiff
> has already chosen the contractual venue in the
> contract, the theory is that the concern for
> preserving the plaintiffs' right to choose their forum
> by filing suit is no longer present.  The opposing
> party, therefore, bears the burden 'of persuading the
> court that the contractual forum is sufficiently
> inconvenient to justify retention of the dispute.' ...
> This burden is extremely difficult to overcome.

Picken v. Minuteman Press Int'l, Inc., 854 F. Supp. 909, 910-11

(N.D. Ga. 1993)(citations omitted)(Forrester, J.).  See also In

re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989)("In

attempting to enforce the contractual venue, the movant is no

longer attempting to limit the plaintiff's right to choose its

forum; rather, the movant is trying to enforce the forum that

the plaintiff had already chosen:  the contractual venue.  In

such cases, we see no reason why a court should accord deference

to the forum in which the plaintiff filed its action.  Such

deference to the filing forum would only encourage parties to

violate their contractual obligations, the integrity of which are vital to our judicial system.").

The United States Supreme Court has concurred, stating that: "A valid forum selection clause [should be] given controlling weight in all but the most exceptional cases." See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33, 108 S.Ct. 2239, 101 L. Ed. 2d 22 (1988).

This strong presumption in enforcing forum selection clauses is especially applicable when, as here, all the parties are sophisticated business people with substantial means. See Picken, 854 F. Supp. at 911; Rinks v. Courier Dispatch, No. 01-0678, 2001 U.S. Dist. LEXIS 4728, at *10-11 (N.D. Ga. April 11, 2001) (Forrester, J.).

Anthem is a sophisticated company and signed the Agreement with full knowledge of its contents. The Agreement provides that the courts in New York shall have exclusive jurisdiction and venue over any dispute arising thereunder. (Exhibits 1 and 2). Therefore, Plaintiff's Complaint stands to be dismissed for improper venue.

B.   <u>As An Alternative To Dismissing The Complaint, This Court</u>
<u>May Transfer This Case To The United States District Court</u>
<u>For The Southern District Of New York.</u>

Under 28 U.S.C. § 1404, this Court may transfer this action to the United States District Court for the Southern District of New York.  (Exhibits 1 and 2).  Pursuant to the terms and conditions of the Agreement, Kamino "irrevocably consent[ed] to the jurisdiction of the United States District Court and the State courts of New York" and agreed that "any action relating to the services performed by [Kamino], shall only be brought in said courts."  (Exhibit 2 at ¶ 21).  As an alternative to granting Kamino's Motion to Dismiss for Improper Venue, Kamino asks that the Court transfer this case to the United States District Court for the Southern District of New York to effectuate the parties' intent that their disputes be litigated in New York.  <u>See</u> <u>Picken</u>, 854 F. Supp. at 910-11 (transferring case under § 1404 based on forum selection clause).

<div align="center">IV.  <u>CONCLUSION</u></div>

For all the foregoing reasons, Kamino's Motion to Dismiss for Improper Venue, or in the alternative, Motion to Transfer Venue, should be granted.

This 12th day of April, 2007.

/s/ Jeffrey L. Mapen
S. Wade Malone
Georgia Bar No. 468015
Jeffrey L. Mapen.
Georgia Bar No. 469936
ATTORNEYS FOR DEFENDANT
KAMINO INTERNATIONAL
TRANSPORT, INC.

NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

## CERTIFICATION OF FONT SIZE

The undersigned hereby certifies that the foregoing

**DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE**

**ALTERNATIVE, MOTION TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT**

**OF MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE,**

**MOTION TO TRANSFER VENUE** was prepared, double-spaced, in the

following font:  Courier New 12 point.

This 12th day of April, 2007.

                              NELSON MULLINS RILEY &
                              SCARBOROUGH LLP


                              By:/s/ Jeffrey L. Mapen
                                 Jeffrey L. Mapen
                                 Georgia Bar No.  469936
                                 ATTORNEY FOR DEFENDANT
                                 KAMINO INTERNATIONAL
                                 TRANSPORT, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| ANTHEM LEATHER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| KAMINO INTERNATIONAL | ) | NO. 06-03130-JEC |
| TRANSPORT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing **DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE** by electronically filing this pleading via the Court's CMF system, ensuring delivery to the following:

Edward H. Lindsey, Jr.
David M. Abercrombie
Goodman McGuffey Lindsey &
Johnson, LLP
2100 Tower Place
3340 Peachtree Raod, NE
Atlanta, GA 30326

This 12th day of April, 2007.

/s/ Jeffrey L. Mapen
Jeffrey L. Mapen.
Georgia Bar No. 469936
ATTORNEY FOR DEFENDANT
KAMINO INTERNATIONAL
TRANSPORT, INC.

NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

## CUSTOMS POWER OF ATTORNEY/
### DESIGNATION AS EXPORT FORWARDING AGENT
### and
### Acknowledgement of Terms and Conditions

Copyright 1995, National Customs Brokers and Forwarders Association of America, Inc
(Revised 01/00)

✓ appropriate box:

- ☐ Individual
- ☐ Partnership
- ☒ Corporation
- ☐ Sole Proprietorship
- ☐ Limited Liability Company

### 56-2038315

KNOW ALL MEN BY THESE PRESENTS: That **Anthem Leather Inc. (DEL)** doing
(Full name of individual, partnership, corporation, sole proprietorship, or limited liability company (identify))

business as a ✓ **Corporation** under the laws of the State of ✓ **DEL**
(individual, partnership, corporation, sole proprietorship, or limited liability company (identify))

residing or having a principal place of business at ✓ **Townsend Ave., High Point, NC 27263** hereby constitutes and

appoints ✓ **Kamino International transport** the officers, employees, and/or specifically authorized agents, to act for and
(Grantee's Name)

on its behalf as a true and lawful agent and attorney of the grantor for and in the name, place and stead of said grantor, from this date,

in the United States (the "territory") either in writing, electronically, or by other authorized means, to:

Make, endorse, sign, declare, or swear to any customs entry, withdrawal, declaration, certificate, bill of lading, carnet or any other documents required by law or regulation in connection with the importation, exportation, transportation, of any merchandise in or through the customs territory, shipped or consigned by or to said grantor;

Perform any act or condition which may be required by law or regulation in connection with such merchandise deliverable to said grantor; to receive any merchandise;

Make endorsements on bills of lading conferring authority to transfer title; make entry or collect drawback; and to make, sign, declare, or swear to any statement or certificate required by law or regulation for drawback purposes, regardless of whether such document is intended for filing with Customs;

Sign, seal, and deliver for and as the act of said grantor any bond required by law or regulation in connection with the entry or withdrawal of imported merchandise or merchandise exported with or without benefit of drawback, or in connection with the entry, clearance, lading, unlading or navigation of any vessel or other means of conveyance owned or operated by said grantor, and any and all bonds which may be voluntarily given and accepted under applicable laws and regulations, consignee's and owner's declarations provided for in section 485, Tariff Act of 1930, as amended, or affidavits or statements in connection with the entry of merchandise;

Sign and swear to any document and to perform any act that may be necessary or required by law or regulation in connection with the entering, clearing, lading, unlading, or operation of any vessel or other means of conveyance owned or operated by said grantor;

Authorize other Customs Brokers duly licensed within the territory to act as grantor's agent; to receive, endorse and collect checks issued for Customs duty refunds in grantor's name drawn on the Treasurer of the United States; if the grantor is a nonresident of the United States, to accept service of process on behalf of the grantor;

And generally to transact Customs business, including filing of claims or protests under section 514 of the Tariff Act of 1930, or pursuant to other laws of the territories, in which said grantor is or may be concerned or interested and which may properly be transacted or performed by an agent and attorney;

Giving to said agent and attorney full power and authority to do anything whatever requisite and necessary to be done in the premises as fully as said grantor could do if present and acting, hereby ratifying and confirming all that the said agent and attorney shall lawfully do by virtue of these presents;

This power of attorney to remain full force and effect until revocation in writing is duly given to and received by grantee (if the donor of this power of attorney is a partnership, the said power shall in no case have any force or effect in the United States after the expiration 2 years from the dates of its execution);

Appointment as Forwarding Agent Grantor authorizes the above Grantee to act within the territory as lawful agent and sign or endorse export documents (i.e., commercial invoices, bill of lading, insurance certificates, drafts and any other document) necessary for the completion of an export on grantor's behalf as may be required under law and regulation in the territory and to appoint forwarding agents on grantor's behalf;

Grantor acknowledges receipt of **KAMINO INTERNATIONAL TRANPORT INC** Terms and Conditions of Service governing all transactions between the Parties.
(Grantee's Name)

If the Grantor is a Limited Liability Company, the signatory certifies that he/she has full authority to execute this power on behalf of the Grantor.

IN WITNESS WHEREOF the said ✓ **Anthem Leather, Inc. (DEL)**
(Full name of company)

caused these presents to be sealed and signed: (Signature) ✓ _Stacey L. Caraway_

(Capacity) ✓ **Secretary (Corporate Officer)** Date: **01/03/01**

Witness: (if required) _____

If you are the importer of record, payment to the broker will not relieve you of liability for U.S. Customs charges (duties, taxes or other debts owed Customs) in the event the charges are not paid by the broker. Therefore, if you pay by check, Customs charges may be paid with a separate check payable to the "U.S. Customs Service" which shall be delivered to Customs by the broker. Importers who wish to utilize this procedure must contact our office in advance to arrange timely receipt of duty checks.

APPERSON PRINT MANAGEMENT SERVICES - NCBFAA-2 • WHSE. NO. 07049

KAMINO

## TERMS AND CONDITIONS OF SERVICE (01/2006)

These terms and conditions of service constitute a legally binding contract between the KAT Import Brokers (the "Company") and the "Customer." In the event the Company renders services and issues a document containing Terms and Conditions governing such services, the Terms and Conditions set forth in such other document(s) shall govern those services.

**1. Definitions**
(a) "Company" shall mean Kamino International Inc. dba KAT import Brokers, its subsidiaries, related companies, agents and/or representatives.
(b) "Customer" shall mean the person for which the Company is rendering service, as well as its agents and/or representatives, including, but not limited to, shippers, importers, exporters, carriers, secured parties, warehousemen, buyers and/or sellers, shipper's agents, insurers and underwriters, break-bulk agents, consignees, etc. It is the responsibility of the Customer to provide notice and copy(s) of these terms and conditions of service to all such agents or representatives.
(c) "Documentation" shall mean all information received directly or indirectly from Customer, whether in paper or electronic form.
(d) "Ocean Transportation Intermediaries" ("OTI") shall include an "ocean freight forwarder" and a "non-vessel operating common carrier."
(e) "Third parties" shall include, but not be limited to, the following: carriers, truckmen, cartmen, lightermen, forwarders, OTI's, customs brokers, agents, warehousemen and others to which the goods are entrusted for transportation, cartage, handling and/or delivery and/or storage or otherwise.

**2. Company As Agent.** The Company acts as the "agent" of the Customer for the purpose of performing duties in connection with the entry and release of goods, post-entry services, the securing of export licenses, the filing of export documentation on behalf of the Customer and other dealings with Government Agencies; as to all other services, Company acts as an independent contractor.

**3. Limitation of Actions.**
(a) Unless subject to a specific statute or international convention, all claims against the Company for a potential or actual loss, must be made in writing and received by the Company, within ninety (90) days of the event giving rise to claim. The failure to give the Company timely notice shall be a complete defense to any suit or action commenced by Customer.
(b) Unless otherwise required by statute, all suits against Company must be filed and properly served on Company as follows:
(i) For claims arising out of ocean transportation, within one (1) year from the date of the loss;
(ii) For those claims arising from air transportation, within two (2) years from the date of the loss;
(iii) For claims arising out of the preparation and/or submission of an import entry(s), other transactions of Customs business or on export shipments, within sixty (60) days after the date of presentation of the claim or from the date of liquidation of the entry(s) which ever occurs first.
(iv) For any and all other claims of any other type, within two (2) years from the date of the loss or damage.
6

**4. No Liability For The Selection or Services of Third Parties and/or Routes.** Unless services are performed by persons or firms engaged pursuant to express written instructions from the Customer, Company is authorized to select and engage carriers, truckmen, lightermen, OTI's, forwarders, customs brokers, warehousemen and others as required. These companies may limit their liability based upon the bill of lading, invoices, receipts, or other documents issued by the third party. The Company shall use reasonable care in its selection of third parties, or in selecting the means, route and procedure to be followed in the handling, transportation, clearance and delivery of the shipment. Advice by the Company that a particular person or firm has been selected to render services with respect to the goods, shall not be construed to mean that the Company warrants or represents that such person or firm will render such services nor does Company assume responsibility or liability for any action(s) and/or inaction(s) of such third parties and/or its agents, and shall not be liable for any delay or loss of any kind, which occurs while a shipment is in the custody or control of a third party or the agent of a third party. All claims in connection with the Act of a third party shall be brought solely against such party and/or its agents; in connection with any such claim, the Company shall reasonably cooperate with the Customer, which shall be liable for any charges or costs incurred by the Company. Whenever Company engages the services of a customs broker for the Customer, Company will be billed by the customs broker and Customer waives the requirement that Company furnish a copy of that customs broker's statement of fees and charges.

**5. Quotations Not Binding.** Quotations as to fees, rates of duty, freight charges, insurance premiums or other charges given by the Company to the Customer are for informational purposes only and are subject to change without notice. No quotation shall be binding upon the Company unless the Company in writing agrees to undertake the handling or transportation of the shipment at a specific rate or amount set forth in the quotation and payment arrangements are agreed to between the Company and the Customer.

**6. Reliance On Information Furnished.**
(a) Customer acknowledges that it is required to review all documents and declarations prepared and/or filed with the Bureau of Customs and Border Protection, other Government Agency and/or third parties, and will immediately advise the Company of any errors, discrepancies, incorrect statements, or omissions on any declaration filed on Customers behalf.
(b) In preparing and submitting Customs entries, export declarations, applications, documentation, and/or export data to the United States and/or a third party, the Company relies on the correctness of all documentation, whether in written or electronic format, and all information furnished by Customer. Customer shall use reasonable care to insure the correctness of all such information and shall indemnify and hold the Company harmless from any and all claims asserted and/or liability or losses suffered by reason of the Customer's failure to disclose information or any incorrect or false statement by the Customer upon which the Company reasonably relied. The Customer agrees that the Customer has an affirmative, non-delegable duty to disclose any and all information required to import, export, or enter the goods.

**7. Declaring Higher Value To Third Parties.** Third parties to whom the goods are entrusted may limit liability for loss or damage. The Company will request excess valuation coverage only upon specific written instructions from the Customer, which must agree to pay any charges therefore. In the absence of written instructions or the refusal of the third party to agree to a higher declared value, at Company's discretion, the goods may be tendered to the third party, subject to the terms of the third party's limitations of liability and/or terms and conditions of service.

**8. Insurance.** Unless requested to do so in writing and confirmed to Customer in writing, Company is under no obligation to procure insurance on Customer's behalf. In all cases, customer shall pay all premiums and costs in connection with procuring requested insurance.

**9. Disclaimers; Limitation of Liability.**
(a) Except as specifically set forth herein, Company makes no express or implied warranties in connection with its services.
(b) Subject to (d) below, Customer agrees that in connection with any and all services performed by the Company, the Company shall only be liable for its negligent acts, which are the direct and proximate cause of any injury to Customer, including loss or damage to Customer's goods, and the Company shall in no event be liable for the acts of third parties.

1

(c) In connection with all services performed by the Company, Customer may obtain additional liability coverage, up to the actual or declared value of the shipment or transaction, by requesting such coverage and agreeing to make payment therefore, which request must be confirmed in writing by the Company prior to rendering services for the covered transaction(s).

(d) In the absence of additional coverage under (c) above, the Company's liability shall be limited to the following:

(i) where the claim arises from activities other than those relating to customs brokerage, $50.00 per shipment or transaction, or

(ii) where the claim arises from activities relating to "Customs business," $50.00 per entry or the amount of brokerage fees paid to Company for the entry, whichever is less.

(e) In no event shall Company be liable or responsible for consequential, indirect, incidental, statutory or punitive damages even if it has been put on notice of the possibility of such damages.

**10. Advancing Money.**  The Company has no obligation to prepay or advance any monies on behalf of the Customer.  All charges must be paid by Customer in advance unless the Company agrees in writing to extend credit to customer.  The granting of credit to a Customer in connection with a particular transaction shall not be considered a waiver of this provision by the Company.  A service charge of interest up to 25% per annum or the highest rate allowed by law shall be added and due to all invoices remaining unpaid after their due date.  Any referral for collection, Customer shall pay all expenses of collection and/or litigation including reasonable attorney's fees.

**11. Duty Payment Notice.**  If you are an importer of record, payment to the broker will not relieve you of the liability for Customs charges in the event the charges are not paid by the broker. Therefore, if you pay by check, Customs charges may be paid with a separate check payable to the "U.S. Customs & Border Protection." This option, if elected, requires prior arrangement with the Company.

**12. Indemnification/Hold Harmless.**  The Customer agrees to indemnify, defend, and hold the Company harmless from any claims and/or liability arising from the importation or exportation of Customer's merchandise and/or any conduct of the Customer, which violates any Federal, State and/or other laws, and further agrees to indemnify and hold the Company harmless against any and all liability, loss, damages, costs, claims and/or expenses, including but not limited to reasonable attorney's fees, which the Company may hereafter incur, suffer or be required to pay by reason of such claims. In the event that any claim, suit or proceeding is brought against the Company, it shall give notice in writing to the Customer by mail at its address on file with the Company.

