

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ANTHEM LEATHER INC.,

            Plaintiff,    :    CIVIL ACTION
                                       :    No. 08-cv-03509 (RJH)
    v.

KAMINO INT'L TRANSPORT, INC.    :    STIPULATION OF
                                       :    SETTLEMENT AND
            Defendant.    :    ORDER OF DISMISSAL
------------------------------------------------------------x

**THIS AGREEMENT** is made as of the date set forth below

BETWEEN

(1) Plaintiff, Anthem Leather Inc., ("Anthem") a corporation authorized to do business in the State of North Carolina, 512 Townsend Avenue, High Point, North Carolina 27263,

– and –

(2) Kamino International Transport, Inc., a corporation authorized to do business in the State of New York, 640 Airport South Parkway, Suite 400, Atlanta, GA 30349.

WHEREAS:

(a) On December 27, 2006, Anthem filed this action in the Northern District of Georgia alleging breach of contract, negligence, and gross negligence stemming from Kamino's failure to apply for refunds from the United States Government on behalf of Anthem (the "LITIGATION"); and

(b) On April 12, 2007, Kamino moved for dismissal or transfer of venue; and

(c) On February 25, 2008, the Northern District of Georgia ordered that the case was transferred to the United States Southern District of New York; and

(d) Anthem and Kamino now wish to settle and release each other of any and all liabilities and potential liabilities relating to or arising out of the LITIGATION; and

(e) The parties are interested in resolving the issues alleged in the complaint in this action, and have negotiated in good faith for that purpose; and



(f) None of the parties to the above-captioned action is an infant or incompetent person;

**NOW IN CONSIDERATION OF THE MUTUAL OBLIGATIONS AND PROMISES HEREINAFTER CONTAINED, IT IS AGREED, as follows:**

1. The parties hereby agree that the above-captioned action is dismissed and discontinued with prejudice, as to the named defendant, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

2. Kamino will pay Anthem the sum of $10,000 ("the settlement sum") by providing Goodman, McGuffey, Lindsey & Johnson with a check payable to "Anthem Leather, Inc."

3. In consideration of the payment of the sum stated in Paragraph 2, the settlement sum will be paid and received in full and final settlement of:

   (a) any and all claims and cross-claims asserted in the LITIGATION;

   (b) Anthem will withdraw any and all claims they may have against Kamino relating to the LITIGATION with prejudice;

4. Anthem and Kamino agree that jurisdiction concerning any suit or claim with respect to this release shall exist in the federal or state courts of the State of New York, United States of America.

5. Nothing in this Stipulation of Settlement shall be construed as an admission or concession of liability whatsoever by the Defendant regarding any of the allegations made by the Plaintiff in its Complaint.

6. Payment of the amount stated in Paragraph 2 above, will be made within twenty (20) days after the approval of this stipulation by the Court and receipt by Defendant's counsel of a copy of the fully executed Stipulation of Settlement as entered by the Court. In the event that the aforesaid payment is not made within the twenty (20) day period, interest shall accrue on the outstanding principal balance at the rate set forth in 28 U.S.C. § 1961 beginning on the twenty-first (21) day after receipt by Defendant's counsel of a copy of the fully executed Stipulation of Settlement.

7. Plaintiff further hereby irrevocably and perpetually covenants not to sue Defendant, its successors in interest, its past, present and futures assigns, officers, directors, subsidiaries, affiliates, insurers and underwriters, or otherwise seek recovery from such parties, for "Past Damages." "Past Damages" means any and all damages that have accrued on account of any and all actions that occurred before the effective date of this Stipulation of Settlement.

8. Plaintiff, in consideration of the sum in paragraph 2 specifically releases, waives, and forever discharges Defendant, its successors in interest, its past, present and future assigns, officers, directors, subsidiaries, affiliates, insurers and underwriters, from any claims, demands, actions, liabilities and causes of actions, of every kind and character, whether asserted or

unasserted, whether known or unknown, suspected or unsuspected, in law or in equity, regarding any matters related to, involved in, or concerning this LITIGATION, excepting only the obligations created by, and the representations, warranties and covenants made in this Stipulation of Settlement.

9. Defendant mutually hereby irrevocably and perpetually covenants not to sue Plaintiff, its successors in interest, its past, present and future assigns, officers, directors, subsidiaries, affiliates, insurers and underwriters, or otherwise seek recovery from such parties, for "Past Damages." "Past Damages" means any and all damages that have accrued on account of any and all action that has occurred before the effective date of this Stipulation of Settlement.

10. Defendant specifically releases, waives, and forever discharges Plaintiff, its successors in interest, its past, present and future assigns, officers, directors, subsidiaries, affiliates, insurers and underwriters, from any and all past claims, demands, actions, liabilities and causes of actions, of every kind and character, whether asserted or unasserted, whether known or unknown, suspected or unsuspected, in law or in equity, for any matters related to, involved in, or concerning this LITIGATION, excepting only the obligations created by, and the representations, warranties and covenants made in this Stipulation of Settlement.

11. The Parties agree to refrain from any activities amounting to commercial disparagement, injurious falsehood, or trade libel against Defendant or Plaintiff.

12. This Stipulation of Settlement and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except in an action or proceeding to enforce this Stipulation of Settlement.

13. This Stipulation of Settlement embodies the entire agreement of the parties in this matter.

**IN WITNESS WHEREOF,** the parties have duly executed this agreement on April 23, 2008.

*[Signatures on following page]*

**KAMINO INTERNATIONAL TRANSPORT INC.**

By: Joseph B Barnao Jr
    [type name here]
Its: Vice President
    [title]

*[signature]*

*[signature]*
Frances P. Hadfield (FH 5446)
GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP
399 Park Avenue, 25th Floor
New York, New York 10022
Tel. 212-557-4000

Sworn to and subscribed by me
this 25 day of April, 2008.

NOTARY PUBLIC
My Commission Expires: Sept 3 2010

CAROL A. KRUPSKAS
Notary Public, State of New York
No. 01KR5065274
Qualified in Nassau County
Commission Expires Sept. 3, 20 10

*Counsel for Kamino International Transport, Inc.*

**ANTHEM LEATHER, INC.**

By: *[signature]*
    [type name here]
Its: PRESIDENT
    [title]

*[signature]*

Sworn to and subscribed by me
this 6 day of May, 2008.

NOTARY PUBLIC
My Commission Expires: 12/19/08

Ratified as to form:

*[signature]*
David M. Abercrombie
GOODMAN, McGUFFEY,
LINDSEY & JOHNSON
3340 Peachtree Road NE
Suite 2100
Atlanta, GA 30326
Tel 404-264-1500

*Counsel for Anthem Leather, Inc.*

387264_2

Filed Electronically

SO ORDERED:

_____
United States District/~~Magistrate~~ Judge

Dated: New York, New York

_____May 12_____, 20 08

The Clerk is requested to close this case

387942_1