**13. Costs of Collection.**  In any dispute involving monies owed to Company, the Company shall be entitled to all costs of collection, including reasonable attorney's fees and interest at 25% per annum or the highest rate allowed by law, whichever is less, unless a lower amount is agreed to by Company.

**14. General Lien And Right To Sell Customer's Property.**

(a) Company shall have a general and continuing lien on any and all property of Customer coming into Company's actual or constructive possession or control for monies owed to Company with regard to the shipment on which the lien is claimed, a prior shipment(s) and/or both.

(b) Company shall provide written notice to Customer of its intent to exercise such lien, the exact amount of monies due and owing, as well as any on-going storage or other charges; Customer shall notify all parties having an interest in its shipment(s) of Company's rights and/or the exercise of such lien.

(c) Unless, within thirty (30) days of receiving notice of lien, Customer posts cash or letter of credit at sight, or, if the amount due is in dispute, an acceptable bond equal to 110% of the value of the total amount due, in favor of Company, guaranteeing payment of the monies owed, plus all storage charges accrued or to be accrued, Company shall have the right to sell such shipment(s) at public or private sale or auction and any net proceeds remaining thereafter shall be refunded to Customer.

**15. No Duty To Maintain Records For Customer.**  Customer acknowledges that pursuant to Sections 508 and 509 of the Tariff Act, as amended, (19 U.S.C. §1508 and §1509) it has the duty and is solely liable for maintaining all records required under the Customs and/or other Laws and Regulations of the United States. Unless otherwise agreed to in writing, the Company shall only keep such records that it is required to maintain by Statute(s) and/or Regulation(s), but not act as a "recordkeeper" or "recordkeeping agent" for Customer.  Customer must furnish missing documents within the period of time as required by Customs regulations to avoid Customs penalties.

**16. Obtaining Binding Rulings, Filing Protests, etc.**  Unless requested by Customer in writing and agreed to by Company in writing, Company shall be under no obligation to undertake any pre or post Customs release action, including, but not limited to, obtaining binding rulings, advising of liquidations, filing of petition(s) and/or protests, etc.

**17. Preparation and Issuance of Bills of Lading.**  Where Company prepares and/or issues a bill of lading, Company shall be under no obligation to specify thereon the number of pieces, packages and/or cartons, etc.; unless specifically requested to do so in writing by Customer or its agent and Customer agrees to pay for same, Company shall rely upon and use the cargo weight supplied by Customer.

**18. No Modification or Amendment Unless Written.**  These terms and conditions of service may only be modified, altered or amended in writing signed by both Customer and Company. Any attempt to unilaterally modify, alter or amend same shall be null and void.

**19. Compensation of Company.**  The compensation of the Company for its services shall be included with and is in addition to the rates and charges of all carriers and other agencies selected by the Company to transport and deal with the goods and such compensation shall be exclusive of any brokerage, commissions, dividends, or other revenue received by the Company from carriers, insurers and others in connection with the shipment. On ocean exports, upon request, the Company shall provide a detailed breakout of the components of all charges assessed and a true copy of each pertinent document relating to these charges. In any referral for collection or action against the Customer for monies due the Company, upon recovery by the Company, the Customer shall pay the expenses of collection and/or litigation, including a reasonable attorney fee.

**20. Severability.**  In the event any Paragraph(s) and/or portion(s) hereof is found to be invalid and/or unenforceable, then in such event the remainder hereof shall remain in full force and effect.

**21. Governing Law; Consent to Jurisdiction and Venue.**  These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of New York, without giving consideration to principles of conflict of law. Customer and Company

(a) irrevocably consent to the jurisdiction of the United States District Court and the State courts of New York;

(b) agree that any action relating to the services performed by Company, shall only be brought in said courts;

(c) consent to the exercise of personal jurisdiction by said courts over it; and

(d) further agree that any action to enforce a judgment may be instituted in any jurisdiction.

Kamino International Inc. has a policy against payment, solicitation, or receipt of any rebate, directly or indirectly, which would be unlawful under the United States Shipping Act, as amended.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | Civil Action |
| | File No.:    1:06-cv-03130-JEC |
| v. | |
| KAMINO INTERNATIONAL TRANSPORT, INC., | |
| Defendant. | |

## PLAINTIFF'S RULE 7.1 CORPORATE DISCLOSURE STATEMENT

NOW COMES Plaintiff ANTHEM LEATHER, INC., by and through its attorneys of record, and pursuant to Fed. R. Civ. P. 7.1, and files this, its Corporate Disclosure Statement, showing this Honorable Court the following:

1.    Anthem Leather, Inc. does not have any parent corporation.

2.    Anthem Leather, Inc. is not publicly traded and therefore no publicly traded entity owns 10% or more of its stock.

*[Signature on following page]*

**Goodman McGuffey
Lindsey & Johnson, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

This 25th day of April, 2007.

                               Respectfully submitted,


                               GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
                               Attorneys for Plaintiff Anthem Leather, Inc.


             BY:    /S/ DAVID M. ABERCROMBIE
                     EDWARD H. LINDSEY, JR.
                     Georgia State Bar No.:  453075
                     DAVID M. ABERCROMBIE
                     Georgia State Bar No.:  000394

**GOODMAN MCGUFFEY**
**LINDSEY & JOHNSON, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 2 -

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | Civil Action |
| | File No.:      1:06-cv-03130-JEC |
| v. | |
| KAMINO INTERNATIONAL TRANSPORT, INC., | |
| Defendant. | |

## CERTIFICATE OF COMPLIANCE

The foregoing document is double spaced in 14 point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

/s/DAVID M. ABERCROMBIE

DAVID M. ABERCROMBIE
Georgia State Bar No.:  000394

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 3 -

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | Civil Action<br>File No.:    1:06-cv-03130-JEC |
| v. | |
| KAMINO INTERNATIONAL TRANSPORT, INC., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed **PLAINTIFF'S RULE 7.1 CORPORATE DISCLOSURE STATEMENT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Jeffrey L. Mapen, Esq.
S. Wade Malone, Esq.
Nelson Mullins Riley & Scarborough LLP
999 Peachtree Street, NE, STE #1400
Atlanta, GA 30309-3964

This 25th day of April, 2007.

BY:    /S/ DAVID M. ABERCROMBIE
DAVID M. ABERCROMBIE
Georgia Bar No.:  000394

**GOODMAN MCGUFFEY**
**LINDSEY & JOHNSON, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

Doc ID# 172267

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | Civil Action |
| | File No.:    1:06-cv-03130-JEC |
| v. | |
| KAMINO INTERNATIONAL TRANSPORT, INC., | |
| Defendant. | |

## PLAINTIFF ANTHEM LEATHER, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE/MOTION TO TRANSFER VENUE

NOW COMES Plaintiff ANTHEM LEATHER, INC. ("Anthem"), by and through its attorneys of record, and files this, its Response in Opposition to Defendant's Motion to Dismiss for Improper Venue, Or, In the Alternative, Motion to Transfer Venue, respectfully showing this Honorable Court the following:

## <u>INTRODUCTION</u>

This action is before this Honorable Court on Defendant Kamino International Transport, Inc.'s ("Kamino") Motion to Dismiss for Improper Venue pursuant to Fed. R. Civ. P. 12(b)(3) and LR 7.1(A)(1) and alternatively on Defendant Kamino's

**GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a).  For the reasons set out below, both motions are without merit and should be DENIED.

## SUMMARY OF FACTS

Defendant Kamino transacts business and is authorized by the Georgia Secretary of State to transact business in the State of Georgia at 640 Airport South Parkway, Suite 400, Atlanta, GA 30349 (Fulton County).  Anthem and Kamino did contract on or about January 3, 2001 for Kamino to act as Anthem's customs broker to handle Anthem's relevant customs documentation, matters and filings, including the filing of certain forms to be marked with the Special Program Indicator "A" to facilitate duty refunds when the country of Brazil was redesignated as a beneficiary under the Generalized System of Preferences.    (See Defendant's Motion to Dismiss/Transfer Venue, Exhibits 1 and 2 attached thereto).

Kamino was also responsible for obtaining refunds of duties paid by Anthem with regard to the applicable goods imported from Brazil.  Specifically, Kamino was contractually obligated to ensure that the documents accompanying such imported goods properly identified the goods, including their correct country of origin.

In or about 2003, Anthem discovered that Kamino had NOT properly classified certain shipments of goods under the terms and conditions of the PRIOR contract and that Anthem would have to apply for governmental refunds due to the

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 2 -

misclassification. Towards that end, the parties executed a NEW contract in Georgia which established new services for a new price in or about 2003 pursuant to which Anthem agreed to pay Kamino $75.00 per each refund request completed for applicable misclassified items. (See Exhibit "A" attached to Complaint; also Affidavit of Margaret Fontana, attached hereto as Exhibit "1"). Under that contract, Kamino agreed to submit protests to obtain refunds for duties overpaid by Anthem.

Under the terms of the new contract made between the parties, there exists no limitation of liability provision included with regard to the refund request procedure or the $75.00 fee payable to Kamino for properly completing each applicable refund request nor is there any forum selection clause applicable to this new contract executed in Georgia.

Nonetheless, despite the express terms of the new contract with regard to the refund request procedure and the $75.00 fee, Kamino failed to apply for over half of the refunds that were due to Anthem because of the misclassification of its goods and their corresponding country of origin. As a result, Anthem has not received the refund reimbursements it was due in an amount exceeding $106,758.

Kamino's breach and negligence under the new contract forms the basis of this action and this Court may properly decide this matter since that contract was

**Goodman McGuffey**
**Lindsey & Johnson, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 3 -

executed in Georgia, contains no forum selection clause and Kamino transacts business in Fulton County, Georgia. Venue is proper in this Court.

On information and belief, Kamino is in sole possession of the new contract detailing the $75.00 refund request procedure and Plaintiff seeks limited discovery to submit a copy of the actual contract which forms the basis of this action to this Honorable Court.

## ARGUMENT AND CITATION OF AUTHORITY

A. <u>Motion to Dismiss for Improper Venue</u>

A motion to dismiss does not test whether the plaintiff will prevail on the merits of the case; it tests the legal sufficiency of the complaint. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). Accordingly, the Court must accept the facts alleged in the complaint as true and construe all reasonable inferences in the light most favorable to the plaintiff. <u>Kirby v. Siegelman</u>, 195 F .3d 1285, 1289 (11th Cir.1999).

If the facts contained in the complaint would allow the plaintiff to recover under any possible theory, the motion to dismiss must be denied. <u>Linder v. Portocarrero</u>, 963 F.2d 332, 336 (11th Cir.1992). If, however, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the plaintiff's claim must be dismissed. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

**GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 4 -

Moreover, the "threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is ... exceedingly low." <u>Ancata v. Prision Health Serv. Inc.</u>, 796 F.2w 700, 703 (4th Cir. 1985).

Should this Court determine that a new contract executed in Georgia was formed between the parties, accepting Plaintiff's facts as true as pled in the Complaint with regard to Georgia as the proper venue and construing all reasonable inferences in the light most favorable to Plaintiff, it is clear that Plaintiff's claims meet the "exceedingly low" standard necessary to survive a motion to dismiss for improper venue. <u>Id.</u>

Moreover, Defendant Kamino has the required minimum contacts with Georgia to support the assertion of personal jurisdiction under both the Georgia long-arm statute and constitutional due process, thereby making venue proper in the United States District Court for the Northern District of Georgia, Atlanta Division. <u>See</u> O.C.G.A. § 9-10-91; U.S.C.A. Const. Amends. 5, 14.  As such, Defendant Kamino's Motion to Dismiss for Improper Venue is inapposite and should be DENIED.

B. <u>Motion to Transfer Venue</u>

   1. *There is No Applicable Choice of Forum Clause Contained in the New Contract*

**GOODMAN MCGUFFEY**
**LINDSEY & JOHNSON, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 5 -

Under 28 U.S.C. § 1404(a), the Court may order transfer of a case from a district in which venue is appropriate to a district in which the matter could have been brought "for the convenience of the parties and witnesses, in the interest of justice." A party seeking change of venue has the burden of making a strong case for transfer. Bell v. K Mart Corp., 848 F.Supp. 996, 997 (N.D. Ga. 1994)(Carnes, J.) The movant must show that the "balance of convenience and justice weighs heavily in favor of transfer." MacMillan Bloedel, Inc. v. Hamric Transp., Inc., 617 F.Supp. 447, 448 (N.D. Ga. 1985).

Moreover, if "transfer merely shifts the inconvenience of litigating in a given forum from one party to the other, or if the balance of factors is only slightly in favor of the movant, a court **should deny the motion to transfer**." United States v. $633,021.67 in United States Currency, 842 F.Supp. 528, 535 (N.D. Ga. 1993)(emphasis supplied).

Plaintiff's choice of forum is entitled to significant weight, especially if Plaintiff brings suit in the district in which he resides. Id. at 535; MacMillan Bloedel, Inc., 617 F.Supp. at 448 ("Absent clear justification, courts in this district have uniformly declined to override a plaintiff's choice of forum").

In the case at bar, contrary to Kamino's argument, the Customs Power of Attorney and associated "Terms and Conditions of Service" are not applicable to the

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

NEW contract formed between the parties in or about 2003 pursuant to which Anthem agreed to pay Kamino $75.00 per each refund request completed for applicable misclassified items and under which Kamino agreed to submit protests to obtain refunds for duties overpaid by Anthem. It is THAT contract between Anthem and Kamino International Transport, Inc., executed in Georgia and lacking any forum selection provision, that is properly before this Honorable Court.

   2.   *Should this Court Determine that the Prior Forum Selection Clause is Valid, it Would Only Shift the Inconvenience From One Party to Another*

   In P & S Bus. Machs., Inc. v. Canon USA, Inc., 331 F.3d 804 (11th Cir. 2003)(per curiam), the Eleventh Circuit lists several "principles [that] have been established for consideration of whether a case should be removed to another jurisdiction pursuant to a forum selection clause." Id. at 807. Among them, this Court should consider:

   1)   "The burden is on the party opposing the enforcement of the forum selection clause to show that the contractual forum is sufficiently inconvenient to justify retention of the dispute…" Id. citing In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir.1989).

   2)   "The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general." Id. citing In re Ricoh Corp., 870 F.2d at 573-74.

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 7 -

3) "Under Section 1404(a), the court should consider "the convenience of parties and witnesses" and "the interest of justice," Id. citing In re Ricoh Corp., 870 F.2d at 573.

A forum selection clause does not render other § 1404(a) factors irrelevant and where the transfer merely shifts inconvenience from one party to the other, or if the balance of all factors is but slightly in favor of the movant, Plaintiff's choice of forum should not be disturbed and **transfer should be denied**.  Bell v. K Mart Corp., at 1000, quoting Grey v. Cont'l Mktg. Assocs., 315 F.Supp. 826, 831 (N.D. Ga. 1970)(emphasis supplied).

Here, the boilerplate language used in Kamino's "Terms and Conditions of Service" was neither bargained for nor negotiated into an equitable contract between the parties.  The Court will notice the small print on the Customs Power of Attorney form that purportedly binds Anthem to an "Acknowledgment of Terms and Conditions" and that there is no provision for a signature on the actual "Terms and Conditions of Service" form.  In fact, Anthem never signed the "Terms and Conditions of Service" that purportedly contains the forum selection clause upon which Kamino relies.

Anthem's intent in signing the Customs Power of Attorney form was to provide Kamino solely with the required POA to conduct business as its customs

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 8 -

broker.  No other provisions were bargained for and as such, it would be unjust and unreasonable to enforce such a forum selection clause in this instance.

Importantly, Kamino is located in Fulton County, Georgia.  Anthem is a Delaware corporation with its principal place of business in North Carolina.  Shifting the forum would only serve to shift the burdens between parties.  It would arguably make litigation more difficult for Kamino, as the principal witnesses to the activities at issue in this lawsuit are located in Georgia.  Convenience of witnesses is an important factor in any §1404(a) analysis.

Finally, more important than any of the other factors applicable to this analysis is the interest of justice.  Forum selection clauses are not valid when they are not bargained for by the parties.  Cf.  In re Ricoh Corp., 870 F.2d at 573.  In the interest of justice, Georgia is the proper venue in this action on the new contract formed between the parties executed in Georgia.

## **CONCLUSION**

For the above and foregoing reasons, Kamino's Motion to Dismiss for Improper Venue, Or, In the Alternative, Motion to Transfer Venue should be DENIED.

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 9 -

This 27th day of April, 2007.

Respectfully submitted,

GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
Attorneys for Plaintiff Anthem Leather, Inc.

BY:    /S/ DAVID M. ABERCROMBIE
       EDWARD H. LINDSEY, JR.
       Georgia State Bar No.:  453075
       DAVID M. ABERCROMBIE
       Georgia State Bar No.:  000394

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 10 -

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | Civil Action<br>File No.:     1:06-cv-03130-JEC |
| v. | |
| KAMINO INTERNATIONAL<br>TRANSPORT, INC., | |
| Defendant. | |

## CERTIFICATE OF COMPLIANCE

The foregoing document is double spaced in 14 point Times New Roman font

and complies with the type-volume limitation set forth in Local Rule 7.1.


/s/DAVID M. ABERCROMBIE
DAVID M. ABERCROMBIE
Georgia State Bar No.:  000394

GOODMAN MCGUFFEY<br>LINDSEY & JOHNSON, LLP<br>2100 Tower Place<br>3340 Peachtree Road, NE<br>Atlanta, Georgia 30326-1084<br>(404) 264-1500<br>(404) 264-1737 FAX

- 11 -

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | Civil Action |
| | File No.:     1:06-cv-03130-JEC |
| v. | |
| KAMINO INTERNATIONAL TRANSPORT, INC., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed **PLAINTIFF ANTHEM LEATHER, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE/MOTION TO TRANSFER VENUE** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Jeffrey L. Mapen, Esq.
S. Wade Malone, Esq.
Nelson Mullins Riley & Scarborough LLP
999 Peachtree Street, NE, Ste. #1400
Atlanta, GA 30309-3964

**GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

This 27th day of April, 2007.

BY:  /S/ DAVID M. ABERCROMBIE
DAVID M. ABERCROMBIE
Georgia Bar No.:  000394

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

ANTHEM LEATHER, INC.,

    Plaintiff,

v.

KAMINO INTERNATIONAL
TRANSPORT, INC.,

    Defendant.

Civil Action
File No.:    1:06-cv-03130-JEC

## AFFIDAVIT OF MARGARET FONTANA

Personally appeared before me, an officer duly authorized to administer oaths, MARGARET FONTANA, the undersigned, who after being duly sworn, deposes and states as follows:

**1.**

My name is MARGARET FONTANA, and I am over eighteen years of age, under no legal disabilities, competent to give this Affidavit, and have personal knowledge of the facts contained herein.

**2.**

I am Vice President of Anthem Leather, Inc. ("Anthem") and run the day to day operation of the business located at 512 Townsend Avenue, High Point, NC 27263.

**3.**

Anthem and Kamino International Transport, Inc. ("Kamino") did contract on or about January 3, 2001 for Kamino to act as Anthem's customs broker responsible for handling all of the relevant customs documentation, matters and filings, including the filing of certain forms to be marked with the Special Program Indicator "A" to facilitate

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

EXHIBIT

1

duty refunds.  (See Defendant's Motion to Dismiss/Transfer Venue, Exhibits 1 and 2).

4.

Subsequent to the original contract dated January 3, 2001, Anthem and Kamino executed a new contract in Georgia in or about 2003, whereby Anthem agreed to pay Kamino $75.00 per each refund request completed for applicable misclassified items.

5.

Kamino would not agree to the separate contractual arrangement for new services in 2003 unless it was executed in writing.

6.

Accordingly, both Kamino and Anthem executed the new contract with regard to the $75.00 refund request procedure in writing.

7.

Kamino retained the sole copy of the new contractual agreement.

8.

Subsequently, Kamino hired an individual to handle the refund process for Anthem and that agreement is reflected in several invoices from Kamino showing the $75.00 fee charge.

9.

The new contractual arrangement did not contain any forum selection clause.

FURTHER AFFIANT SAYETH NOT.

This 26 day of April, 2007.

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 2 -

MARGARET FONTANA

Sworn to and subscribed before me

this _26_ day of April, 2007.

Notary Public (Affix Seal)

Kimberly C. Braswell, Notary Public

My Commission expires: 9-28-2010



GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHEM LEATHER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| KAMINO INTERNATIONAL | ) | NO. 06-03130-JEC |
| TRANSPORT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ENTRY OF APPEARANCE OF COUNSEL

Pursuant to Local Rule 83.6(b), comes now S. Wade Malone of Nelson Mullins Riley & Scarborough LLP, and hereby appears as additional counsel of record for Defendant Kamino International Transport, Inc. (hereinafter "Defendant") in the above-styled action. Jeffrey L. Mapen of Nelson Mullins Riley & Scarborough LLP will continue to also represent Defendant. It is requested that the Court and counsel for all parties include S. Wade Malone, Nelson Mullins Riley & Scarborough LLP, Suite 1400, 999 Peachtree Street, Atlanta, Georgia 30309 on any and all correspondence, pleadings, notices, orders, and all other matters to be served on Defendants.

This 11th day of May, 2007.

/s/ S. Wade Malone
S. Wade Malone
Georgia Bar No. 468015
wade.malone@nelsonmulllins.com
Counsel for Defendant Kamino
International Transport, Inc.

NELSON MULLINS RILEY & SCARBOROUGH, LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed

**ENTRY OF APPEARANCE** with the Clerk of Court using the CM/ECF

system which will automatically send e-mail notification to the

following attorneys of record:

| | |
|---|---|
| Edward H. Lindsey, Jr.<br>David M. Abercrombie<br>Goodman McGuffey Lindsey &<br>Johnson, LLP<br>2100 Tower Place<br>3340 Peachtree Raod, NE<br>Atlanta, GA 30326 | |

This 11th day of May, 2007.

/s/ S. Wade Malone
S. Wade Malone
Georgia Bar No. 468015

NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA 30309
Atlanta, Georgia  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)
wade.malone@nelsonmullins.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) |
| KAMINO INTERNATIONAL | ) NO. 06-03130-JEC |
| TRANSPORT, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE

NOW COMES the Defendant Kamino International Transport, Inc. ("Kamino"), and hereby replies to Anthem Leather, Inc.'s ("Anthem") Response to Defendant's Motion to Dismiss for Improper Venue, or, in the alternative, Motion to Transfer Venue (the "Response Brief") as follows:

Kamino's Motion to Dismiss for Improper Venue, or, in the alternative, Motion to Transfer Venue should be granted because the relevant agreement between the parties that governed the actions complained of by Anthem in its Complaint provides that venue for Anthem's claims belong in the courts of New York.

In its Response Brief, Anthem does not dispute that the parties entered into a Customs Power of Attorney/Designation as

Export Forwarding Agent (the "Agreement") whereby Kamino agreed to act as Anthem's customs broker for various transactions, including the request for refunds of duties paid by Anthem. (Exhibit 1[1]; Response Brief at p. 2). Likewise, Anthem does not dispute that it received, and acknowledged receipt of, Kamino's "Terms and Conditions of Service" of the Agreement which "govern[s] all transactions between the parties." (Id.) (emphasis added). Pursuant to the Terms and Conditions of the Agreement, Kamino "irrevocably consent[ed] to the jurisdiction of the United States District Court and the State courts of New York" and agreed that "any action relating to the services performed by [Kamino], shall only be brought in said courts." (Exhibit 2 at ¶ 21).

Instead of disputing this binding agreement and its unambiguous forum provision, Anthem relies on a purported "new contract" entered into by the parties, although Anthem fails to produce such a contract and, instead, contends only that "on information and belief, Kamino is in sole possession of the new contract." (Response Brief at p. 4). Kamino is unaware of any

---

[1] For the Court's convenience, all citations herein are made to those exhibits attached to Defendant's Motion to Dismiss for Improper Venue, or, in the alternative, Motion to Transfer Venue.

"new contract."[2]  Instead, the parties' actions in this case are governed by the Agreement as described above and relied upon in Kamino's Motion to Dismiss and, thus, venue for Anthem's claims belongs in the courts of New York.

Even if such a "new contract" exists and partially governs the relationship between the parties, Anthem's argument still fails because the Agreement, including the Agreement's Terms and Conditions generally "govern all transactions of the parties" and, more specifically, govern the precise transactions that comprise the subject matter of this case.  This matter arises out of Kamino's actions, as governed by the Agreement, while acting as Anthem's customs broker for certain goods imported by Anthem from Brazil in or around 2001 and 2002.  (Complaint at ¶ 9).  In its Complaint, and, more specifically, in its Response Brief, Anthem alleges that the parties subsequently entered into a "new contract" in order for Kamino to "apply for governmental refunds due to [a] misclassification."  (Response Brief at pp.2-3).

Nonetheless, pursuant to the original Agreement entered into by the parties, Kamino was already empowered to "transact

---

[2] In its Response Brief, despite failing to produce a copy of the purported "new contract," or otherwise describing any of the other contents of the "new contract," Anthem boldly asserts that the "new contract" "lack[s] any forum selection provision."

Customs business [on behalf of Anthem] <u>including the filing of claims and protests</u> under section 1514 of the Tariff Act of 1930." (Exhibit 1) (emphasis added). Put simply, the original Agreement contemplated the exact actions comprising the basis of Plaintiff's Complaint.

Also, without the original Agreement, including its power of attorney provisions, Kamino could not have acted on Anthem's behalf with regard to filing these protests or refunds, regardless of the existence of a "new contract." Indeed, a broker may not act on behalf of any person regarding any protest unless he is authorized to do so. (19 CFR § 111.40). Instead, a broker must have a general power of attorney in order to transact Customs business. (19 CFR § 174.3(a)(2)). Therefore, even assuming the parties somehow agreed to a "new contract," which Kamino expressly denies, this original Agreement still governed the parties, providing the required power of attorney to Kamino,[3] and providing a forum for disputes arising out of the very same activities complained of by Anthem here.

---

[3] Importantly, nowhere in Anthem's Complaint or its Response Brief does Anthem allege that it signed a new power of attorney in conjunction with the purported "new contract." Without such a power of attorney, Kamino could not legally act on behalf of Anthem as Anthem's broker.

Further, Anthem's pleas to "the interest of justice" are misguided. Anthem's argument that it signed the Agreement "solely with the required POA to conduct business as its customs broker" and that "no other provisions were bargained for" neglects the very essence of the legally binding contract entered into by the parties. (Response Brief at pp. 8-9). As described above, it is this very power of attorney that allows Kamino to act on behalf of Anthem as its customs broker. Without the power of attorney, there could be no Agreement, and Kamino could not conduct activities on behalf of Anthem. It is this power of attorney (including all its Terms and Conditions) that is the <u>entire</u> bargain between the parties.

Finally, Anthem's argument that the Court should select the most "convenient" forum for this action actually favors the Court's granting of Kamino's Motion to Dismiss. Kamino is a New Jersey Corporation with its principal place of business in New York. Most, if not all, of Kamino's relevant witnesses reside in the New York/New Jersey area. Anthem is a Delaware corporation with its principal place of business in North Carolina. (Response Brief at p. 9). Like Kamino, many of Anthem's relevant witnesses are located outside of Georgia. Therefore, a plain look at the location of the parties reveals

that New York is a far more convenient forum for this matter than Georgia.

For the foregoing reasons, Defendant's Motion to Dismiss for Improper Venue, or, in the Alternative, Motion to Transfer Venue should be granted.

This 11th day of May, 2007.

/s/ Jeffrey L. Mapen
S. Wade Malone
Georgia Bar No. 468015
Jeffrey L. Mapen.
Georgia Bar No. 469936
ATTORNEY FOR DEFENDANT
KAMINO INTERNATIONAL
TRANSPORT, INC.

NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

## <u>CERTIFICATION OF FONT SIZE</u>

The undersigned hereby certifies that the foregoing was prepared, double-spaced, in the following font:  Courier New 12 point.

This 11th day of May, 2007.

/s/ Jeffrey L. Mapen
Jeffrey L. Mapen
Georgia Bar No.  469936
ATTORNEY FOR DEFENDANT
KAMINOINTERNATIONAL
TRANSPORT, INC.

NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) |
| KAMINO INTERNATIONAL | ) NO. 06-03130-JEC |
| TRANSPORT, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE** by electronically filing this pleading via the Court's CMF system, ensuring delivery to the following:

Edward H. Lindsey, Jr.
David M. Abercrombie
Goodman McGuffey Lindsey &
Johnson, LLP
2100 Tower Place
3340 Peachtree Raod, NE
Atlanta, GA 30326

2

This 11th day of May, 2007.

/s/ Jeffrey L. Mapen
Jeffrey L. Mapen.
Georgia Bar No. 469936

NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

## UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA
2167 UNITED STATES COURTHOUSE
75 SPRING STREET, S.W.
ATLANTA, GEORGIA 30303-3309

CHAMBERS OF
**JULIE E. CARNES**
JUDGE

**FILED IN CLERK'S OFFICE**
U.S.D.C. Atlanta

MAY 2 5 2007

MAY 25, 2007

By: JAMES N. HATTEN, Clerk

Deputy Clerk

TO ALL COUNSEL

      RE: *ANTHEM LEATHER v. KAMINO INTERNATIONAL*
          1:06-CV-3130-JEC

Dear Counsel:

    This is a reminder to comply with Local Rule 3.3 (Joint Certificate Of Interested Persons) (non-governmental), Local Rule 26.1 (Initial and Expert Disclosures) and Local Rule 16.2 (Joint Preliminary Report and Discovery Schedule). If applicable, *pro se* litigants and opposing counsel shall be permitted to file separate statements. Failure to comply can result in sanctions being imposed, pursuant to Local Rule 41.3A(2)(failure to obey a lawful order of the Court). The parties are reminded that it your responsibility to determine when compliance with the various local rules are due and to comply.

    The parties are directed to comply with the local rules in the above paragraph (unless exempt from complying in that particular local rule) by **FRIDAY, JUNE 8, 2007**.

Sincerely

s/Kay Bates
Court Deputy
404/215-1514


cc:DAVID M. ABERCROMBIE
   EDWARD H. LINDSEY, JR.
   SAMUEL WADE MALONE
   JEFFREY L. MAPEN

2

# GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP

ATTORNEYS AT LAW

Atlanta Office:
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084

**EDWARD H. LINDSEY, JR.**
Direct Dial: (404) 926-4108
Email: elindsey@gmlj.com

TELEPHONE (404) 264-1500
FACSIMILE   (404) 264-1737

Orlando Office:
Suite 200
1245 West Fairbanks Avenue
Winter Park, Florida 32789
Telephone (407) 478-1247
Facsimile (407) 478-1527

June 1, 2007

The Honorable Willis B. Hunt, Jr.
United States District Court
for the Northern District of Georgia
1756 United States Courthouse
75 Spring Street, S.W.
Atlanta, GA  30303

The Honorable Richard W. Story
U.S.D.C., N. District, Atlanta Division
2121 Richard B. Russell Federal Building
and United States Courthouse
75 Spring Street
Atlanta, GA 30303

The Honorable Julie E. Carnes
U.S.D.C., N. District, Atlanta Division
2167 Richard B. Russell Federal Building
and United States Courthouse
75 Spring Street
Atlanta, GA 30303-3309

Re:    Petitions for Leave of Absence

Dear Honorable Judges Hunt, Story & Carnes:

This firm represents Defendants West Carrollton Parchment Company, Inc., Providence Missionary Baptist Church, Dr. Charles Walker, Gerald L. Durley, Lynn Whatley and Anthem Leather, Inc. in the above-referenced case.  I am counsel for all the Defendants named herein and I expect to be away from the practice of law during the weeks of **Wednesday, June 27, 2007 through Tuesday, July 3, 2007; Thursday, July 12, 2007 through Sunday, July 22, 2007; and Friday, September 28, 2007 through Saturday, October 6, 2007**, inclusive.  The purpose of the leave for June 27 through July 3, 2007 is legislative business.  The purpose of the remaining leave is that I will be out of the state on vacation during these time periods.

All affected judges and opposing counsel shall have ten (10) days from the date of this Petition for Leave of Absence to object to it.  If no objections are filed, the leave shall be granted.

With kindest regards, I remain

Sincerely,

*Edward H. Lindsey, Jr.*

Edward H. Lindsey, Jr.

EHL:pj
Enclosure
cc:     All Counsel of Record

**To:**       **All Judges, Clerk of Court, and Counsel of Record**

**From:**     **Edward H. Lindsey, Jr.**

**RE:**       **Petition for Leave of Absence**

**Date:**      **June 1, 2007**

COMES NOW Edward H. Lindsey, Jr. and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Fed. R. Civ. P. 83.

1.

The period of leave during which time Applicant will be away from the practice of law, is **Wednesday, June 27, 2007 through Tuesday, July 3, 2007; Thursday, July 12, 2007 through Sunday, July 22, 2007; and Friday, September 28, 2007 through Saturday, October 6, 2007**, inclusive. The purpose of the leave for June 27 through July 3, 2007 is legislative business. The purpose of the remaining leave is that he will be out of the state on vacation during these time periods.

2.

All affected judges and opposing counsel shall have ten (10) days from the date of this Petition for Leave of Absence to object to it. If no objections are filed, the leave shall be granted.

Respectfully Submitted,

GOODMAN McGUFFEY LINDSEY &
JOHNSON, LLP


By:    /S/ *Edward H. Lindsey, Jr.*
       EDWARD H. LINDSEY, JR.
       GA State Bar No. 453075

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing **PETITION FOR LEAVE OF ABSENCE** upon all judges, clerks and opposing counsel listed on the attached Exhibit A, by Electronic Filing and First Class Mail.

This 1st day of June, 2007.

/S/ *Edward H. Lindsey, Jr.*
EDWARD H. LINDSEY, JR.
GA State Bar No. 453075

## <u>CERTIFICATE OF COMPLIANCE</u>

The foregoing **PETITION FOR LEAVE OF ABSENCE** is double spaced in 14 point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

_/S/ Edward H. Lindsey, Jr._
EDWARD H. LINDSEY, JR.
Georgia State Bar No.:  453075

## EXHIBIT A

| Name of Case<br>Case Number | Name of Judge<br>Court/County | Opposing Counsel |
|---|---|---|
| The Pillsbury Company, Inc. v. West Carrollton Parchment Company, Inc.<br>1:01-CV-1476-WBH | Willis B. Hunt, Jr.<br>USDC, N.D.,<br>Atlanta Division | Frederick Owen Ferrand, Esq.<br>Swift, Currie, McGhee & Hiers, LLP<br>Suite 300<br>1355 Peachtree Street, NE<br>Atlanta, GA 30309-3238 |
| United States Ex Rel Ilene Farley v. PROVIDENCE LEARNING CENTER AND DEVELOPMENT CORP., CHARLES WALKER, GERALD L. DURLEY, DALE E. JONES, LYNN WHATLEY, JAN SWANSON, STEPHANIE JOHNSON, FRANK McCLOSKEY, MYRA BURNETT-YOUNG, JANNIE B. REDMON, DEREK W. MOSES, GREGORY D. BIGG, MOSES & COMPANY, LLC, and PROVIDENCE MISSIONARY BAPTIST CHURCH,<br>1:05-CV-02981-RWS | Richard W. Story<br>USDC, N.D.,<br>Atlanta Division | Mike Bothwell, Esq.<br>Julie K. Bracker, Esq.<br>Bothwell & Simpson, P.C.<br>304 Macy Drive<br>Roswell, GA 30076<br><br>Jaime L. Theriot, Esq.<br>Frederick C. Dawkins, Esq.<br>Troutman Sanders, LLP<br>Suite 5200<br>Bank of America Plaza<br>600 Peachtree St., NE<br>Atlanta, GA 30308<br><br>Laura K. Bonander, Esq.<br>U.S. D. Court for the Northern District of Georgia<br>Suite 600<br>75 Spring Street, SW.<br>Atlanta, GA 30303<br><br>Wm. Parker Sanders, Esq.<br>Matthew W. Clarke, Esq.<br>Smith, Gambrell & Russell, LLP<br>Suite 3100 - Promenade II<br>1230 Peachtree St., NE<br>Atlanta, GA 30309 |

|  |  | Tamika B. Hrobowski, Esq. Hrobowski Law Office, PC One Crown Center, Ste. 110 1895 Phoenix Boulevard College Park, GA  30349 |
| --- | --- | --- |
|  |  | Jan Swanson, Pro Se 465 Boulevard Avenue, S.E. Atlanta, GA |
|  |  | Gregory D. Bigg, Pro Se 2009 Cascade Road, SW. Atlanta, GA 30311 |
|  |  | Stephanie Johnson, Pro Se 1323 Stoney Brook Drive Tucker, GA 30084 |
|  |  | Providence Learning Center and Development Corp. c/o Dr. Gerald L. Durley 2430 Beecher Road, S.W. Atlanta, GA 30311 |
| Anthem Leather, Inc. v. Kamino International Transport, Inc. 1:06-CV-03130-JEC | Julie E. Carnes USDC, N.D. Atlanta Division | Jeffrey L. Mapen, Esq. S. Wade Malone, Esq. Nelson Mullins Riley & Scarborough LLP 999 Peachtree Street, NE, Ste. #1400 Atlanta, GA 30309-3964 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | Civil Action |
| | File No.:    1:06-cv-03130-JEC |
| v. | |
| KAMINO INTERNATIONAL TRANSPORT, INC., | |
| Defendant. | |

## ORDER

Attorney Edward H. Lindsey, Jr. of the firm of Goodman McGuffey Lindsey & Johnson, LLP's Petition for Leave of Absence from the practice of law from **Wednesday, June 27, 2007 through Tuesday, July 3, 2007; Thursday, July 12, 2007 through Sunday, July 22, 2007; and Friday, September 28, 2007 through Saturday, October 6, 2007**, inclusive.  The purpose of the leave for June 27 through July 3, 2007 is legislative business.  The purpose of the remaining leave is that I will be out of the state on vacation during these time periods.

IT IS HEREBY ORDERED that Edward H. Lindsey, Jr. of the firm of Goodman McGuffey Lindsey & Johnson, LLP be allowed to take leave from the practice of law from **Wednesday, June 27, 2007 through Tuesday, July 3, 2007; Thursday, July 12, 2007 through Sunday, July 22, 2007; and Friday, September**

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

**28, 2007 through Saturday, October 6, 2007**, inclusively pursuant to Local Rule 83.1(E)(3).

This _____ day of _____, 2007.

_____
Judge Julie E. Carnes
United States District Court for the
Northern District of Georgia
Atlanta Division

cc:    Jeffrey L. Mapen, Esq.
       S. Wade Malone, Esq.

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC.,<br><br>        laintiff,<br><br>v.<br><br>KAMINO INTERNATIONAL<br>TRANSPORT, INC.,<br><br>        Defendant. | Civil Action<br>File No.:      1:06-cv-03130-JEC |

## CERTIFICATE OF COMPLIANCE

The foregoing ORDER is double spaced in 14 point Times New Roman font

and complies with the type-volume limitation set forth in Local Rule 7.1.

/s/Edward H. Lindsey, Jr.

EDWARD H. LINDSEY, JR.
GA State Bar No.:  453075

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

ANTHEM LEATHER, INC.,

    Plaintiff,

v.

KAMINO INTERNATIONAL
TRANSPORT, INC.,

    Defendant.

CIVIL ACTION
NO.: 1:06-CV-3130

## PLAINTIFF ANTHEM LEATHER, INC.'S INITIAL DISCLOSURES

COMES NOW, Anthem Leather, Inc. ("Anthem") and files this, its Initial

Disclosures, respectfully showing this Honorable Court the following:

(1)     State precisely the classification of the cause of action being filed, a brief

factual outline of the case including plaintiff's contentions as to what defendant did

or failed to do, and a succinct statement of the legal issues in the case.

**RESPONSE:**     **This is an action for breach of contract, negligence and gross**

**negligence in which Defendant Kamino International Transport, Inc. is liable to**

**Anthem Leather, Inc. for general and/or special damages, attorneys' fees, and**

**costs.**

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

Anthem Leather ("Anthem") contends that Defendant Kamino International Transport, Inc. ("Kamino"):

(1)    breached its contract with Anthem by failing to prepare and file the appropriate refund requests for over half of Anthem's misclassified shipments from Brazil;

(2)    is liable to Anthem for general and/or special damages in the amount of $106,758.35 plus interest accrued;

(3)    acted negligently;

(4)    was grossly negligent;

(5)    acted in bad faith;

(6)    is liable for attorneys' fees for bad faith, stubborn litigiousness and causing unnecessary trouble and expense to the Plaintiff.

(2)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law, which plaintiff contends are applicable to this action.

RESPONSE:  The following are applicable:

(1) breach of contract – "The measure of damages in the case of a breach of contract is the amount which will compensate the injured person for the loss which a fulfillment of the contract would have prevented or the breach of it

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 2 -

entailed." <u>Marzullo v. Jim Ellis Motors, Inc.</u>, 253 Ga.App. 706, 708, 560 S.E.2d 309 (2002), *citing* <u>Crawford & Assoc. v. Groves-Keen, Inc.</u>, 127 Ga.App. 646, 650, 194 S.E.2d 499 (1972).

(2)  negligence – "To state a cause of action for negligence there must be: (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty." <u>City of Douglasville v. Queen</u>, 270 Ga. 770, 771(1), 514 S.E.2d 195 (1999).

(3)  gross negligence – Under O.C.G.A. § 51-1-4,  "slight diligence is that degree of care which every man of common sense, however inattentive he may be, exercises under the same or similar circumstances…[t]he absence of such care is termed gross negligence."

(4)  attorneys' fees – O.C.G.A. § 13-6-11 allows attorneys' fees to be awarded where the plaintiff has specially pled for them and "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense."

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 3 -

(3)    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A).

**RESPONSE:  See Attachment A.**

(4)    Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.   (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B).

**RESPONSE:  See Attachment B.**

(5)    Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, and control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of such information.  (Attach document list and descriptions to Initial Disclosures as Attachment C).

**RESPONSE:  See Attachment C.**

(6)    In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 4 -

location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**RESPONSE: See Attachment D.**

(7)    Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E).

**RESPONSE: See Attachment E.**

(8)    Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

**RESPONSE: None known at this time.   Plaintiff reserves the right to supplement this Initial Disclosure with proper notice to the Court and to the parties.**

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 5 -

This 1st day of June, 2007.

Respectfully submitted,

GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
Attorneys for Anthem Leather, Inc.

BY:    /s/DAVID M. ABERCROMBIE
EDWARD H. LINDSEY, JR.
Georgia State Bar No.:  453075
DAVID M. ABERCROMBIE
Georgia State Bar No.:  000394

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 6 -

## ATTACHMENT A

**Individuals Likely to Have Discoverable Information**

1.  Any individual identified or referenced during discovery or at any time during this civil action.

2.  Plaintiff Anthem Leather, Inc.

3.  Employees of Plaintiff Anthem Leather, Inc.:

    a.  Margaret Fontana

    b.  Stacey Conaway

4.  Defendant Kamino International Transport, Inc.

5.  Employees of Defendant Kamino International Transport, Inc.:

    a.  Ron Aspinwall

    b.  Susan Heger

    c.  Domie Heger

Plaintiff reserves the right to supplement this Initial Disclosure with proper notice to the Court and to the parties.

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 7 -

## ATTACHMENT B

### Potential Expert Witnesses

Plaintiff reserves the right to designate witnesses to testify as to expert opinions consistent with Fed.R.Evid. 702, 703, and 705 pursuant to the Rules of this Court, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), Plaintiff will provide a separate report satisfying the provisions of that rule.

Plaintiff reserves the right to supplement this Initial Disclosure with proper notice to the Court and to the parties.

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 8 -

## **ATTACHMENT C**

### **Documents Supporting Claim**

1.    All documents exchanged or referenced during discovery or at any time during this civil action.

2.    All documents listed by Defendant Kamino International Transport, Inc. in its initial disclosures.

3.    The subsequent contract formed between the parties illustrating their new agreement in or about 2003 pursuant to which Anthem agreed to pay Kamino $75.00 per each refund request completed for applicable misclassified items.

4.    The affidavit of Margaret Fontana.

5.    All exhibits attached to Complaint.

6.    All exhibits attached to any pleading already on file with this Court.

7.    Bills for attorneys' fees and expenses incurred by Plaintiff in pursuing this case.

     Plaintiff reserves the right to supplement this Initial Disclosure with proper notice to the Court and to the parties.

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

## ATTACHMENT D

### Computation of Damages

As a direct and proximate result of Defendant Kamino's breach of contract, negligence and gross negligence, Anthem has suffered a loss in the amount of $106,758.35 plus accrued interest, calculated as the sum total of each refund request that Kamino failed to prepare and file for over half of Anthem's misclassified shipments from Brazil. Those damages include attorneys' fees incurred by Anthem Leather, Inc.

Plaintiff reserves the right to supplement this Initial Disclosure with proper notice to the Court and to the parties.

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 10 -

## ATTACHMENT E

### Insurance Policy

No insurance policy has been identified to date that will satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Plaintiff reserves the right to supplement this Initial Disclosure with proper notice to the Court and to the parties.

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 11 -

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

ANTHEM LEATHER, INC.,

    Plaintiff,

v.

KAMINO INTERNATIONAL
TRANSPORT, INC.,

    Defendant.

CIVIL ACTION
NO.: 1:06-CV-3130

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

    Pursuant to Local Rule 5.1, counsel for Plaintiff hereby certifies that these pleadings (**PLAINTIFF'S INITIAL DISCLOSURES**) have been prepared with Times New Roman (14 Point) and that the margins comply with those required by the local rules.

    This 1st day of June, 2007.

BY:   /s/ DAVID M. ABERCROMBIE
        DAVID M. ABERCROMBIE
        Georgia State Bar No.: 000394

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | CIVIL ACTION NO.: 1:06-CV-3130 |
| v. | |
| KAMINO INTERNATIONAL TRANSPORT, INC., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed **PLAINTIFF'S INITIAL DISCLOSURES**, with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Jeffrey L. Mapen, Esq.
S. Wade Malone, Esq.
Nelson Mullins Riley & Scarborough LLP
999 Peachtree Street, NE, Ste. #1400
Atlanta, GA 30309-3964

This 1st day of June, 2007.

BY:     /S/ DAVID M. ABERCROMBIE
DAVID M. ABERCROMBIE
Georgia State Bar No.: 000394

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>KAMINO INTERNATIONAL<br>TRANSPORT, INC.,<br><br>    Defendant. | CIVIL ACTION<br>NO.: 1:06-CV-3130-JEC |

## JOINT CERTIFICATE OF INTERESTED PERSONS

COME NOW Plaintiff and Defendant, by and through their counsel of record in the above styled action, and pursuant to LR 3.3, ND Ga., submit their certificate of interested persons and show this Honorable Court the following:

(1) The undersigned Counsel of Record for the parties to this action certify that the following is a full and complete list of all parties in this action:

**Anthem Leather, Inc.  (Plaintiff)**

**Kamino International Transport, Inc.  (Defendant)**

(2)    The undersigned further certify that the following is a full and complete list of all other persons, associations of persons, firms, partnerships, or

corporations (including those related to a party as a subsidiary, conglomerate, affiliate, or parent corporation) having either a financial interest in or other interest which could be substantially affected by the outcome of this particular case:

**[Kamino Insurer]**                              Defendant's Insurer

**Kamino Limited**                              Parent Company of Defendant

(3)     The undersigned further certify that the following is a full and complete list of all persons serving as attorneys for the parties in this proceeding:

**Edward H. Lindsey, Jr.**                              Attorney for Plaintiff

**David M. Abercrombie**                              Attorney for Plaintiff

**Goodman, McGuffey, Lindsey & Johnson, LLP** Attorneys for Plaintiff

**S. Wade Malone**                              Attorney for Defendant

**Jeffrey L. Mapen**                              Attorney for Defendant

**Nelson Mullins Riley & Scarborough LLP**     Attorneys for Defendant


Submitted this 7th day of June, 2007.



*[SIGNATURES ON FOLLOWING PAGE]*

**GOODMAN MCGUFFEY**
**LINDSEY & JOHNSON, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 2 -

Counsel for Plaintiff:                    Counsel for Defendant:


<u>/S/ EDWARD H. LINDSEY, JR.</u>        <u>/S/ JEFFREY L. MAPEN*</u>
Edward H. Lindsey, Jr.                    S. Wade Malone
Georgia Bar No.:  453075                  Georgia Bar No.:  468015
David M. Abercrombie                      Jeffrey L. Mapen
Georgia Bar No.:  000394                  Georgia Bar No.:  469936

                                          *signed with express permission by
                                          Edward H. Lindsey, Jr.

**GOODMAN MCGUFFEY**
**LINDSEY & JOHNSON, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 3 -

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | |
| v. | CIVIL ACTION<br>NO.: 1:06-CV-3130-JEC |
| KAMINO INTERNATIONAL TRANSPORT, INC., | |
| Defendant. | |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

The undersigned hereby certifies that the within and foregoing pleading was prepared using Times New Roman, 14 point font, with a 1.5" top margin, in accordance with Local Rule 7.1.

/S/ EDWARD H. LINDSEY, JR.
Edward H. Lindsey, Jr.
Georgia Bar No. 453075
David M. Abercrombie
Georgia Bar No. 000394

**GOODMAN MCGUFFEY**
**LINDSEY & JOHNSON, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 4 -

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | Civil Action |
| | File No.:    1:06-CV-03130-JEC |
| v. | |
| KAMINO INTERNATIONAL TRANSPORT, INC., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed the foregoing **JOINT CERTIFICATE OF INTERESTED PERSONS** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Jeffrey L. Mapen, Esq.
S. Wade Malone, Esq.
Nelson Mullins Riley & Scarborough LLP
999 Peachtree Street, NE, Ste. #1400
Atlanta, GA 30309-3964

This 7th day of June, 2007.

BY:    */S/ EDWARD H. LINDSEY, JR.*
EDWARD S. LINDSEY, JR.
Georgia Bar No.: 000394

**GOODMAN MCGUFFEY**
**LINDSEY & JOHNSON, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

Doc ID# 182822

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | |
| v. | CIVIL ACTION NO.: 1:06-CV-3130-JEC |
| KAMINO INTERNATIONAL TRANSPORT, INC., | |
| Defendant. | |

## JOINT PRELIMINARY PLANNING REPORT AND DISCOVERY PLAN

COME NOW, Plaintiff and Defendant, and pursuant to LR 16.2, NDGa., present this Joint Preliminary Planning Report and Discovery Plan for consideration and approval of the Court.

**1.    Description of Case:**

**(a)  Describe briefly the nature of this action.**

This is an action for breach of contract, negligence and gross negligence. Plaintiff also seeks recovery of its expenses of litigation, including reasonable attorneys' fees, pursuant to the provisions of O.C.G.A. §13-6-11.

**(b)  Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence:**

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

**By Plaintiff**:

This action arises out of a contract between Anthem and Kamino with regard to Kamino acting as Anthem's customs broker for certain goods imported from Brazil  by Anthem in or around 2001 and 2002.  Kamino, as Anthem's customs broker, was responsible for handling all of the relevant customs documentation, matters and filings, including the filing of certain forms to be marked with the Special Program Indicator "A" to facilitate duty refunds when the country of Brazil was redesignated as a beneficiary under the Generalized System of Preferences.

Kamino was contractually obligated to ensure that the documents accompanying such imported goods properly identified the goods, including their correct country of origin.  If the imported goods were properly classified by Kamino, Anthem would then receive a refund on the import duties paid on those particular shipments of goods.  In or about 2003, Anthem discovered that Kamino had not properly classified certain shipments of goods and that Anthem would have to apply for governmental refunds due to the misclassification.  As a result, Anthem and Kamino entered into a new contract in or about 2003 in which Anthem agreed to pay Kamino $75.00 per each refund request completed for

**GOODMAN MCGUFFEY**
**LINDSEY & JOHNSON, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 2 -

applicable misclassified items.  Under that new contract, Kamino agreed to submit protests to obtain refunds for duties overpaid by Anthem.

Kamino subsequently failed to apply for over half of the refunds that were due to Anthem because of the misclassification of its goods and their corresponding country of origin.  Of the total amount due of $247,059.64, Anthem has received refunds of only $139,846.73.  As such, Anthem has not received the refund reimbursements it was due in an amount exceeding $106,758 plus accrued interest.

### By Defendant:

This case centers around an Agreement entered into between Anthem and Kamino whereby Kamino agreed to act as Anthem's customs broker regarding certain transactions.  Pursuant to the Agreement, Kamino was authorized to perform various acts on behalf of Anthem, including applying for certain refunds for duties paid.  Anthem alleges that Kamino failed to properly apply for certain refunds for duties paid pursuant to the Agreement between the parties.

Pursuant to the Agreement, Anthem acknowledged, among other things, receipt of Kamino's "Terms and Conditions of Service" of the Agreement, which "govern[s] all transactions between the parties."  These terms and conditions of the Agreement, which are based on the model authored by the National Customs

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

Brokers and Freight Forwarders Association, "constitute a legally binding contract between [Kamino] and [Anthem]." Pursuant to the terms and conditions of the Agreement, Kamino "irrevocably consent[ed] to the jurisdiction of the United States District Court and the State courts of New York" and agreed that "any action relating to the services performed by [Kamino], shall only be brought in said courts."

Kamino denies any liability to Anthem for the damages alleged in Plaintiff's Complaint. In the alternative, Kamino states that Anthem's damages, if any, were caused wholly or in part by Anthem's contributory negligence, including, but not limited to, the inconsistent information concerning classification of the relevant goods provided by Anthem to Kamino during the relevant time period.

In addition, Kamino's liability to Anthem, if any liability exists, is limited to $50.00 per claim, as described in the terms and conditions of the Agreement. In particular, Section 9(d)(ii) of the terms and conditions of the Agreement provides, in relevant part, that Kamino's liability to Anthem shall be limited to the following: "where the claim arises from activities relating to 'Customs business,' $50.00 per entry or the amount of brokerage fees paid to [Kamino] for the entry, whichever is less." Further, each invoice for services provided to Anthem by

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 4 -

Kamino for customs brokerage services, including those relating to shipments at issue here, sets forth the following language:

> Limitation of Liability for Loss etc. (a) [Anthem] agrees that [Kamino] shall only be liable for any loss, damage, expense, or delay of goods resulting from the negligence or fault of [Kamino]; such liability shall be limited to an amount equal to the lesser of fifty dollars ($50.00) per entry or shipment fee(s) charged for services provided.

**(c)  The legal issues to be tried are as follows:**

<u>**By Plaintiff**</u>**:**

1.  Whether Kamino breached the subsequent contract formed between the parties whereby Kamino would file the appropriate protests to obtain refunds for duties overpaid by Anthem for the fee of $75.00 per protest filed.

2.  Whether Kamino acted negligently in its failure to prepare and file the appropriate protests to recover refunds for Anthem's misclassified shipments.

3.  Whether Kamino acted with gross negligence in its failure to properly and timely file the appropriate protests to obtain refunds for duties overpaid by Anthem and its blatant misrepresentations to Anthem that the refund process was commencing and continuing for each and every applicable misclassified shipment of goods.

4.  Damages and expenses of litigation, including reasonable attorneys' fees, pursuant to the provisions of O.C.G.A. §13-6-11.

**GOODMAN McGUFFEY**
**LINDSEY & JOHNSON, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 5 -

**By Defendant:**

1.  Whether Plaintiff's Complaint should be dismissed for improper venue, or in the alternative, transferred to the appropriate venue.

2.  Whether Kamino breached the Agreement between Kamino and Anthem as alleged in Plaintiff's Complaint.

3.  Whether Kamino is liable to Anthem for any of the damages alleged in Plaintiff's Complaint.

4.  Whether Anthem's damages, if any, were caused by the contributory negligence of Anthem.

5.  Whether Anthem's damages, if any, are limited under the "Limitation of Liability" provisions contained in the Agreement and invoices.

    **(d)  The cases listed below (include both style and action number) are:**

        **(1)  Pending Related Cases:**  None.

        **(2)  Previously Adjudicated Related Cases:**  None.

**2.**      **This case is complex because it possesses one (1) or more of the features listed below (please check):**  This case is not complex.

| | | |
|---|---|---|
| __ | (1) | Unusually large number of parties |
| __ | (2) | Unusually large number of claims or defenses |
| __ | (3) | Factual issues are exceptionally complex |
| __ | (4) | Greater than normal volume of evidence |
| __ | (5) | Extended discovery period is needed |
| __ | (6) | Problems locating or preserving evidence |

**Goodman McGuffey**
**Lindsey & Johnson, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 6 -

   (7)      Pending parallel investigations or actions by government
   (8)      Multiple use of experts
   (9)      Need for discovery outside United States boundaries
   (10)    Existence of highly technical issues and proof

**3.    Counsel:**

**The following individually named attorneys are hereby designated as lead counsel for the parties:**

Plaintiff:    Edward H. Lindsey, Jr., Esq.
David M. Abercrombie, Esq.
Goodman, McGuffey, Lindsey
& Johnson, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia  30326-1084
Telephone: (404) 264-1500

Defendant:    S. Wade Malone, Esq.
Jeffrey L. Mapen, Esq.
Nelson Mullins Riley & Scarborough LLP
999 Peachtree Street, NE, Ste. #1400
Atlanta, GA 30309-3964
Telephone: (404) 817-6000

**4.    Jurisdiction:**

Is there any question regarding this court's jurisdiction?

**  X    Yes    ___  No.**

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  Where there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 7 -

should be supported by authority. **Defendant's Motion to Dismiss for Improper Venue or in the Alternative, Motion to Transfer Venue is currently pending before the Court.**

5.    **Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:    None.

(b)  The following persons are improperly joined as parties:

None.

(c)  The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)  The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.    **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.  Further instructions regarding amendments are contained in LR 15.

**GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 8 -

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times For Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a) *Motions to Compel:* Before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b) *Summary Judgment Motions:* Within twenty (20) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c) *Other Limited Motions:*  Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**GOODMAN MCGUFFEY**
**LINDSEY & JOHNSON, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 9 -

(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.      Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

The parties have no objection to initial disclosures.

**9.      Request for Scheduling Conference:**

Does any party request a scheduling conference with the court?  If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference with the court at this time.

**10.     Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first Defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

**GOODMAN MCGUFFEY**
**LINDSEY & JOHNSON, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 10 -

Cases in this court are assigned to one of the following three (3) discovery tracks:  (a) zero (0)-months discovery period, **(b) four (4)-months discovery period**, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**The parties agree to the four (4) month discovery period as provided by this Court's Local Rules.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:

**None known at this time, but the parties reserve the right to request additional discovery time if such is needed after initial discovery is completed.**

**11.    Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this court, and what other limitations should be imposed.

None known at this time.

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 11 -

**12.    Other Orders:**

What other orders do the parties think that the court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None known at this time.

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on April 30, 2007, and they participated in settlement discussions.    Other persons who participated in the settlement discussions are listed according to party.

On April 30, 2007, a settlement conference was held by the parties, as required by Local Rule 16.1.    David M. Abercrombie, on behalf of Plaintiff, and Jeffrey L. Mapen and S. Wade Malone on behalf of Defendant, held a telephone conference in which they discussed settlement and the issues raised in the case, as well as future discovery and related matters.    At this time, the parties do not foresee any specific problems hindering further settlement discussions.

**For Plaintiff:  Lead Counsel (signature):**

*/S/ EDWARD H. LINDSEY, JR.*

Edward H. Lindsey, Jr.
Georgia Bar No. 453075
David M. Abercrombie
Georgia Bar No. 000394

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 12 -

**For Defendant:**

_/S/ JEFFREY L. MAPEN_____
S. Wade Malone
Georgia Bar No.:  468015
Jeffrey L. Mapen
Georgia Bar No.:  469936

*signed with express permission by Edward H. Lindsey, Jr.*

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(X_)   Defendant believes there is a possibility of settlement before discovery.

(X )   Plaintiff believes there is a possibility of settlement after discovery.

(__)   A possibility of settlement, but a conference with the judge is needed.

(__)    No possibility of settlement.

(c)   Counsel (X) **do** or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference will occur sometime post expiration of discovery.

**GOODMAN MCGUFFEY**
**LINDSEY & JOHNSON, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 13 -

(d)  The following specific problems have created a hindrance to settlement of this case.

Plaintiff believes discovery from parties and non parties is necessary.

**14.    Trial by Magistrate Judge:**

The parties do **not** consent to having this case tried before a magistrate judge of this court.

This 7th day of June, 2007.

**For Plaintiff:  Lead Counsel (signature):**

*/S/ EDWARD H. LINDSEY, JR.*
Edward H. Lindsey, Jr.
Georgia Bar No. 453075
David M. Abercrombie
Georgia Bar No. 000394

**For Defendant:**

*/S/ JEFFREY L. MAPEN\**
S. Wade Malone
Georgia Bar No.:  468015
Jeffrey L. Mapen
Georgia Bar No.:  469936

*\*signed with express permission by Edward H. Lindsey, Jr.*

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 14 -

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED this _____day of _____, 2007.


_____
The Honorable Julie E. Carnes
Judge, United States District Court
Northern District of Georgia
Atlanta Division

**GOODMAN MCGUFFEY**
**LINDSEY & JOHNSON, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 15 -

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | |
| | CIVIL ACTION |
| v. | NO.: 1:06-CV-3130-JEC |
| KAMINO INTERNATIONAL TRANSPORT, INC., | |
| Defendant. | |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

The undersigned hereby certifies that the within and foregoing pleading was prepared using Times New Roman, 14 point font, with a 1.5" top margin, in accordance with Local Rule 7.1.

/S/ EDWARD H. LINDSEY, JR.
Edward H. Lindsey, Jr.
Georgia Bar No. 453075
David M. Abercrombie
Georgia Bar No. 000394

**GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 16 -

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | Civil Action |
| | File No.:    1:06-CV-03130-JEC |
| v. | |
| KAMINO INTERNATIONAL TRANSPORT, INC., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed the foregoing **PRELIMINARY PLANNING REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Jeffrey L. Mapen, Esq.
S. Wade Malone, Esq.
Nelson Mullins Riley & Scarborough LLP
999 Peachtree Street, NE, Ste. #1400
Atlanta, GA 30309-3964

This 7th day of June, 2007.

BY:    */S/ EDWARD H. LINDSEY, JR.*
EDWARD S. LINDSEY, JR.
Georgia Bar No.:  000394

**GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

Doc ID# 182820

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) |
| KAMINO INTERNATIONAL | ) NO. 06-03130-JEC |
| TRANSPORT, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## INITIAL DISCLOSURES OF
## DEFENDANT KAMINO INTERNATIONAL TRANSPORT, INC.

(1)  If the Defendant is improperly identified, state Defendant's correct identification and state whether Defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.  **Not applicable.**

(2)  Provide the names of any parties whom Defendant contends are necessary parties to this action, but who have not been named by Plaintiff.  If Defendant contends that there is a question of misjoinder of parties, provide the reasons for Defendant's contention.  **Not applicable.**

(3)  Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by Defendant in the responsive pleading.

Plaintiff's Complaint stands to be dismissed for improper venue because venue for Plaintiff's claims belongs in the courts of New York, pursuant to a forum selection provision contained in the relevant agreement entered into by the parties which forms the basis of Plaintiff's claims. This case centers around an agreement entered into between Anthem Leather Inc. ("Anthem") and Kamino International Transport, Inc. ("Kamino"), whereby Kamino agreed to act as Anthem's customs broker regarding certain transactions. Pursuant to the Agreement, Anthem acknowledged, among other things, receipt of Kamino's "Terms and Conditions of Service" of the Agreement, which "govern[s] all transactions between the parties." These terms and conditions of the Agreement, which are based on the model authored by the National Customs Brokers and Freight Forwarders Association, "constitute a legally binding contract between [Kamino] and [Anthem]." Pursuant to the terms and conditions of the Agreement, Kamino "irrevocably consent[ed] to the jurisdiction of the United States District Court and the State courts of New York" and agreed that "any action relating to the services performed by [Kamino], shall only be brought in said courts

Further, Kamino denies any and all liability to Anthem for the damages alleged in Anthem's Complaint. In the alternative, Anthem's damages, if any, were caused by the contributory

2

negligence of Anthem.   In addition, Kamino's liability to Anthem, if any liability exists, is limited to $50.00 per claim, as described in the terms and conditions of the Agreement.   In particular, Section 9(d)(ii) of the terms and conditions of the Agreement provides, in relevant part, that Kamino's liability to Anthem shall be limited to the following: "where the claim arises from activities relating to 'Customs business,' $50.00 per entry or the amount of brokerage fees paid to [Kamino] for the entry, whichever is less."   Further, each invoice for services provided to Anthem by Kamino for customs brokerage services, including those relating to shipments at issue here, sets forth the following language:

> Limitation of Liability for Loss etc. (a) [Anthem] agrees that [Kamino] shall only be liable for any loss, damage, expense, or delay of goods resulting from the negligence or fault of [Kamino]; such liability shall be limited to an amount equal to the lesser of fifty dollars ($50.00) per entry or shipment fee(s) charged for services provided.

(4)  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendant contends are applicable to this action.  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33, 108 S.Ct. 2239, 101 L. Ed. 2d 22 (1988) (valid forum selection clause should be given controlling weight in all but the most exceptional cases).  In addition, Kamino believes that the claims asserted by Anthem against Kamino in Anthem's

Complaint should be governed under New York law, pursuant to the governing law provision contained in the terms and conditions of the Agreement.  To the extent New York law governs Anthem's claims, Defendant contends the following case and legal principal, among others, are applicable to this action: Well Luck Co., Inc. v. F.C. Gerlach & Co., 421 F.Supp.2d 533 (E.D.N.Y. 2005) (recognizing that limitation of liability for loss provision in agreement limits recovery of claimed duty refunds attributable to alleged broker errors and/or omissions); and the legal principle that New York law does not recognize any distinct level of negligence as constituting a basis for exclusion of a limitation of liability provision.

(5)  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial disclosures as Attachment A.)

(6)  Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness

list and written reports to Initial Disclosures as Attachment B.)

(7)  Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

(8)  In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.) **Not applicable.**

(9)  If Defendant contends that some other person or legal entity is, in whole or in part, liable to the Plaintiff or Defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.  **Not applicable.**

(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part of all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures at Attachment E.) **Not applicable.**

This 8th day of June, 2007.

                              Submitted by:


                              /s/ Jeffrey L. Mapen_____
                              S. WADE MALONE
                              Georgia Bar No. 468015
                              JEFFREY L. MAPEN
                              Georgia Bar No. 469936
                              Attorneys for Defendant
                              Kamino International
                              Transport, Inc.

NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street
Suite 1400
Atlanta, Georgia  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

## <u>LR 7.1(D) CERTIFICATION OF FONT SIZE</u>

Counsel for Kamino International Transport, Inc. hereby certifies that these documents were prepared in Courier New 12 point font.

```
                              /s/ Jeffrey L. Mapen_____
                              JEFFREY L. MAPEN
                              Georgia Bar No. 469936
                              Attorney for Defendant
                              Kamino International
                              Transport, Inc.
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) |
| KAMINO INTERNATIONAL | ) NO. 06-03130-JEC |
| TRANSPORT, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing **INITIAL DISCLOSURES OF DEFENDANT KAMINO INTERNATIONAL TRANSPORT, INC.** by electronically filing this pleading via the Court's CMF system, ensuring delivery to the following:

Edward H. Lindsey, Jr.
David M. Abercrombie
Goodman McGuffey Lindsey &
Johnson, LLP
2100 Tower Place
3340 Peachtree Raod, NE
Atlanta, GA 30326

This 8th day of June, 2007.

/s/ Jeffrey L. Mapen
Jeffrey L. Mapen.
Georgia Bar No. 469936

NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

<u>ATTACHMENT A</u>

(1)  Domie Heger – Kamino Station Manager;

(2)  Susan Heger – Kamino Import Manager; and,

(3)  Joseph Barnao – Kamino V.P. - Corp. Qualifying Licensee

ATTACHMENT B

Defendant has not yet determined who may be used to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

ATTACHMENT C

At the request of Plaintiff's counsel, Kamino will make

available for inspection and copying the following documents:

    (1)    January 3, 2001 Customs Power of Attorney/Designation
as Export Forwarding Agent and Acknowledgment of Terms
and Conditions;

    (2)    Kamino's Terms and Conditions of Service (01/2006);
and

    (3)    Relevant invoices between Kamino and Anthem.

# Nelson
# Mullins

**Nelson Mullins Riley & Scarborough LLP**

Attorneys and Counselors at Law

999 Peachtree Street, NE / 14th Floor / Atlanta, GA 30309-3964

Tel: 404.817.6000 Fax: 404.817.6050

www.nelsonmullins.com

S. Wade Malone

Tel: 404.817.6257

wade.malone@nelsonmullins.com

June 7, 2007

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 0 8 2007

JAMES N. HATTEN, Clerk

By. _____

Deputy Clerk

Ms. Kay Bates

Courtroom Deputy Clerk for

The Honorable Julie E. Carnes

United States Courthouse

75 Spring Street SW, Chambers 2142

Atlanta, GA 30303

RE:    *Anthem Leather, Inc. v. Kamino International Transport, Inc.*
       United States District Court, Northern District of Georgia, Atlanta Division
       Civil Action File No. 06-03130-JEC

Dear Ms. Bates:

Pursuant to Local Rule 83.1(E)(3), I write to request that the above-referenced matter not be calendared for any hearing or other proceeding during the period of August 6 through August 17, 2007, as I will be serving as a delegate to the Annual Meeting of the American Bar Association and on personal vacation during that time.

Thank you.

Respectfully submitted,

*S. Wade Malone*

S. Wade Malone

Counsel to Kamino International Transport, Inc.

SWM:sea

cc:    Edward H. Lindsey, Jr., Esq.
       David M. Abercrombie, Esq.
       Jeffrey L. Mapen, Esq.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

ANTHEM LEATHER, INC.,

    Plaintiff,

v.

KAMINO INTERNATIONAL
TRANSPORT, INC.,

    Defendant.

CIVIL ACTION
NO.: 1:06-CV-3130

---

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this Certificate of Service for **PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT KAMINO INTERNATIONAL TRANSPORT, INC.,** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Jeffrey L. Mapen, Esq.
S. Wade Malone, Esq.
Nelson Mullins Riley & Scarborough LLP
999 Peachtree Street, NE, Ste. #1400
Atlanta, GA 30309-3964

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

This 17th day of July, 2007.

BY:   /s/ DAVID M. ABERCROMBIE
          DAVID M. ABERCROMBIE
          Georgia State Bar No.: 000394

Doc ID #138149

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 8 -

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | CIVIL ACTION NO.: 1:06-CV-3130 |
| v. | |
| KAMINO INTERNATIONAL TRANSPORT, INC., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this Certificate of Service for **PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT KAMINO INTERNATIONAL TRANSPORT, INC.**, with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Jeffrey L. Mapen, Esq.
S. Wade Malone, Esq.
Nelson Mullins Riley & Scarborough LLP
999 Peachtree Street, NE, Ste. #1400
Atlanta, GA 30309-3964

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 11 -

This 17th day of July, 2007.

BY:    /s/ David M. Abercrombie
       DAVID M. ABERCROMBIE
       Georgia State Bar No.: 000394

Doc ID #138092

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | CIVIL ACTION NO.: 1:06-CV-3130 |
| v. | |
| KAMINO INTERNATIONAL TRANSPORT, INC., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this Certificate of Service for **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT KAMINO INTERNATIONAL TRANSPORT, INC.,** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Jeffrey L. Mapen, Esq.
S. Wade Malone, Esq.
Nelson Mullins Riley & Scarborough LLP
999 Peachtree Street, NE, Ste. #1400
Atlanta, GA 30309-3964

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 8 -

This 17th day of July, 2007.

BY:    /s/ DAVID M. ABERCROMBIE
       DAVID M. ABERCROMBIE
       Georgia State Bar No.: 000394

Doc ID #138136

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 9 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
ANTHEM LEATHER, INC.,          )
                               )
                Plaintiff,     )
                               )
v.                             )  CIVIL ACTION FILE
                               )
KAMINO INTERNATIONAL           )  NO. 06-03130-JEC
TRANSPORT, INC.,               )
                               )
                Defendant.     )
                               )
```

**JOINT MOTION TO STAY DISCOVERY PENDING A RULING ON DEFENDANT'S
MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE,
MOTION TO TRANSFER VENUE**

COME NOW the parties hereto and pursuant to FED. R. CIV. P. 26(c) move this Court for an order staying any and all discovery, pending a ruling on Defendant's Motion to Dismiss for Improper Venue, or in the alternative, Motion to Transfer Venue. The grounds for this Motion are fully set forth in the Memorandum of Law in Support of this Motion filed contemporaneously herewith.

WHEREFORE, the parties request that this Honorable Court enter the attached Consent Order staying any and all discovery until this Court rules upon Defendant's Motion to Dismiss for Improper Venue, or in the alternative, Motion to Transfer Venue and furthermore, if necessary, that the parties be permitted 90 days with which to conduct discovery in this matter following the Court's ruling on Defendant's Motion.

Respectfully submitted this 31st day of July, 2007.

/s/ David M. Abercrombie
Edward H. Lindsey, Jr.
Georgia Bar No. 453075
David M. Abercrombie
Georgia Bar No. 000394
Attorneys for Plaintiff
Anthem Leather Inc.

Goodman McGuffey Lindsey & Johnson, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, GA 30326
(404) 264-1500 (phone)
(404) 264-1737 (fax)

/s/Jeffrey L. Mapen
S. Wade Malone
Georgia Bar No. 468015
Jeffrey L. Mapen
Georgia Bar No. 469936
Attorney for Defendant
Kamino International
Transport, Inc.

Nelson Mullins Riley & Scarborough LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHEM LEATHER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| KAMINO INTERNATIONAL | ) | NO. 06-03130-JEC |
| TRANSPORT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PARTIES' JOINT MOTION TO STAY DISCOVERY PENDING A RULING ON DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

COME NOW the parties hereto in the above-styled action and pursuant to Fed. R. Civ. P. 26(c) submit this Memorandum of Law in support of their Joint Motion to Stay Discovery Pending a Ruling on Defendant's Motion to Dismiss for Improper Venue, or in the alternative, Motion to Transfer Venue, respectfully showing this Court as follows:

On April 12, 2007, Defendant moved this Court to dismiss Plaintiff's claims for improper venue, or in the alternative, to transfer Plaintiff's claims to the appropriate venue based, in part, on a choice of forum provision contained in the relevant agreements between the parties. Defendant also filed its Answer in this matter on April 12, 2007. On April 27, 2007, Plaintiff filed its Response to Defendant's Motion. On May 11, 2007, Defendant filed its Reply to Plaintiff's Response to Defendant's

3

Motion.   Pursuant to this Court's May 25, 2007 Order, the parties submitted discovery responses required under Local Rules 3.3., 26.1 and 16.2.  In the interest of judicial economy, this Court should stay any and all other discovery in this matter until this Court rules upon Defendant's Motion to Dismiss for Improper Venue, or in the alternative, Motion to Transfer Venue.

"A court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988) (quoting Petrus v. Brown, 833 F.2d 581 (5th Cir. 1987)); see also Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997).  In general, "[f]acial challenges to the legal sufficiency of a claim or defense… should, however, be resolved before discovery begins." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997).  As such, this Court may grant a motion to stay discovery pursuant to FED. R. CIV. P. 26(c) upon a showing of good cause and reasonableness by the moving party.  Simpson, 121 F.R.D. at 263.

The primary reason for staying discovery relates to the elimination of unnecessary expenditures of time, money and other resources.  Feldman, 176 F.R.D. at 653.  This Court should stay any and all other discovery so that the parties may avoid any unnecessary costs.

WHEREFORE, all parties to this action respectfully request that this Honorable Court enter an order staying any and all discovery in this case pending a ruling on Defendant's Motion to Dismiss for Improper Venue, or in the alternative, Motion to Transfer Venue and furthermore, if necessary, that the parties be permitted 90 days with which to conduct discovery in this matter following the Court's ruling on Defendant's Motion.

Respectfully submitted this 31st day of July, 2007.

/s/ David M. Abercrombie
Edward H. Lindsey, Jr.
Georgia Bar No. 453075
David M. Abercrombie
Georgia Bar No. 000394
Attorneys for Plaintiff
Anthem Leather Inc.

Goodman McGuffey Lindsey & Johnson, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, GA 30326
(404) 264-1500 (phone)
(404) 264-1737 (fax)

/s/ Jeffrey L. Mapen
S. Wade Malone
Georgia Bar No. 468015
Jeffrey L. Mapen
Georgia Bar No. 469936
Attorney for Defendant
Kamino International
Transport, Inc.

Nelson Mullins Riley & Scarborough LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHEM LEATHER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| KAMINO INTERNATIONAL | ) | NO. 06-03130-JEC |
| TRANSPORT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CONSENT ORDER

For good cause shown, and with consent of all the parties,
IT IS HEREBY ORDERED that any and all discovery in this matter
shall be stayed pending a ruling on Defendant's Motion to
Dismiss for Improper Venue, or in the alternative, Motion to
Transfer Venue. Furthermore, if necessary, the parties shall be
permitted 90 days with which to conduct discovery in this matter
following the Court's ruling on Defendant's Motion.

SO ORDERED, this _____ day of _____, 2007.

_____
HONORABLE JULIE E. CARNES
Judge, U.S. District Court
Northern District of Georgia

CONSENTED TO:

/s/David M. Abercrombie
Edward H. Lindsey, Jr.
Georgia Bar No. 453075
David M. Abercrombie
Georgia Bar No. 000394
Attorneys for Plaintiff
Anthem Leather Inc.

Goodman McGuffey Lindsey & Johnson, LLP
2100 Tower Place
3340 Peachtree Raod, NE
Atlanta, GA 30326
(404) 264-1500 (phone)
(404) 264-1737 (fax)

/s/ Jeffrey L. Malone
S. Wade Malone
Georgia Bar No. 468015
Jeffrey L. Mapen
Georgia Bar No. 469936
Attorney for Defendant
Kamino International
Transport, Inc.

Nelson Mullins Riley & Scarborough LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) |
| KAMINO INTERNATIONAL | ) NO. 06-03130-JEC |
| TRANSPORT, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## JOINT MOTION TO STAY DISCOVERY PENDING A RULING ON DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE

COME NOW the parties hereto and pursuant to FED. R. CIV. P. 26(c) move this Court for an order staying any and all discovery, pending a ruling on Defendant's Motion to Dismiss for Improper Venue, or in the alternative, Motion to Transfer Venue. The grounds for this Motion are fully set forth in the Memorandum of Law in Support of this Motion filed contemporaneously herewith.

WHEREFORE, the parties request that this Honorable Court enter the attached Consent Order staying any and all discovery until this Court rules upon Defendant's Motion to Dismiss for Improper Venue, or in the alternative, Motion to Transfer Venue and furthermore, if necessary, that the parties be permitted 90 days with which to conduct discovery in this matter following the Court's ruling on Defendant's Motion.

Respectfully submitted this 31st day of July, 2007.

/s/ David M. Abercrombie
Edward H. Lindsey, Jr.
Georgia Bar No. 453075
David M. Abercrombie
Georgia Bar No. 000394
Attorneys for Plaintiff
Anthem Leather Inc.

Goodman McGuffey Lindsey & Johnson, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, GA 30326
(404) 264-1500 (phone)
(404) 264-1737 (fax)

/s/Jeffrey L. Mapen
S. Wade Malone
Georgia Bar No. 468015
Jeffrey L. Mapen
Georgia Bar No. 469936
Attorney for Defendant
Kamino International
Transport, Inc.

Nelson Mullins Riley & Scarborough LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHEM LEATHER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| KAMINO INTERNATIONAL | ) | NO. 06-03130-JEC |
| TRANSPORT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PARTIES' JOINT MOTION TO STAY DISCOVERY PENDING A RULING ON DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

COME NOW the parties hereto in the above-styled action and pursuant to Fed. R. Civ. P. 26(c) submit this Memorandum of Law in support of their Joint Motion to Stay Discovery Pending a Ruling on Defendant's Motion to Dismiss for Improper Venue, or in the alternative, Motion to Transfer Venue, respectfully showing this Court as follows:

On April 12, 2007, Defendant moved this Court to dismiss Plaintiff's claims for improper venue, or in the alternative, to transfer Plaintiff's claims to the appropriate venue based, in part, on a choice of forum provision contained in the relevant agreements between the parties. Defendant also filed its Answer in this matter on April 12, 2007. On April 27, 2007, Plaintiff filed its Response to Defendant's Motion. On May 11, 2007, Defendant filed its Reply to Plaintiff's Response to Defendant's

Motion.    Pursuant  to  this  Court's  May  25,  2007  Order,  the parties  submitted  discovery  responses  required  under  Local  Rules 3.3.,  26.1  and  16.2.    In  the  interest  of  judicial  economy,  this Court  should  stay  any  and  all  other  discovery  in  this  matter until  this  Court  rules  upon  Defendant's  Motion  to  Dismiss  for Improper  Venue,  or  in  the  alternative,  Motion  to  Transfer  Venue.

"A  court  has  broad  inherent  power  to  stay  discovery  until preliminary  issues  can  be  settled  which  may  be  dispositive  of some  important  aspect  of  the  case."    Simpson v. Specialty Retail Concepts, Inc., 121  F.R.D.  261,  263  (M.D.N.C.  1988)  (quoting Petrus v. Brown, 833  F.2d  581  (5th  Cir.  1987));  see  also  Feldman v. Flood, 176  F.R.D.  651,  652  (M.D.  Fla.  1997).    In  general, "[f]acial  challenges  to  the  legal  sufficiency  of  a  claim  or defense…  should,  however,  be  resolved  before  discovery  begins." Chudasama v. Mazda Motor Corp., 123  F.3d  1353,  1367  (11th  Cir. 1997).    As  such,  this  Court  may  grant  a  motion  to  stay  discovery pursuant  to  FED. R. CIV. P. 26(c)  upon  a  showing  of  good  cause  and reasonableness  by  the  moving  party.    Simpson, 121  F.R.D.  at  263.

The  primary  reason  for  staying  discovery  relates  to  the elimination  of  unnecessary  expenditures  of  time,  money  and  other resources.    Feldman, 176  F.R.D.  at  653.    This  Court  should  stay any  and  all  other  discovery  so  that  the  parties  may  avoid  any unnecessary  costs.

4

WHEREFORE, all parties to this action respectfully request that this Honorable Court enter an order staying any and all discovery in this case pending a ruling on Defendant's Motion to Dismiss for Improper Venue, or in the alternative, Motion to Transfer Venue and furthermore, if necessary, that the parties be permitted 90 days with which to conduct discovery in this matter following the Court's ruling on Defendant's Motion.

Respectfully submitted this 31st day of July, 2007.

/s/ David M. Abercrombie
Edward H. Lindsey, Jr.
Georgia Bar No. 453075
David M. Abercrombie
Georgia Bar No. 000394
Attorneys for Plaintiff
Anthem Leather Inc.

Goodman McGuffey Lindsey & Johnson, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, GA 30326
(404) 264-1500 (phone)
(404) 264-1737 (fax)

/s/ Jeffrey L. Mapen
S. Wade Malone
Georgia Bar No. 468015
Jeffrey L. Mapen
Georgia Bar No. 469936
Attorney for Defendant
Kamino International
Transport, Inc.

Nelson Mullins Riley & Scarborough LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA 30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHEM LEATHER, INC.,                    )
                                         )
                        Plaintiff,       )
                                         )
v.                                       )   CIVIL ACTION FILE
                                         )
KAMINO INTERNATIONAL                     )   NO. 06-03130-JEC
TRANSPORT, INC.,                         )
                                         )
                        Defendant.       )
_____  )

## CONSENT ORDER

For good cause shown, and with consent of all the parties,

IT IS HEREBY ORDERED that any and all discovery in this matter

shall be stayed pending a ruling on Defendant's Motion to

Dismiss for Improper Venue, or in the alternative, Motion to

Transfer Venue. Furthermore, if necessary, the parties shall be

permitted 90 days with which to conduct discovery in this matter

following the Court's ruling on Defendant's Motion.


SO ORDERED, this _____ day of _____, 2007.



_____
HONORABLE JULIE E. CARNES
Judge, U.S. District Court
Northern District of Georgia

~Doc# 783102.1~

CONSENTED TO:

/s/David M. Abercrombie
Edward H. Lindsey, Jr.
Georgia Bar No. 453075
David M. Abercrombie
Georgia Bar No. 000394
Attorneys for Plaintiff
Anthem Leather Inc.

Goodman McGuffey Lindsey & Johnson, LLP
2100 Tower Place
3340 Peachtree Raod, NE
Atlanta, GA 30326
(404) 264-1500 (phone)
(404) 264-1737 (fax)

/s/ Jeffrey L. Malone
S. Wade Malone
Georgia Bar No. 468015
Jeffrey L. Mapen
Georgia Bar No. 469936
Attorney for Defendant
Kamino International
Transport, Inc.

Nelson Mullins Riley & Scarborough LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHEM LEATHER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| KAMINO INTERNATIONAL | ) | NO. 06-03130-JEC |
| TRANSPORT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing **DEFENDANT'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST REQUESTS TO ADMIT TO PLAINTIFF ANTHEM LEATHER, INC.** with the Clerk of the Court using the CM/ECF system which will send notification of such filing and by delivering a copy of same, via hand delivery, ensuring delivery to the following:

Edward H. Lindsey, Jr.
David M. Abercrombie
Goodman McGuffey Lindsey &
Johnson, LLP
2100 Tower Place
3340 Peachtree Raod, NE
Atlanta, GA 30326

This 7th day of August, 2007.

/s/ Jeffrey L. Mapen
Jeffrey L. Mapen.
Georgia Bar No. 469936

1

```
NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Atlanta

AUG 24 2007

JAMES W. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| ANTHEM LEATHER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| KAMINO INTERNATIONAL | ) | NO. 06-03130-JEC |
| TRANSPORT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### CONSENT ORDER

For good cause shown, and with consent of all the parties,
IT IS HEREBY ORDERED that any and all discovery in this matter
shall be stayed pending a ruling on Defendant's Motion to
Dismiss for Improper Venue, or in the alternative, Motion to
Transfer Venue. Furthermore, if necessary, the parties shall be
permitted 90 days with which to conduct discovery in this matter
following the Court's ruling on Defendant's Motion.

SO ORDERED, this 22 day of August , 2007.

_____
HONORABLE JULIE E. CARNES
Judge, U.S. District Court
Northern District of Georgia

~Doc# 783102.1~

CONSENTED TO:

/s/David M. Abercrombie
Edward H. Lindsey, Jr.
Georgia Bar No. 453075
David M. Abercrombie
Georgia Bar No. 000394
Attorneys for Plaintiff
Anthem Leather Inc.

Goodman McGuffey Lindsey & Johnson, LLP
2100 Tower Place
3340 Peachtree Raod, NE
Atlanta, GA 30326
(404) 264-1500 (phone)
(404) 264-1737 (fax)

/s/ Jeffrey L. Malone
S. Wade Malone
Georgia Bar No. 468015
Jeffrey L. Mapen
Georgia Bar No. 469936
Attorney for Defendant
Kamino International
Transport, Inc.

Nelson Mullins Riley & Scarborough LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000 (phone)
(404) 817-6050 (fax)

FILED IN CHAMBERS
U.S.D.C. Atlanta

AUG 2 7 2007

JAMES N. HATTEN, Clerk

By:_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHEM LEATHER, INC.,              :
                                   :
          Plaintiff,               :
                                   :
v.                                 : NO. 1:06-CV-3130-JEC
                                   :
KAMINO INTERNATIONAL TRANSPORT,    :
INC.,                              :
                                   :
          Defendant.               :

### SCHEDULING ORDER

The above entitled action is presently before the Court pursuant to the filing of the parties' Joint Preliminary Planning Report and Scheduling Order. In the report, the parties have indicated they do not anticipate the need for additional time beyond the assigned discovery track to complete discovery.

ACCORDINGLY, IT IS HEREBY ORDERED that the discovery deadline in this case is **MONDAY, SEPTEMBER 10, 2007**. Any Motions for Summary Judgment must be filed by **MONDAY, OCTOBER 1, 2007,** and if no Motions for Summary Judgment are filed, the Proposed Consolidated Pretrial Order will be due on **THURSDAY, OCTOBER 11, 2007**. However, if a Motion for Summary Judgment is filed, the Proposed Consolidated Pretrial Order will be due within 30 days of the Court's ruling on the Motion for Summary Judgment.

AO 72A
(Rev.8/82)

IT IS FURTHER ORDERED that the parties are directed to adhere to the above deadlines.  Any motions requesting extensions of time must be made prior to the existing deadline and will be granted **only** in exceptional cases where the circumstances on which the request is based did not exist or the attorney(s) could not have anticipated that such circumstances would arise at the time the Preliminary Planning Report was filed.  Failure to comply with this order may result in the imposition of sanctions, including the dismissal of this action.

The Clerk is directed to submit this action by **FRIDAY, OCTOBER 12, 2007**, if the parties have not filed a Motion for Summary Judgment or Proposed Consolidated Pretrial Order.

The parties are reminded that all future pleadings and other papers in this case must be in compliance with this Court's local rule regarding font size.  *See* **LR 5.1B, NDGa.**[1]  Pursuant to this rule, computer documents must be prepared in either **Times New Roman (at least 14 point), Courier New (at least 12 point), Century Schoolbook (at least 13 point) or Book Antiqua, (at least 13 point) fonts; typewriter prepared documents must be prepared with no more than 10**

---

[1]  While footnotes may be single spaced, they should also be in compliance with the above local rule.  The parties should also note the local rule regarding margins. *See* LR 5.1C, NDGa.  Although the Court will accept a one inch top margin, the left margin must be no less than one inch.

2

characters per inch.  **THE PARTIES ARE HEREBY PUT ON NOTICE THAT THE COURT MAY STRIKE FUTURE PLEADINGS OR CORRESPONDENCE THAT VIOLATE THE ABOVE LOCAL RULES.**  Besides being a rule violation, submission of pleadings in small print size is poor advocacy, as print that is hard to read may not get the same consideration as print that is more legible.

At the end of any pleading, counsel must **certify** that the brief has been prepared with one of the font and point selections approved by the court in LR 5.1B and **specify** the font used.

SO ORDERED, this _27_ day of AUGUST, 2007.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)

CIVIL TRIAL INFORMATION

HONORABLE JULIE E. CARNES

COURTROOM 2107

WITNESS ROOM 2159

This information is intended to inform counsel of the procedures to follow in the preparation and trial of a case that has been assigned to Judge Carnes.

Trials will generally begin at 9:30 A.M. and run until approximately 5:00 P.M. There will be a short mid-morning and mid-afternoon recess. A one hour lunch recess will occur at around 12:30 or 1:00 P.M.

1. **PRETRIAL CONFERENCE**. A conference will be held after receipt of the proposed consolidated pretrial order and taken down by a court reporter. When preparing the proposed consolidated pretrial order, counsel are directed to file **joint voir dire questions**. If counsel cannot agree completely on the questions to be asked, counsel should submit a joint questionnaire as to those questions on which it agrees and each side should submit the questions which it would like propounded, but to which the opposing party has indicated an objection and its own objections to questions propounded by the

opposing party.

2. **CONDUCT OF VOIR DIRE**. Voir dire will be conducted as follows: The jurors will enter the courtroom and be seated in the order listed on the juror list. The Court will conduct all voir dire, but will allow counsel to ask follow-up questions concerning biographical information, if necessary. The Court will qualify the jurors as to their relationship to the parties and to counsel when appropriate and ask general questions, which have been submitted **jointly** by counsel, of the entire panel. The clerk will then call the name of each juror (one at a time) and have the juror answer the questions on the attached sheet. Before the next juror is called, counsel may ask questions of a factual nature pertaining to biographical information about the juror. If there are any challenges for cause at the conclusion of all questions, counsel will request permission to approach the bench.


3. **PEREMPTORY CHALLENGES**. The plaintiff and the defendant will *three* peremptory challenges. Multiple plaintiffs and multiple defendants will generally be considered a single party for the purpose of making challenges. The challenges or strike will be done verbally with the jurors outside the courtroom.

AS YOUR NAME IS CALLED, PLEASE, STAND, ANSWER THE QUESTIONS ON THIS SHEET OF PAPER, PLEASE **SPEAK UP** SO ALL CAN HEAR YOU AND PLEASE REMAIN STANDING UNTIL THE NEXT NAME IS CALLED.

1.    STATE YOUR NAME.

2.    IN WHAT CITY AND COUNTY DO YOU RESIDE?

        a.   How long have you lived at your residence?
        b.   Where did you reside previously?

3.   WHAT IS YOUR PRESENT EMPLOYMENT?

        a.   NAME OF EMPLOYER?
        b.   WHAT ARE YOUR DUTIES?
        c.   HOW LONG SO EMPLOYED?
        d.   IF YOU HAD THIS JOB FOR LESS THAN 5 YEARS, STATE YOUR PREVIOUS OCCUPATION.

4.   WHAT IS YOUR EDUCATIONAL BACKGROUND?

5.   IF MARRIED, WHAT IS YOUR SPOUSE'S OCCUPATION?

6.   DO YOU HAVE CHILDREN?

        a.   WHAT ARE THEIR AGES?
        b.   IF YOU HAVE ADULT CHILDREN, WHAT IS THEIR EMPLOYMENT STATUS?

7.   DO YOU BELONG TO ANY SOCIAL, CIVIC, POLITICAL OR RELIGIOUS ORGANIZATIONS?

8.   HAVE YOU EVER SERVED ON A GRAND JURY BEFORE?  WHERE AND WHEN?

9.   HAVE YOU EVER BEEN ON A PETIT OR TRIAL JURY BEFORE?

   IF SO, WHERE & WHEN?  WHAT KIND OF CASE WAS IT?  DID YOU REACH

A VERDICT?   WHAT WAS THE VERDICT?

10.   WHAT DO YOU DO FOR RECREATION?

11.   WHAT IS YOUR FAVORITE TELEVISION PROGRAM?

4. **EXCUSAL OF WITNESSES** All witnesses called to testify will be subject to the control of counsel who cause them to be served with a subpoena (or secured their voluntary appearance). Upon the completion of a witness' testimony, it shall not be necessary to inquire of the Court whether that witness may be excused;counsel may excuse the witness. Conversely, if other counsel wish to have any witness available for recall later, it is the responsibility of that counsel to make that announcement when the witness steps down and the Court will direct the witness to remain the environs of the Court for a reasonable time to permit such counsel an opportunity to secure and serve a subpoena upon the witness and assumes responsibility for his or her per diem, etc.

5. **REQUESTS TO CHARGE**. Counsel must use the Eleventh Circuit Pattern Jury Instructions, if applicable. If there is no appropriate Eleventh Circuit charge, Counsel should use the Fifth Circuit Pattern Jury Instructions or Devitt and Blackmar for federal questions and the Georgia pattern Charges for diversity cases or Federal Jury Practice and Instructions (3d ed 1977) before utilizing other sources. A blue sheet is included to inform counsel which requests to charge the court expects to receive. In general, these are the charges on the substantive law.

COUNSEL WILL PREPARE REQUESTS TO CHARGE INCLUDING INSTRUCTIONS NEEDED CONCERNING CLAIMS AND DEFENSES AND SPECIAL ISSUES AND DAMAGES, IN THE FOLLOWING GENERAL FORMAT AND SEQUENCE. THE COURT DIRECTS COUNSEL TO USE THE ELEVENTH CIRCUIT PATTERN INSTRUCTIONS. IF THERE IS NO APPLICABLE ELEVENTH CIRCUIT PATTERN, PROVIDE AN APPROPRIATE INSTRUCTION FROM *FEDERAL JURY PRACTICE AND INSTRUCTIONS,* O'MALLEY, GRENIG & LEE (5th Edition 2000) OR ANOTHER FEDERAL CIRCUIT. IF STATE LAW APPLIES, PLEASE ATTEMPT TO FIND AN APPROPRIATE PATTERN INSTRUCTION FROM THAT STATE.

(a)  Statement of facts stipulated by the parties.

(b)  Statement (not more than one page) of the plaintiff's contentions.

(c)  Statement (not more than one page) of the defendant's contentions.

(d)  Substantive law requests relating to plaintiff's claims and damages or to applicable defense(s).

Each request to charge shall be numbered sequentially and on a separate page with the authority for the requested charge cited at the bottom of the page. The first request to charge should be a one page or less statement of the parties contentions. Counsel should be sure to cover all the substantive law issues and should not assume that the court has it own charge on the substantive law. Each party is limited to **15** requests to charge, excluding pattern charges, except upon prior authorization by the Court. **THREE** courtesy copies of the 15 requests to charge shall be filed in chambers 2167 **ONE WEEK PRIOR TO TRIAL** and shall serve one copy of the requests on opposing counsel. See Local Rule 51 N.D. Ga.

*WRITTEN OBJECTIONS TO EACH PARTIES' REQUESTS TO CHARGE ARE DUE THE MORNING TRIAL BEGINS.*

6.  **IMPEACHMENT - INCONSISTENT.** A subject with which many counsel have difficulty at the trial is the use of depositions for impeachment purposes.

First of all, the Federal Rules of Evidence now define prior contradictory statements under oath in depositions as non-hearsay statements. Fed. R. Evid. 801(d)(1)(A). Therefore, prior inconsistent statements of a witness in a deposition are admissible as substantive evidence to prove the

truth of the matter asserted. As a result, those portions of the prior deposition which are inconsistent with in-court testimony of the deponent, in addition to being used for impeachment, can actually be received as substantive evidence to prove the truth of the matter contained therein.

Counsel should impeach by developing on cross-examination the fact that the deposition was taken. Counsel should state where the deposition was taken, emphasizing that deponent's attorney was present. Counsel should bring out the fact that the witness read over the deposition, made no changes or corrections and then signed it. Counsel should then ask the witness the question in the same manner and style that it was asked in the deposition. If s/he answers it differently, counsel should then call his/her attention to the time, place, and circumstances of the deposition and state "in answer to such and such a question to you, did you not answer so and so?" If s/he says "yes" s/he has admitted the inconsistent statement. If s/he says "no" counsel may offer into evidence the relevant pages of the deposition as a prior

inconsistent statement. (This last step is rarely taken by counsel).

7.  **ESTABLISHING PREDICATE FOR ADMISSION OF BUSINESS RECORDS.** Another subject with which many counsel have difficulty at the trial is establishing the predicate for admission of business records. With particular reference to the introduction of records or documents under Rule 803(6) of the Federal Rule of Evidence (the "business records" exception to the hearsay rule), the following predicate facts <u>must</u> be developed through examination of a witness (and not left to speculation or conclusions to be drawn from the document itself):

(1)  That the record was made at or near the time of the   event or transaction described;

(2)  That the record was made by a person with knowledge    of  the  event   or transaction described (or was made  f r o m  i n f o r m a t i o n transmitted to the preparer by a   p e r s o n  w i t h knowledge);

(3)  That the record was made in the course of a regularly business activity (if made from

information transmitted to the preparer by a person
with knowledge that such a person was acting in the
regular course of business);

(4)  That it was a part of that regularly conducted
     business activity  to make and keep that
record; and

(5)  That the witness is able to identify the
document  from actual knowledge of its preparation
or as its    business custodian.

To establish these predicate facts, the following
questions  (with   appropriate   variations   if
necessary) must be asked:

(1)  Are you familiar with the document?

               (Custodian or Preparer)

(2)  Who prepared the document?

               (Name and/or job title of Preparer)

(3)  What is the nature of the document?

               (Without    disclosing    specific
               contents)

(4)  When was the document prepared?

               (At or near the date of the transaction
               described)

(5)  What was the source of the information relied
     upon by the person who prepared the document?

               (Personal  observation  or  reliable

information transmitted by others)

(6)  Was the document prepared in the usual course of a regularly conducted business activity?

(7)  Was it a part of that activity to make and keep the record?

(8)  If made upon reliable information transmitted by others, was the informant acting in the course of a regularly conducted business?

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | |
| | CIVIL ACTION |
| v. | NO.: 1:06-CV-3130-JEC |
| KAMINO INTERNATIONAL TRANSPORT, INC., | |
| Defendant. | |

## JOINT PRELIMINARY PLANNING REPORT AND DISCOVERY PLAN

COME NOW, Plaintiff and Defendant, and pursuant to LR 16.2, NDGa., present this Joint Preliminary Planning Report and Discovery Plan for consideration and approval of the Court.

1.    **Description of Case:**

   **(a)  Describe briefly the nature of this action.**

This is an action for breach of contract, negligence and gross negligence. Plaintiff also seeks recovery of its expenses of litigation, including reasonable attorneys' fees, pursuant to the provisions of O.C.G.A. §13-6-11.

   **(b)  Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence:**

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED this 24 day of ~~June~~ August, 2007.

FILED IN CHAMBERS
U.S.D.C. Atlanta

AUG 2 7 2007

JAMES N. HATTEN, Clerk

By: _____ Deputy Clerk

_____
The Honorable Julie E. Carnes
Judge, United States District Court
Northern District of Georgia
Atlanta Division

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 15 -

FILED IN CHAMBERS
U.S.D.C. Atlanta

OCT 1 0 2007

JAMES N. HATTEN, Clerk

By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHEM LEATHER, INC.,

        Plaintiff,

                          CIVIL ACTION NO.

v.                       1:06-CV-3130-JEC

KAMINO INTERNATIONAL TRANSPORT,
INC.,

        Defendant.

## ORDER

    The above entitled action is presently before the Court upon an oral inquiry by defense counsel Jeffrey Mapren regarding the issuance of a Scheduling Order by the Court on August 27, 2007 [29].

    In issuing the Order, the Court Deputy failed to notice the August 24, 2007 Order [28], which stayed discovery pending a ruling on defendant's Motion to Dismiss or, in the alternative, Motion to Transfer Venue [26].

    IT IS HEREBY ORDERED that the Scheduling Order [29] is **VACATED** and discovery is stayed pending a final ruling on defendant's Motion to Dismiss or, in the alternative, Motion to Transfer Venue [26].

    SO ORDERED, this _10_ day of October, 2007.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHEM LEATHER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| KAMINO INTERNATIONAL | ) | NO. 06-03130-JEC |
| TRANSPORT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF CHANGE OF ADDRESS

Please take notice that all pleadings and correspondence in the above-referenced matter should be directed to the undersigned counsel for **DEFENDANT KAMINO INERNATIONAL TRANSPORT, INC.** at the following address effective immediately:

S. Wade Malone
Jeffrey L. Mapen
Nelson Mullins Riley & Scarborough LLP
201 17th Street, N.W., Suite 1700
Atlanta GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

This 7th day of November, 2007.

/s/ Jeffrey L. Mapen
S. Wade Malone
Georgia Bar No. 468015
Jeffrey L. Mapen
Georgia Bar No. 469936
Counsel for Defendant
Kamino International
Transport, Inc.

```
Nelson Mullins Riley & Scarborough LLP
201 17th Street, N.W., Suite 1700
Atlanta GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHEM LEATHER, INC.,               )
                                    )
                 Plaintiff,         )
                                    )
v.                                  )  CIVIL ACTION FILE
                                    )
KAMINO INTERNATIONAL                )  NO. 06-03130-JEC
TRANSPORT, INC.,                    )
                                    )
                 Defendant.         )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing **NOTICE OF CHANGE OF ADDRESS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Edward H. Lindsey, Jr.
David M. Abercrombie
Goodman McGuffey Lindsey &
Johnson, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, GA 30326

This 7th day of November, 2007.

                                    /s/ Jeffrey L. Mapen
                                    Jeffrey L. Mapen
                                    Georgia Bar No. 469936

NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, N.W., Suite 1700
Atlanta GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

# GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP

### ATTORNEYS AT LAW

**Atlanta Office:**
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-
1084

TELEPHONE (404) 264-1500
FACSIMILE  (404) 264-1737

**EDWARD H. LINDSEY, JR.**
Direct Dial: (404) 926-4108
Email: elindsey@gmlj.com

Orlando Office:
Suite 200
1245 West Fairbanks Avenue
Winter Park, Florida 32789
Telephone (407) 478-1247
Facsimile (407) 478-1527

January 17, 2008

Ms. Dee Dee Morris, Deputy Clerk
To The Honorable Julie E. Carnes
U.S.D.C., N. District, Atlanta Division
2167 Richard B. Russell Federal Building
and United States Courthouse
75 Spring Street
Atlanta, GA 30303-3309

        Re:    Petition for Leave of Absence
                Civil Action File No.:  1:06-cv-3130-JEC

Dear Ms. Morris:

        This firm represents Defendant Anthem Leather, Inc. in the above-referenced case.  I am counsel for the Defendant named herein in the above-referenced case.  I am lead counsel for this party and the period of leave during which time I will be away from the practice of law, is **Monday, January 14, 2008 through the end of the General Assembly session,** inclusively.  The purpose of the leave is that I will be serving as a Georgia State Representative pursuant to O.C.G.A. § 9-10-150 (2004).

        All affected judges and opposing counsel shall have ten (10) days from the date of this Petition for Leave of Absence to object to it.  If no objections are filed, the leave shall be granted.

        With kindest regards, I remain

                Sincerely,

                Edward H. Lindsey, Jr.

EHL:pj
Enclosure
cc:    Jeffrey L. Mapen, Esq.
       S. Wade Malone, Esq.

**To:**      **All Judges, Clerk of Court, and Counsel of Record**

**From:**    **Edward H. Lindsey, Jr.**

**RE:**      **Petition for Leave of Absence**

**Date:**    **January 17, 2008**

COMES NOW Edward H. Lindsey, Jr. and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Fed. R. Civ. P. 83.

1.

The period of leave during which time Applicant will be away from the practice of law, is **January 14, 2008 through the end of the General Assembly session,** inclusively.  The purpose of the leave is that he will be serving as a Georgia State Representative pursuant to O.C.G.A. § 9-10-150 (2004).

2.

All affected judges and opposing counsel shall have ten (10) days from the date of this Petition for Leave of Absence to object to it.  If no objections are filed, the leave shall be granted.

Respectfully Submitted,

GOODMAN McGUFFEY LINDSEY & JOHNSON, LLP

By: _Edward H Lindsey Jr./RWZ_
EDWARD H. LINDSEY, JR.
GA State Bar No. 453075

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **PETITION FOR LEAVE OF ABSENCE** upon all judges, clerks and opposing counsel listed on the attached Exhibit A, by Electronic Filing and First Class Mail.

This 18th day of January, 2008.

EDWARD H. LINDSEY, JR.
GA State Bar No. 453075

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

## <u>CERTIFICATE OF COMPLIANCE</u>

The foregoing **PETITION FOR LEAVE OF ABSENCE** is double spaced in 14 point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

EDWARD H. LINDSEY, JR.
Georgia State Bar No.: 453075

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

# EXHIBIT A

| Name of Case<br>Case Number | Name of Judge<br>Court/County | Opposing Counsel |
|---|---|---|
| Anthem Leather, Inc. v. Kamino International Transport, Inc.<br>1:06-CV-03130-JEC | Julie E. Carnes<br>USDC, N.D.<br>Atlanta Division | Jeffrey L. Mapen, Esq.<br>S. Wade Malone, Esq.<br>Nelson Mullins Riley &<br>  Scarborough LLP<br>Suite. #1400<br>999 Peachtree Street, NE<br>Atlanta, GA 30309-3964 |

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHEM LEATHER, INC.,

     Plaintiff,

v.

KAMINO INTERNATIONAL
TRANSPORT, INC.,

     Defendant.

Civil Action
File No.:    1:06-cv-03130-JEC

## ORDER

Attorney Edward H. Lindsey, Jr. of the firm of Goodman McGuffey Lindsey & Johnson, LLP's Petition for Leave of Absence from the practice of law is from **Monday, January 14, 2008 through the end of the General Assembly session,** inclusive. The purpose of this leave is that I will be serving as a Georgia State Representative pursuant to O.C.G.A. § 9-10-150 (2004).

IT IS HEREBY ORDERED that Edward H. Lindsey, Jr. of the firm of Goodman McGuffey Lindsey & Johnson, LLP be allowed to take leave from the practice of law from **Monday, January 14, 2008 through the end of the General Assembly session,** inclusively pursuant to Local Rule 83.1(E)(3).

***(Signature Continued On Next Page)***

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

This _____ day of _____, 2008.

_____
Judge Julie E. Carnes
United States District Court for the
Northern District of Georgia
Atlanta Division

cc:    Jeffrey L. Mapen, Esq.
       S. Wade Malone, Esq.

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

- 2 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | Civil Action File No.: 1:06-cv-03130-JEC |
| v. | |
| KAMINO INTERNATIONAL TRANSPORT, INC., | |
| Defendant. | |

## CERTIFICATE OF COMPLIANCE

The foregoing ORDER is double spaced in 14 point Times New Roman font

and complies with the type-volume limitation set forth in Local Rule 7.1.

_Edward H. Lindsey Jr. /RM2_

EDWARD H. LINDSEY, JR.
GA State Bar No.: 453075

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHEM LEATHER, INC.,

      Plaintiff,

v.

KAMINO INTERNATIONAL
TRANSPORT, INC.,

      Defendant.

Civil Action
File No.:    1:06-cv-03130-JEC

## ORDER

Attorney Edward H. Lindsey, Jr. of the firm of Goodman McGuffey Lindsey & Johnson, LLP's Petition for Leave of Absence from the practice of law is from **Monday, January 14, 2008 through the end of the General Assembly session,** inclusive. The purpose of this leave is that I will be serving as a Georgia State Representative pursuant to O.C.G.A. § 9-10-150 (2004).

IT IS HEREBY ORDERED that Edward H. Lindsey, Jr. of the firm of Goodman McGuffey Lindsey & Johnson, LLP be allowed to take leave from the practice of law from **Monday, January 14, 2008 through the end of the General Assembly session,** inclusively pursuant to Local Rule 83.1(E)(3).

### *(Signature Continued On Next Page)*

GOODMAN MCGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

This _____ day of _____, 2008.

_____
Judge Julie E. Carnes
United States District Court for the
Northern District of Georgia
Atlanta Division

cc:    Jeffrey L. Mapen, Esq.
       S. Wade Malone, Esq.

Goodman McGuffey
Lindsey & Johnson, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHEM LEATHER, INC., | |
| Plaintiff, | Civil Action<br>File No.: 1:06-cv-03130-JEC |
| v. | |
| KAMINO INTERNATIONAL<br>TRANSPORT, INC., | |
| Defendant. | |

## CERTIFICATE OF COMPLIANCE

The foregoing ORDER is double spaced in 14 point Times New Roman font

and complies with the type-volume limitation set forth in Local Rule 7.1.

_Edward H. Lindsey Jr /ba2_

EDWARD H. LINDSEY, JR.
GA State Bar No.: 453075

GOODMAN McGUFFEY
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326-1084
(404) 264-1500
(404) 264-1737 FAX

FILED IN CHAMBERS
U.S.D.C. Atlanta

FEB 2 5 2008

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHEM LEATHER, INC.,

        Plaintiff,

                           CIVIL ACTION NO.

v.                           1:06-CV-3130-JEC

KAMINO INTERNATIONAL TRANSPORT,
INC.,

        Defendant.

## O R D E R  &  O P I N I O N

This case is currently before the Court on defendant's Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue [10]. The Court has reviewed the record and arguments of the parties and, for the reasons set out below, concludes that defendant's Motion to Dismiss for Improper Venue [10] should be **DENIED**, but its Alternate Motion to Transfer Venue [10] should be **GRANTED**.

### BACKGROUND

This is a case of breach of contract. Plaintiff is a Delaware corporation with its principal place of business in High Point, North Carolina. (Compl. [1] at ¶ 1.) Plaintiff is in the business of importing leather goods from other countries. (Motion to Dismiss for

AO 72A
(Rev.8/82)

Improper Venue, or in the Alternative, to Transfer Venue [10] (herein after "Mot. to Dismiss") at 2.)  Defendant is a New Jersey corporation with its principal place of business in Valley Stream, New York.  (Compl. [1] at 2.)  On January 3, 2001, plaintiff and defendant entered into a contract entitled Customs Power of Attorney/ Designation as Export Forwarding Agent and Acknowledgement of Terms and Conditions (hereinafter "the POA"), whereby defendant became plaintiff's customs broker.  (Compl. [1] at ¶ 9; Ex. 1 to Mot. to Dismiss [10].)  As plaintiff's customs broker, defendant's duties included filing documents with Customs that identify the country of origin of goods plaintiff imported into the United States.  (Compl. [1] at ¶¶ 10-12.)  If these forms correctly identified the country of origin, then plaintiff would be entitled to a refund on import duties.  (*Id.* at ¶ 13.)

Around 2003, plaintiff discovered that defendant had improperly classified the country of origin of some goods.  (*Id.* at ¶ 14.)  This discovery meant that plaintiff would have to apply for refunds that it had not received due to the misclassifications.  (*Id.*)  Plaintiff alleges that instead of applying for these refunds themselves, they again contracted with defendant to apply for the refunds, executing a new contract.  (*Id.* at ¶¶ 15-16.)  For its part, defendant denies ever entering into a new contract and alleges that its services in applying for refunds due to plaintiff were performed pursuant to the

2

POA.   (Answer [7] at ¶¶ 15-16.)

The POA is a standard form of the National Customs Brokers and Forwarders Association of America, Inc.   (Ex. 1 to Mot. to Dismiss [10].)   Just above the line where plaintiff's corporate officer signed the agreement is a provision that "Grantor acknowledges receipt of _____ Terms and Conditions of Service governing all transactions between the Parties."   (*Id.*)   Typed into the blank is "Kamino International Transport Inc."   (*Id.*)   The Terms and Conditions of Service (hereinafter "T&C") includes a provision that the parties "agree that any action relating to the services provided by [defendant], shall only be brought in [the United States District Courts and State courts of New York]."   (Ex. 2 to Mot. to Dismiss [10].)   The new contract that plaintiff contends governs defendant applying for refunds on behalf of plaintiff contains no such provisions.   (Ex. 1 to Pl.'s Resp. to Def.'s Mot. to Dismiss [12] at ¶ 9.)

On December 26, 2006, plaintiff filed this action alleging breach of contract, negligence, and gross negligence stemming from defendant's alleged failure to apply for plaintiff's refunds. (Compl. [1] at ¶¶ 23-40.)   On April 12, 2007, defendant filed a Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue, which is presently before the Court [10].

3

## DISCUSSION

### I.    Standard

Defendant has moved for dismissal or transfer of venue pursuant to Federal Rule 12(b)(3).  (Mot. to Dismiss [10].)  This motion is predicated on a forum selection clause that is part of the T&C defendant claims govern this transaction.  (Brief in Support of Mot. to Dismiss [10] at p. 4.)  When a Rule "12(b)(3) motion to dismiss for improper venue is based on a forum selection clause, the plaintiff has the burden of showing that venue is proper."  *Lobo v. Celebrity Cruises, Inc.*, 426 F. Supp. 2d 1296, 1304 (S.D. Fla. 2006).  This is because by attempting to enforce a forum selection clause, defendant is actually "trying to enforce the forum that the plaintiff had already chosen: the contractual venue."  *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

### II.   The Forum Selection Clause Governs the Transactions That Gave Rise to This Lawsuit

Plaintiff argues that the events leading up to the filing of this lawsuit are not governed by the forum selection clause contained in the T&C of the 2001 contract.  (Pl.'s Resp. to Def.'s Mot. to Dismiss [12] at p. 7.)  Rather, plaintiff contends that it had executed with defendant a new contract in or around 2003 that did not contain a forum selection clause.  (*Id.*; Ex. 1 to Pl.'s Resp. to Def.'s Mot. to Dismiss [12] at ¶¶ 5-9.)  Defendant denies forming

4

this new contract, but argues that even if such a contract exists, the original forum selection clause is controlling in this case. (Reply to Pl.'s Resp. [14] at p. 3.)

This suit rises from defendant allegedly failing to file protests with Customs on behalf of plaintiff. (Compl. [1] at ¶ 18; Ex. A to Compl. [1].) The POA expressly authorized defendant to file "claims or protests" on behalf of the plaintiff. (Ex. 1 to Mot. to Dismiss [10].) Additionally, the contract purports to "govern[] all transactions between the Parties." (*Id.*) Even if a new contract were signed, it appears that contract only set the price of the services, which were not set by the original agreement. (Compl. [1] at ¶ 17; Ex. 1 to Mot. to Dismiss [10].) Therefore, in determining whether the forum selection clause applies in this case, the Court need only determine whether the POA binds the parties to its T&C in future contracts.

The T&C contains a provision that "the relationship of the parties shall be construed according to the laws of the State of New York." (Ex. 2 to Mot. to Dismiss [10].)[1] "In New York, 'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms.'" *Maxcess, Inc.*

---

[1]  Though the result would likely be the same under Georgia law, New York law applies to the interpretation of this contract due to the choice of law clause. *See BP Lubricants USA Inc. v. Global Saturn, Inc.*, No. 1:06-CV-0149-WSD, 2007 WL 1589566, at *2 n. 2 (N.D. Ga. June 1, 2007).

5

*v. Lucent Techs., Inc.*, 433 F.3d 1337, 1342 (11th Cir. 2005)(quoting *Greenfield v. Philles Records, Inc.*, 780 N.E. 2d 166, 170 (2002)). The plain meaning of "govern[s] all transactions between the Parties" is that the POA would apply to every business dealing between the two parties.    This reading of the POA is further strengthened by the requirement that a broker can only file Customs protests on behalf of a client pursuant to a power of attorney.    19 C.F.R. §§ 111.40, 174.3.    Thus, even if the parties executed a new contract governing the amount plaintiff was to pay defendant for filing protests, the POA gives the defendant the legal authority to file them and must still govern that relationship between the parties. *Id.*  Because the POA governed defendant filing the Customs protests on behalf of plaintiff, the T&C, and the forum selection clause therein, also apply to the transactions at issue.

**III.    The Forum Selection Clause is Enforceable**

Plaintiff contends that in signing the POA it never intended to agree to the "boilerplate language" of the T&C, including the forum selection clause.    (Pl.'s Resp. to Def.'s Mot. to Dismiss [12] at p. 8-9.) However, plaintiff is a sophisticated business entity, and "it is well established under Georgia contract law . . . if a party signs a paper, the presumption of law is that he knows the contract." *McNair v. Monsanto Co.*, 279 F. Supp.2d 1290, 1301 (M.D. Ga. 2003). Furthermore, at least one court has held that the T&C attached to an

6

AO 72A
(Rev.8/82)

identical contract in an identical manner were binding on the parties. *See Atwood Oceanics v. Zust Bachmeier of Switzerland, Inc.,* No. Civ.A. H-04-4028, 2006 WL 734415 (S.D. Tex. March 21, 2006). Likewise, the Court holds that the T&C, including the forum selection clause, are binding on the parties in this case.

## IV.   **Transfer of this Action is Proper**

In *American Safety Cas. Ins. Co. v. Bio-Tech Solutions, Inc.,* this Court noted that "it is . . . a rare case in which a valid [forum selection] clause will not be enforced." No. 1:05-1CV-3152-JEC, 2007 U.S. Dist. WL 951529 at *3 (N.D.Ga. Mar. 26, 2007). In *American Safety*, the Court outlined four principles laid out by the 11th Circuit for the Court to use in determining whether a § 1404(a) transfer is appropriate in light of a valid forum selection clause. *Id.* These principles include 1) the burden of persuasion is on the non-moving party, 2) the validity of the forum selection clause is determined under general contract law, 3) the forum selection clause is a "significant factor that figures centrally," and 4) enforcement of a forum selection clause is equivalent to enforcing the forum chosen by the parties. *Id.*, citing *P & S Bus. Machs., Inc. v. Canon USA, Inc.,* 331 F.3d 804 (11th Cir. 2003).

Against enforcement of the forum selection clause, plaintiff argues that plaintiff and the witnesses are located in Georgia and makes a rather conclusory assertion that the "interests of justice"

require keeping the case in Georgia.  (Pl.'s Resp. to Def.'s Mot. to Dismiss [12] at p. 9.)  As this Court noted in *American Safety*, however, the convenience to the witnesses is not necessarily dispositive, as the witnesses can give videotaped deposition testimony.  *Id.*  Plaintiff has presented the Court with no reason that videotaped deposition testimony would be inadequate in this case.  Furthermore, "[w]here, as here, the non-movant has not shown that it would be unjust to honor a forum selection clause that it has freely given, 'the interest of justice' requires that the non-movant be held to its promise."  *In re Ricoh*, 870 F.2d at 573.  Because the forum selection clause is "a *significant* factor that figures *centrally*" in the Court's ruling, a transfer is appropriate. Therefore, defendant's Motion to Dismiss for Improper Venue [10] is **DENIED**, but its Alternate Motion to Transfer Venue [10] is **GRANTED**.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's Motion to Dismiss for Improper Venue, but **GRANTS** defendant's Alternate Motion to Transfer Venue [10].  This case shall be **TRANSFERRED** to the Southern District of New York.  The Clerk of this District shall **CLOSE** the case.

AO 72A
(Rev.8/82)

SO ORDERED, this 25 day of February, 2008.


JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)